IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MOSAID TECHNOLOGIES INC., <br><br>   Plaintiff, <br><br> v. <br><br> ADOBE SYSTEMS, INC., ALCATEL-LUCENT USA, INC., INTERNATIONAL BUSINESS MACHINES CORP., JUNIPER NETWORKS, INC., NETAPP, INC., RED HAT, INC., AND VMWARE, INC. <br><br>   Defendants. | C.A. No.: _____ <br><br> JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff MOSAID Technologies Inc. ("MOSAID"), by and through its undersigned counsel, for its Complaint for Patent Infringement against the above-named Defendants hereby states:

THE PARTIES

1. Plaintiff MOSAID Technologies Inc. is a corporation subject to the laws of Canada with its principal place of business at 11 Hines Road, Suite 203, Ottawa, Ontario, Canada K2K 2X1. MOSAID's principal place of business in the United States is located at 5700 Granite Parkway, Suite 960, Plano, Texas 75024.

2. Defendant Adobe Systems, Inc. ("Adobe") is a Delaware corporation. Adobe may be served through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808. Adobe is authorized to do business in the State of Delaware, and regularly conducts such business within the State and within this judicial district by way of sales and distribution of its products and services, including those accused of infringement herein.

3. Defendant Alcatel-Lucent USA, Inc., ("Alcatel") is a Delaware corporation. Alcatel-Lucent may be served via its registered agent, Corporation Service Company 2711 Centerville Road, Suite 400, Wilmington, DE 19808. Alcatel is authorized to do business in the State of Delaware, and regularly conducts such business within the State and within this judicial district by way of sales and distribution of its products and services, including those accused of infringement herein.

4. Defendant International Business Machines Corp ("IBM") is a Delaware corporation. IBM may be served via its registered agent, the Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801. IBM is authorized to do business in the State of Delaware, and regularly conducts such business within the State and within this judicial district by way of sales and distribution of its products and services, including those accused of infringement herein.

5. Defendant Juniper Networks, Inc. ("Juniper") is a Delaware corporation. Juniper may be served via its registered agent, the Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, DE 19801. Juniper is authorized to do business in the State of Delaware, and regularly conducts such business within the State and within this judicial district by way of sales and distribution of its products and services, including those accused of infringement herein.

6. Defendant NetApp, Inc. ("NetApp") is a Delaware corporation. NetApp may be served via its registered agent, the Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801. NetApp is authorized to do business in the State of Delaware, and regularly conducts such business within the State and within this judicial district

by way of sales and distribution of its products and services, including those accused of infringement herein.

7.   Defendant Red Hat, Inc. ("Red Hat") is a Delaware corporation.  Red Hat may be served via its registered agent, the Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.  Red Hat is authorized to do business in the State of Delaware, and regularly conducts such business within the State and within this judicial district by way of sales and distribution of its products and services, including those accused of infringement herein.

8.   Defendant VMware, Inc. ("VMware") is a Delaware corporation.  VMware may be served via its registered agent, the Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.  VMware is authorized to do business in the State of Delaware, and regularly conducts such business within the State and within this judicial district by way of sales and distribution of its products and services, including those accused of infringement herein.

## JURISDICTION AND VENUE

9   This is an action for patent infringement arising under the provisions of the Patent Laws of the United States of America, Title 35, United States Code.

10.   Subject-matter jurisdiction over MOSAID's claims is conferred upon this Court by 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (patent jurisdiction).

11.   This Court has personal jurisdiction over Defendants because Defendants are subject to general jurisdiction in the State of Delaware.  Defendants also have established minimum contacts with the forum.  All Defendants are authorized to do business in the State of Delaware and regularly conduct such business.  Defendants manufacture, sell and/or offer to

sell—products, including the products specified herein, that are and have been used, offered for sale, sold and/or purchased in Delaware, including in this judicial district. Defendants—directly and/or through their distribution networks——place their infringing software and computer products within the stream of commerce, which stream is directed at this district. Therefore, the exercise of personal jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and §1400(b).

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,505,241

13. MOSAID reasserts and incorporates herein by reference the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

14. On January 7, 2003, U.S. Patent No. 6,505,241 (the "'241 Patent"), a copy of which is attached hereto as "Exhibit A," was duly and legally issued by the U. S. Patent and Trademark Office ("USPTO"). MOSAID is the owner by assignment of all right, title and interest in and to the '241 Patent, including all right to recover for any and all past infringement thereof.

15. Upon information and belief, Defendants Adobe, Alcatel, IBM, Juniper, and NetApp have in the past and continue to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '241 Patent by making, using, importing, selling and/or offering to sell, in this judicial district and elsewhere in the United States, software which is covered by at least one claim of the '241 Patent.

