## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MOSAID TECHNOLOGIES INC., | |
| Plaintiff, | |
| v. | C.A. No.: 1:11-cv-00698-GMS |
| ADOBE SYSTEMS, INC., ALCATEL-LUCENT USA, INC., INTERNATIONAL BUSINESS MACHINES CORP., JUNIPER NETWORKS, INC., RED HAT, INC., AND VMWARE, INC. | JURY TRIAL DEMANDED |
| Defendants. | |

## SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff MOSAID Technologies Inc. ("MOSAID"), by and through its undersigned counsel, for its Second Amended Complaint for Patent Infringement against the above-named Defendants hereby states:

### THE PARTIES

1.      Plaintiff MOSAID Technologies Inc. is a corporation subject to the laws of Canada with its principal place of business at 11 Hines Road, Suite 203, Ottawa, Ontario, Canada K2K 2X1.  MOSAID's principal place of business in the United States is located at 5700 Granite Parkway, Suite 960, Plano, Texas 75024.

2.      Defendant Adobe Systems, Inc. ("Adobe") is a Delaware corporation.  Adobe may be served through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.  Adobe is authorized to do business in the State of Delaware, and regularly conducts such business within the State and within this judicial district by way of sales and distribution of its products and services, including those accused of infringement herein.

3.      Defendant Alcatel-Lucent USA, Inc., ("Alcatel") is a Delaware corporation. Alcatel-Lucent may be served via its registered agent, Corporation Service Company 2711 Centerville Road, Suite 400, Wilmington, DE 19808.  Alcatel is authorized to do business in the State of Delaware, and regularly conducts such business within the State and within this judicial district by way of sales and distribution of its products and services, including those accused of infringement herein.

4.      Defendant International Business Machines Corp ("IBM") is a Delaware corporation.  IBM may be served via its registered agent, the Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.  IBM is authorized to do business in the State of Delaware, and regularly conducts such business within the State and within this judicial district by way of sales and distribution of its products and services, including those accused of infringement herein.

5.      Defendant Juniper Networks, Inc. ("Juniper") is a Delaware corporation.  Juniper may be served via its registered agent, the Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington, DE 19801.  Juniper is authorized to do business in the State of Delaware, and regularly conducts such business within the State and within this judicial district by way of sales and distribution of its products and services, including those accused of infringement herein.

6.      [Withdrawn.]

7.      Defendant Red Hat, Inc. ("Red Hat") is a Delaware corporation.  Red Hat may be served via its registered agent, the Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.  Red Hat is authorized to do business in the State of Delaware, and regularly conducts such business within the State and within this judicial district

2

by way of sales and distribution of its products and services, including those accused of infringement herein.

8.      Defendant VMware, Inc. ("VMware") is a Delaware corporation.  VMware may be served via its registered agent, the Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.  VMware is authorized to do business in the State of Delaware, and regularly conducts such business within the State and within this judicial district by way of sales and distribution of its products and services, including those accused of infringement herein.

## JURISDICTION AND VENUE

9       This is an action for patent infringement arising under the provisions of the Patent Laws of the United States of America, Title 35, United States Code.

10.     Subject-matter jurisdiction over MOSAID's claims is conferred upon this Court by 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (patent jurisdiction).

11.     This Court has personal jurisdiction over Defendants because Defendants are subject to general jurisdiction in the State of Delaware.  Defendants also have established minimum contacts with the forum.  All Defendants are authorized to do business in the State of Delaware and regularly conduct such business.  Defendants manufacture, sell and/or offer to sell—products and services, including the products and services specified herein, that are and have been used, offered for sale, sold and/or purchased in Delaware, including in this judicial district.  Defendants—directly and/or through their distribution networks——place their infringing software, computer products and related services within the stream of commerce, which stream is directed at this district.  Therefore, the exercise of personal jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

12.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and §1400(b).

<u>COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,505,241</u>

13.     [Withdrawn].

14.     [Withdrawn].

15.     [Withdrawn].

16.     [Withdrawn].

17.     [Withdrawn].

18.     [Withdrawn].

19.     [Withdrawn].

<u>COUNT II – INFRINGEMENT OF U.S. PATENT NO. 5,892,914</u>

20.     MOSAID reasserts and incorporates herein by reference the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

21.     On April 6, 1999, U.S. Patent No. 5,892,914 (the "'914 Patent") was duly and legally issued by the U.S. Patent and Trademark Office ("USPTO").  MOSAID is the owner by assignment of all right, title and interest in and to the '914 Patent, including all right to recover for any and all past infringement thereof.  The '914 Patent is attached hereto as "Exhibit 1," and each of the Defendants has been aware of the '914 Patent since at least as early as on or about August 2011, when each was served with the summons and complaint in this case.

