# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MOSAID TECHNOLOGIES INC., <br><br> Plaintiff, <br><br> v. <br><br> ADOBE SYSTEMS, INC., ALCATEL-LUCENT USA, INC., APPLE, INC., INTERNATIONAL BUSINESS MACHINES CORP, JUNIPER NETWORKS, INC., RED HAT, INC., AND VMWARE, INC. <br><br> Defendants. | C.A. No.: 11-698-GMS <br><br> JURY TRIAL DEMANDED |

## OPENING BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND

December 12, 2011

OF COUNSEL:

Steven G. Hill
Douglas R. Kertscher
HILL, KERTSCHER & WHARTON, LLP
3350 Riverwood Parkway, Suite 800
Atlanta, Georgia  30339
770.953.0995

BAYARD, P.A.

Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
(302) 655-5000

*Attorneys for Plaintiff Mosaid Technologies Inc.*

## TABLE OF CONTENTS

**Page**

I. NATURE AND STAGE OF PROCEEDINGS AND STATEMENT OF FACTS ................ 4

II. SUMMARY OF ARGUMENT ................................................................................... 5

III. ARGUMENT ............................................................................................................... 5

IV. CONCLUSION ........................................................................................................... 7

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Dole v. Arco Chemical Co.*,
   921 F.2d 484 (3d Cir. 1990) ............................................................................................. 5, 6

*Foman v. Davis*,
   371 U.S. 178, 9 L. Ed. 222, 83 S. Ct. 227 (1963) .................................................................. 6

*Jackson v. Taylor*,
   2010 U.S. Dist. LEXIS 76573 (D. Del. 2010) ....................................................................... 6

*Sulzer Testil A.G. v. Picanol N.V.*,
   358 F.3d 1356 (Fed. Cir. 2004) ............................................................................................. 5

**OTHER AUTHORITIES**

District of Delaware Local Rule 15.1 ........................................................................................... 4

Federal Rule of Civil Procedure 15(a) ................................................................................. 5, 6, 7

Federal Rule of Civil Procedure 16 .............................................................................................. 6

Federal Rule of Civil Procedure 26 .............................................................................................. 6

I.     **NATURE AND STAGE OF PROCEEDINGS AND STATEMENT OF FACTS**

This is an action for patent infringement. Plaintiff filed the within action on August 9, 2011 (*See* D.I. No. 1 [Plaintiff's Complaint for Patent Infringement]), and filed a First Amended Complaint on October 6, 2011 (*See* D.I. No. 16 [Plaintiff's First Amended Complaint for Patent Infringement]). The First Amended Complaint was filed in part to withdraw allegations of infringement of one particular patent, and to dismiss one particular defendant, in light of information that the Defendants' counsel shared with Plaintiff's counsel. The First Amended Complaint alleged that Defendants' accused products and related processes (hereinafter "accused products") set forth in the original complaint project images from network distributed cache sites in a manner that infringes one or more claims of the '914 patent. (*Id.*). Plaintiff consented to extensions of time for each Defendant to file a responsive pleading; therefore, none of the Defendants has filed an Answer at this time to the Complaint or the First Amended Complaint.

Plaintiff now files the present Motion seeking leave to file a Second Amended Complaint (filed November 11, 2011 as D.I. No.33) to add additional infringement allegations relating to the same accused products that are already in the case; based upon Plaintiff's continuing investigation of these products. These additional allegations arise out the fact that these accused products also are also believed to infringe additional patents which are related to the '914 patent. No new parties (or even new products for that matter) are sought to be added by this proposed amendment.[1] When Plaintiff realized that it had grounds to assert these additional patents against the same accused products as those set forth in the First Amended Complaint, it prepared the Second Amended Complaint, which was filed with the Court and served upon all parties on

---

[1] In accordance with Local Rule 15.1, the Second Amended Complaint is attached to the Motion for Leave as Exhibit "A" and a form of the Second Amended Complaint indicating the manner in which it differs from the First Amended Complaint is attached as Exhibit "B."