16. At a minimum, each of the following products made, used, sold and/or offered for sale by the above-referenced Defendants infringes one or more claims of the '241 Patent because each includes, among other things, a network infrastructure cache for providing proxy services to a plurality of workstations concurrently requesting access to data stored on a server, interconnect the client workstations and server by a network via which the client work stations transmit network-file-services-protocol requests to the server and having at least one network interface that connects to the network, a file-request service module for receiving via said network the network file services protocol requests transmitted by the client workstations, a cache from which said file request service module receives data, and a file request generation module for transmitting to the server requests for data received by the file request service module that is missing from said cache, and for receiving from the server network file services protocol responses that include data missing from said cache, and for transmitting such missing data to said cache for storage therein, and are therefore infringing one or more claims of the '241 Patent:

    a. Adobe Flash Memory Server;

    b. Alcatel Velocix Digital media Delivery Platform;

    c. IBM WebSphere Software;

    d. Juniper Media Flow;

    e. NetApp FlexCache;

    f. VMware vFabric GemFire Platform.

17. As a consequence of the infringement of the '241 Patent by the aforesaid Defendants, MOSAID is entitled to recovery of past damages in the form of, at a minimum, a reasonable royalty.

18. Upon information and belief, Defendants will continue to infringe the '241 Patent unless enjoined by this Court.

19. As a consequence of the infringement by Defendants complained of herein, MOSAID has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Defendants are enjoined by this Court from committing further acts of infringement.  In the event the Court determines that it will not enter injunctive relief, then it should require Defendants to pay damages for past infringement of the '241 Patent and royalties for their infringement of the '241 Patent on a going-forward basis.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 5,892,914

20. MOSAID reasserts and incorporates herein by reference the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

21. On April 6, 1999, U.S. Patent No. 5,892,914 (the "'914 Patent"), a copy of which is attached hereto as "Exhibit B," was duly and legally issued by the USPTO.  MOSAID is the owner by assignment of all right, title and interest in and to the '914 Patent, including all right to recover for any and all past infringement thereof.  The '241 Patent, and '914 Patent, are collectively referred to as the "Asserted Patents."

22. Upon information and belief, Defendant RedHat has in the past and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '914 Patent by making and using in this judicial district and elsewhere in the United States, a caching method which infringes at least one claim of the '914 Patent.  Importing, selling and/or offering to sell products and services which contribute to or induce the further making or using of said caching method by others with knowledge of the '914 Patent further infringes the '914 Patent.

23. At a minimum, each of the following products made, sold and/or offered for sale by the Defendant RedHat perform for Red Hat, when used for their intended purposes, the process for projecting an image of a stored dataset from one network distributed cache site to another in response to a request to access such dataset from a client site, and the process consisting of the steps described in the '914 Patent, and are and are therefore infringing one or more claims of the '914 Patent:

    a. RedHat Enterprise Linux with Resilient Storage Add-On;

    b. RedHat Enterprise Server V6;

24. RedHat performs the '914 Patent by using the methods described in one or more claims of the '914 Patent, and are therefore infringing one or more claims of the '914 Patent.

25. As a consequence of the infringement by Defendant RedHat complained of herein, MOSAID is entitled to recovery of past damages in the form of, at a minimum, a reasonable royalty.

26. Upon information and belief, Defendant RedHat will continue to infringe the '914 Patent unless enjoined by this Court.

27. As a consequence of the infringement by Defendants complained of herein, MOSAID has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Defendants are enjoined by this Court from committing further acts of infringement. In the event the Court determines that it will not enter injunctive relief, then it should require Defendants to continue to pay royalties for their infringement on a going-forward basis.

## PRAYER FOR RELIEF

WHEREFORE, MOSAID prays for entry of judgment and an order that:

(1) Defendants have infringed one or more of the claims of the Asserted Patents, either literally and/or under the doctrine of equivalents;

(2) Defendants account for and pay to MOSAID all damages, assessment of interest, and costs of MOSAID caused by Defendants' patent infringement;

(3) MOSAID be granted permanent injunctive relief pursuant to 35 U.S.C. § 283 enjoining Defendants, their officers, agents, servants, employees, affiliates and those persons in active concert of participation with them from further acts of patent infringement of the Asserted Patents;

(4) In the event the Court determines that it will not enter injunctive relief, Defendants continue to pay royalties to MOSAID for its infringement of the Asserted Patents on a going-forward basis;

(5) Defendants account for and pay for increased damages for willful infringement under 35 U.S.C. § 284;

(6) Costs and attorney's fees be awarded to MOSAID, as this is an exceptional case under 35 U.S.C. § 285; and

(7) MOSAID be granted such further and additional relief as the Court may deem just and proper under the circumstances.

DEMAND FOR JURY TRIAL

MOSAID demands trial by jury on all claims and issues so triable.

| | |
|---|---|
| August 9, 2011 | BAYARD, P.A. |
| OF COUNSEL: | */s/ Stephen B. Brauerman* <br> Richard D. Kirk (rk0922) |
| Steven G. Hill <br> Douglas R. Kertscher <br> HILL, KERTSCHER & WHARTON, LLP <br> 3350 Riverwood Parkway, Suite 800 <br> Atlanta, Georgia  30339 <br> 770.953.0995 | Stephen B. Brauerman (sb4952) <br> 222 Delaware Avenue, Suite 900 <br> P.O. Box 25130 <br> Wilmington, DE  19899 <br> rkirk@bayardlaw.com <br> sbrauerman@bayardlaw.com <br> (302) 655-5000 |
| | *Attorneys for Plaintiff Mosaid Technologies Inc.* |