22.     Upon information and belief, Defendant Red Hat has in the past and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '914 Patent by making and using in this judicial district and elsewhere in the United States, a caching method which

4

infringes at least one claim of the '914 Patent.  Importing, selling and/or offering to sell products and services which contribute to or induce the further making or using of said caching method by others with knowledge of the '914 Patent further infringes the '914 Patent.

23.     At a minimum, when used for their intended purposes, each of the following products and related services, which are made, used, sold and/or offered for sale by the Defendant Red Hat, perform the process for projecting an image of a stored dataset from one network distributed cache site to another in response to a request to access such dataset from a client site, and the process consisting of the steps described in the '914 Patent, and are and are therefore infringing one or more claims of the '914 Patent:

    a.     Red Hat Enterprise Linux with Resilient Storage Add-On;

    b.     Red Hat Enterprise Server V6;

24.     Red Hat performs the '914 Patent by using the methods described in one or more claims of the '914 Patent, and are therefore infringing one or more claims of the '914 Patent.  By way of illustration only, Red Hat has tested, demonstrated and developed true and accurate technical literature relating to the deployment of Red Hat Enterprise Linux with Resilient Storage Add-On and Red Hat Enterprise Server V6 in ways that have used the steps claimed in the '914 Patent.

25.     As a consequence of the infringement by Defendant Red Hat complained of herein, MOSAID is entitled to recovery of past damages in the form of, at a minimum, a reasonable royalty.

26.     Upon information and belief, Defendant Red Hat will continue to infringe the '914 Patent unless enjoined by this Court.

27.     Upon information and belief, Defendants Adobe, Alcatel, IBM, Juniper, and VMware have in the past and continue to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '914 Patent by making, using, importing, selling and/or offering to sell, in this judicial district and elsewhere in the United States, software, appliances and services which are covered by at least one caching method claim of the '914 Patent.  Importing, selling and/or offering to sell products and services which contribute to or induce the further making or using of said caching method by others with knowledge of the '914 Patent further infringes the '914 Patent.

28.     At a minimum, each of the following products and related services made, used, sold and/or offered for sale by each of the Defendants Adobe, Alcatel, IBM, Juniper, and VMware perform, when used for their intended purposes, the process for projecting an image of a stored dataset from one network distributed cache site to another in response to a request to access such dataset from a client site, including the process consisting of the steps described in one or more claims of the '914 Patent, and are therefore infringing one or more claims of the '914 Patent:

      a.     Adobe Flash Memory Server;

      b.     Alcatel Velocix Digital Media Delivery Platform;

      c.     IBM WebSphere Extreme Scale solution and related Datapower XC10 appliance;

      d.     Juniper Media Flow Solution and related Media Flow Controllers;

      e.     VMware vFabric GemFire Platform.

29.     By way of illustration only, upon information and belief, Adobe has tested,

demonstrated and developed true and accurate technical literature relating to the deployment of multiple interconnected Adobe Flash Memory Servers.  Such testing and demonstration constitute use of said servers in ways that have performed the steps claimed in the '914 Patent.

30.      By way of illustration only, upon information and belief, Alcatel has tested, demonstrated and developed true and accurate technical literature relating to the deployment of the Velocix Digital Media Delivery Platform.   Such testing and demonstration has included use of said platform in ways that have performed the steps claimed in the '914 Patent.

31.      By way of illustration only, upon information and belief, IBM has tested, demonstrated and developed true and accurate technical literature relating to the deployment of the WebSphere Extreme Scale solution and related Datapower XC10 appliance.   Such testing and demonstration has included the use of said solution and said appliance in ways that have performed the steps claimed in the '914 Patent.

32.      By way of illustration only, upon information and belief, Juniper has tested, demonstrated and developed true and accurate technical literature relating to the deployment of the Media Flow Solution and related Media Flow Controllers.   Such testing and demonstration has included the use of said solution and said controllers in ways that have performed the steps claimed in the '914 Patent.

33.      By way of illustration only, upon information and belief, VMware has tested, demonstrated and developed true and accurate technical literature relating to the deployment of the vFabric GemFire Platform.   Such testing and demonstration has included the use of said platform in ways that have performed the steps claimed in the '914 Patent.

34.      By way of illustration only, the aforesaid Defendants, with full knowledge of the '914 Patent, continues to provide online technical literature, user group support, and other forms

of technical support to other users of the aforesaid accused software solutions, platforms and related appliances, assisting said users to perform the steps claimed in the '914 Patent.