November 11, 2011, to give Defendants and the Court prompt notice of these additional infringement claims. Plaintiff has attempted to obtain Defendants' consent to the filing of the Second Amended Complaint, but Defendants have refused to consent, or to offer any basis for this refusal, making the instant motion necessary.[2]

As stated, Plaintiff has sought Defendants' consent to a stipulation relating to the November 11, 2011 filing of the Second Amended Complaint in the hopes of avoiding the need to trouble this Court with early procedural motion practice of this sort, but thus far only Defendant VMWare, Inc. indicated consent. Plaintiff has formally requested information about the other defendants' positions relating to this matter, but no defendant has explained why it will not consent to the proposed amendment to the pleadings.

## II.    SUMMARY OF ARGUMENT

This case is relatively near its inception, as Defendants have not yet filed a responsive pleading. The Third Circuit,[3] in applying Rule 15(a), liberally allows amendments unless to do so would prejudice a nonmoving party. *See, e.g., Dole v. Arco Chemical Co.*, 921 F.2d 484 (3d Cir. 1990). Allowing amendment at this early stage will cause no prejudice to the Defendants; therefore, the Court should allow the Second Amended Complaint.

## III.   ARGUMENT

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading with the opposing party's written consent or with the leave of Court. Plaintiff has been unable to

---

[2]  A chronology of Plaintiff's attempts to obtain Defendants' consent to the filing of the Second Amended Complaint is attached as Exhibit "C".

[3]  In matters of procedure, the Federal Circuit applies the law of the regional circuit in which the district court lies, unless the pertinent issue is unique to patent law. *See Sulzer Testil A.G. v. Picanol N.V.*, 358 F.3d 1356, 1363 (Fed. Cir. 2004).

secure the consent of all Defendants to amend the Complaint; therefore, Plaintiff has filed the present Motion.

Rule 15(a) also states that "[t]he court should freely give leave when justice so requires." The Third Circuit has followed this mandate, adopting a policy of liberally allowing amendment unless certain extraordinary circumstances exist. *See Dole v. Arco Chemical Co.*, 921 F.2d 484, 487 (3d Cir. 1990) (noting that the Third Circuit uses "strong liberality" in determining whether amendment should be permitted).

Leave to amend is properly denied only when there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182, 9 L. Ed. 222, 83 S. Ct. 227 (1963)). Absent a showing of one of these circumstances, leave to amend should ordinarily be allowed. *Jackson v. Taylor*, 2010 U.S. Dist. LEXIS 76573 (D. Del. 2010).

The primary consideration in determining whether to allow amendment is whether the amendment will prejudice the nonmoving party. *Dole*, 921 F.2d at 488. "A mere claim of prejudice is not sufficient; there must be some showing that [the nonmoving party] 'was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely.'" *Id.*

In the present case, allowing an amendment will cause no conceivable prejudice to the Defendants. In fact, Defendants have not even filed response to the prior Complaints, as Plaintiff agreed, with the approval of the Court, to extend the deadline to file responsive pleadings. The parties have not conducted any Rule 26 conferences, the Court has not held a Rule 16 conference, and no scheduling order has been entered or discussed. Most recently, after the

Second Amended Complaint was filed on November 11, 2011, the time for responsive pleadings was extended, by stipulation, through and including December 23, 2011. (D.I. 37.). During that time, Plaintiff hoped that all Defendants would agree to consent to the filing of the Second Amended Complaint; however, not all Defendants have so consented. Under these circumstances, pursuant to the language of Rule 15(a) and the Third Circuit's policy in favor of liberally allowing amendments when no prejudice will result, Plaintiff's Motion for Leave to Amend should be granted.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff asks that its Motion for Leave to Amend be granted, and that Plaintiff's Second Amended Complaint, filed November 11, 2011, to be filed *nunc pro tunc* as a matter of record in these proceedings with said leave.

| | |
|---|---|
| December 12, 2011 | BAYARD, P.A. |
| OF COUNSEL: | */s/ Stephen B. Brauerman* <br> Richard D. Kirk (rk0922) |
| Steven G. Hill <br> Douglas R. Kertscher <br> HILL, KERTSCHER & WHARTON, LLP <br> 3350 Riverwood Parkway, Suite 800 <br> Atlanta, Georgia 30339 <br> 770.953.0995 | Stephen B. Brauerman (sb4952) <br> 222 Delaware Avenue, Suite 900 <br> P.O. Box 25130 <br> Wilmington, DE 19899 <br> rkirk@bayardlaw.com <br> sbrauerman@bayardlaw.com <br> (302) 655-5000 |
| | *Attorneys for Plaintiff Mosaid Technologies Inc.* |