35.     By way of illustration only, the aforesaid Defendants, with full knowledge of the '914 Patent, continue to provide marketing and sales-related literature, relating to the aforesaid accused software solutions, platforms and related appliances, encouraging said users to perform the steps claimed in the '914 Patent.

36.     As a consequence of the infringement of the '914 Patent by the aforesaid Defendants, MOSAID is entitled to recovery of past damages in the form of, at a minimum, a reasonable royalty.

                COUNT III – INFRINGEMENT OF U.S. PATENT NO. 5,611,049

37.     MOSAID reasserts and incorporates herein by reference the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

38.     On March 11, 1997, U.S. Patent No. 5,611,049 (the "'049 Patent") was duly and legally issued by the USPTO.  MOSAID is the owner by assignment of all right, title and interest in and to the '049 Patent, including all right to recover for any and all past infringement thereof. The '049 Patent is attached hereto as "Exhibit 2," and each of the Defendants has been aware of the '049 Patent since at least as early as on or about August 2011, when each was served with the summons and complaint in this case, and, upon information and belief, commenced investigation into the patent portfolio at issue in this case.

39.     Upon information and belief, Defendant Red Hat has in the past and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '049 Patent by making and using  in this judicial district and elsewhere in the United States, a caching method which

infringes at least one claim of the '049 Patent.  Importing, selling and/or offering to sell products and services which contribute to or induce the further making or using of said caching method by others with knowledge of the '049 Patent further infringes the '049 Patent.

40.     At a minimum, when used for their intended purposes, each of the following products and related services, which are made, used, sold and/or offered for sale by the Defendant Red Hat, perform the process for projecting an image of a stored dataset from one network distributed cache site, the process consisting of the steps described in the '049 Patent, and are and are therefore infringing one or more claims of the '049 Patent:

a.      Red Hat Enterprise Linux with Resilient Storage Add-On;

b.      Red Hat Enterprise Server V6;

41.     Red Hat performs the '049 Patent by using the methods described in one or more claims of the '049 Patent, and are therefore infringing one or more claims of the '049 Patent.  By way of illustration only, Red Hat has tested, demonstrated and developed true and accurate technical literature relating to the deployment of Red Hat Enterprise Linux with Resilient Storage Add-On and Red Hat Enterprise Server V6 in ways that have used the steps claimed in the '049 Patent.

42.     As a consequence of the infringement by Defendant Red Hat complained of herein, MOSAID is entitled to recovery of past damages in the form of, at a minimum, a reasonable royalty.

43.     Upon information and belief, Defendant Red Hat will continue to infringe the '049 Patent unless enjoined by this Court.

44.     Upon information and belief, Defendants Adobe, Alcatel, IBM and Juniper have in the past and continue to infringe, directly, indirectly, literally, under the doctrine of

equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '049 Patent by making, using, importing, selling and/or offering to sell, in this judicial district and elsewhere in the United States, software, appliances and services which are covered by at least one caching method claim of the '049 Patent.  Importing, selling and/or offering to sell products and services which contribute to or induce the further making or using of said caching method by others with knowledge of the '049 Patent further infringes the '049 Patent.

45.     At a minimum, each of the following products and related services made, used, sold and/or offered for sale by each of the Defendants Adobe, Alcatel, IBM, and Juniper perform, when used for their intended purposes, the process for projecting an image of a stored dataset from one network distributed cache site to another in response to a request to access such dataset from a client site, including the process consisting of the steps described in one or more claims of the '049 Patent, and are therefore infringing one or more claims of the '049 Patent:

    a.       Adobe Flash Memory Server;

    b.       Alcatel Velocix Digital Media Delivery Platform;

    c.       IBM WebSphere Extreme Scale solution and related Datapower XC10 appliance;

    d.       Juniper Media Flow Solution and related Media Flow Controllers;

46.     By way of illustration only, upon information and belief, Adobe has tested, demonstrated and developed true and accurate technical literature relating to the deployment of multiple interconnected Adobe Flash Memory Servers.  Such testing and demonstration constitute use of said servers in ways that have performed the steps claimed in the '049 Patent.

47.     By way of illustration only, upon information and belief, Alcatel has tested, demonstrated and developed true and accurate technical literature relating to the deployment of the Velocix Digital Media Delivery Platform.   Such testing and demonstration has included use

of said platform in ways that have performed the steps claimed in the '049 Patent.

48.     By way of illustration only, upon information and belief, IBM has tested, demonstrated and developed true and accurate technical literature relating to the deployment of the WebSphere Extreme Scale solution and related Datapower XC10 appliance.   Such testing and demonstration has included the use of said solution and said appliance in ways that have performed the steps claimed in the '049 Patent.

49.     By way of illustration only, upon information and belief, Juniper has tested, demonstrated and developed true and accurate technical literature relating to the deployment of the Media Flow Solution and related Media Flow Controllers.   Such testing and demonstration has included the use of said solution and said controllers in ways that have performed the steps claimed in the '049 Patent.

50.     By way of illustration only, the aforesaid Defendants, with full knowledge of the '049 Patent, continues to provide online technical literature, user group support, and other forms of technical support to other users of the aforesaid accused software solutions, platforms and related appliances, assisting said users to perform the steps claimed in the '049 Patent.

51.     By way of illustration only, the aforesaid Defendants, with full knowledge of the '049 Patent, continue to provide marketing and sales-related literature, relating to the aforesaid accused software solutions, platforms and related appliances, encouraging said users to perform the steps claimed in the '049 Patent.

52.     As a consequence of the infringement of the '049 Patent by the aforesaid Defendants, MOSAID is entitled to recovery of past damages in the form of, at a minimum, a reasonable royalty.

COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 6,205,475

53.     MOSAID reasserts and incorporates herein by reference the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

54.     On March 20, 2001, U.S. Patent No. 6,205,475 (the "'475 Patent") was duly and legally issued by the USPTO.  MOSAID is the owner by assignment of all right, title and interest in and to the '475 Patent, including all right to recover for any and all past infringement thereof. The '475 Patent is attached hereto as "Exhibit 3," and each of the Defendants has been aware of the '475 Patent since at least as early as on or about August 2011, when each was served with the summons and complaint in this case, and, upon information and belief, commenced investigation into the patent portfolio at issue in this case.

55.     Upon information and belief, Defendants Adobe, IBM, Juniper, and VMware have in the past and continue to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '475 Patent by making, using, importing, selling and/or offering to sell, in this judicial district and elsewhere in the United States, data storage devices which are covered by at least one claim of the '475 Patent.  Importing, selling and/or offering to sell products which contribute to or induce the further making or using of said infringing storage devices by others with knowledge of the '475 Patent further infringes the '475 Patent.

56.     At a minimum, each of the following data storage devices and/or networks made, used, sold and/or offered for sale by each of the Defendants Adobe, Alcatel, IBM, Juniper, and VMware perform, when used for their intended purposes, operates as a data storage network including one or more devices for being disposed in a data transmission path between a destination node and a data source, wherein the destination node is operable to request a data file

from the data source by directing a request for a data file along the data transmission path, and further include each of the elements of at least one claim of the '475 Patent, and are therefore infringing one or more claims of the '475 Patent:

      a.      Adobe Flash Memory Servers;

      b.      IBM WebSphere Extreme Scale solution and Websphere servers;

      c.      Juniper Media Flow Solution and Media Flow Controllers;

      d.      VMware vFabric GemFire Platform and VM Gemfire Peers.

57.      As a consequence of the infringement of the '049 Patent by the aforesaid Defendants, MOSAID is entitled to recovery of past damages in the form of, at a minimum, a reasonable royalty.

### COUNT V – INFRINGEMENT OF U.S. PATENT NO. 6,804,706

58.      MOSAID reasserts and incorporates herein by reference the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

59.      On October 12, 2004, U.S. Patent No. 6,804,706 (the "'706 Patent") was duly and legally issued by the USPTO. MOSAID is the owner by assignment of all right, title and interest in and to the '706 Patent, including all right to recover for any and all past infringement thereof. The '706 Patent is attached hereto as "Exhibit 4," and each of the Defendants has been aware of the '706 Patent since at least as early as on or about August 2011, when each was served with the summons and complaint in this case, and, upon information and belief, commenced investigation into the patent portfolio at issue in this case.

60.      Upon information and belief, Defendant IBM has in the past and continue to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '706 Patent by making, using,

importing, selling and/or offering to sell, in this judicial district and elsewhere in the United

States, software, appliances and services which are covered by at least one caching method claim

of the '706 Patent.  Importing, selling and/or offering to sell products and services which

contribute to or induce the further making or using of said caching method by others with

knowledge of the '706 Patent further infringes the '706 Patent.

61.     At a minimum, the IBM WebSphere Extreme Scale solution made, used, sold

and/or offered for sale by Defendant IBM performs, when used for their intended purposes, a

method for projecting an image of a stored dataset from a network distributed cache ("NDC")

server terminator site into an NDC client terminator site in response to a request to access the

stored dataset transmitted from a client site to the NDC client terminator site, and for the client

site to overwrite at least a portion of the image of the stored dataset projected into the NDC client

terminator site, including the method consisting of the steps described in one or more claims of

the '706 Patent, and are therefore infringing one or more claims of the '706 Patent.

62.     By way of illustration only, upon information and belief, IBM has tested,

demonstrated and developed true and accurate technical literature relating to the deployment of

the WebSphere Extreme Scale solution and related Datapower XC10 appliance.   Such testing

and demonstration has included the use of said solution and said appliance in ways that have

performed the steps claimed in the '706 Patent.

63.     As a consequence of the infringement of the '706 Patent by the aforesaid

Defendants, MOSAID is entitled to recovery of past damages in the form of, at a minimum, a

reasonable royalty.

COUNT VI – INFRINGEMENT OF U.S. PATENT NO. 6,026,452

64.     MOSAID reasserts and incorporates herein by reference the allegations of all

preceding paragraphs of this Complaint as if fully set forth herein.

65.     On February 15, 2000, U.S. Patent No. 6,026,452 (the "'452 Patent") was duly and legally issued by the USPTO.  MOSAID is the owner by assignment of all right, title and interest in and to the '452 Patent, including all right to recover for any and all past infringement thereof.  The '452 Patent is attached hereto as "Exhibit 5," and each of the Defendants has been aware of the '452 Patent since at least as early as on or about August 2011, when each was served with the summons and complaint in this case, and, upon information and belief, commenced investigation into the patent portfolio at issue in this case.

66.     Upon information and belief, Defendant Red Hat has in the past and continue to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '452 Patent by making, using, importing, selling and/or offering to sell, in this judicial district and elsewhere in the United States, software, appliances and services which are covered by at least one caching method claim of the '452 Patent.  Importing, selling and/or offering to sell products and services which contribute to or induce the further making or using of said caching method by others with knowledge of the '452 Patent further infringes the '452 Patent.

67.     At a minimum, when used for its intended purpose, Red Hat's JBoss Enterprise Portal Platform and JBoss Enterprise Application Platform, each of which is made, used, sold and/or offered for sale by Red Hat, performs, performs a method for caching in the RAM of a digital computer system an image of a portion of data stored in a dataset that the computer system can access in response to a request to access such data, including the steps described in one or more claims of the '452 Patent, and are therefore infringing one or more claims of the '452 Patent.

68.     By way of illustration only, upon information and belief, Red Hat has tested, demonstrated and developed true and accurate technical literature relating to the deployment of the JBoss Enterprise Portal Platform and JBoss Enterprise Application Platform.   Such testing and demonstration has included the use of said solution and said appliance in ways that have performed the steps claimed in the '452 Patent.

69.     As a consequence of the infringement of the '452 Patent by the aforesaid Defendants, MOSAID is entitled to recovery of past damages in the form of, at a minimum, a reasonable royalty.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, MOSAID prays for entry of judgment and an order that:

(1)     Defendants have infringed one or more of the claims of the '914 Patent, '049 Patent, '475 Patent, 706 Patent and/or the '452 Patent (collectively, the "Asserted Patents"), either literally and/or under the doctrine of equivalents;

(2)     Defendants account for and pay to MOSAID all damages, assessment of interest, and costs of MOSAID caused by Defendants' patent infringement of the Asserted Patents;

(3)     MOSAID be granted permanent injunctive relief pursuant to 35 U.S.C. § 283 enjoining Defendants, their officers, agents, servants, employees, affiliates and those persons in active concert of participation with them from further acts of patent infringement of the Asserted Patents;

(4)     In the event the Court determines that it will not enter injunctive relief, Defendants continue to pay royalties to MOSAID for its infringement of the Asserted Patents on a going-forward basis;

(5)     Defendants account for and pay for increased damages for willful infringement under 35 U.S.C. § 284;

(6)     Costs and attorney's fees be awarded to MOSAID, as this is an exceptional case under 35 U.S.C. § 285; and

(7)     MOSAID be granted such further and additional relief as the Court may deem just and proper under the circumstances.

DEMAND FOR JURY TRIAL

MOSAID demands trial by jury on all claims and issues so triable.


November 11, 2011

OF COUNSEL:

Steven G. Hill
Douglas R. Kertscher
HILL, KERTSCHER & WHARTON, LLP
3350 Riverwood Parkway, Suite 800
Atlanta, Georgia  30339
770.953.0995

BAYARD, P.A.

*/s/ Stephen B. Brauerman*
Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
(302) 655-5000

*Attorneys for Plaintiff Mosaid Technologies Inc.*