IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MOSAID TECHNOLOGIES, INC, <br><br> Plaintiff, <br><br> v. <br><br> ADOBE SYSTEMS, INC., ALCATEL-LUCENT USA, INC., INTERNATIONAL BUSINESS MACHINES CORP., JUNIPER NETWORKS, INC., RED HAT, INC., AND VMWARE, INC. <br><br> Defendants. | C.A. No.:   11-698-GMS |

**OPENING BRIEF IN SUPPORT OF DEFENDANT VMWARE'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT, AND MOTION TO STRIKE**

YOUNG CONAWAY STARGATT
& TAYLOR, LLP
Adam W. Poff (No. 3990)
Pilar G. Kraman (No. 5199)
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
apoff@ycst.com
pkraman@ycst.com

*Attorneys for VMware, Inc.*

*Of Counsel:*

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
I. Neel Chatterjee
Karen G. Johnson-McKewan
Monte M.F. Cooper
Stacey E. Stillman
Jason K. Yu
1000 Marsh Road
Menlo Park, CA  94025
Telephone: (650) 614-7400

Dated: December 23, 2011

## TABLE OF CONTENTS

**Page**

I.     NATURE AND STAGE OF PROCEEDINGS ................................................................. 1

II.    SUMMARY OF ARGUMENT ................................................................................. 1

III.   STATEMENT OF FACTS ....................................................................................... 3

    A.   MOSAID's Complaint .................................................................................. 3

    B.   MOSAID's First Amended Complaint ........................................................... 4

    C.   MOSAID's Second Amended Complaint ........................................................ 5

IV.    LEGAL STANDARD ............................................................................................ 6

V.     ARGUMENT ....................................................................................................... 7

    A.   MOSAID's First Amended Complaint Fails To State A Claim For Direct
        Infringement And Should Be Dismissed As to VMware ..................................... 7

    B.   MOSAID's First Amended Complaint Fails To State A Claim For Indirect
        Infringement And Should Be Dismissed As To VMware .................................... 9

    C.   In The Alternative, MOSAID Should Be Required To Provide A More
        Definite Statement Of Its Infringement Allegations Against VMware ............... 10

    D.   The Court Should Strike MOSAID's Requests For Enhanced Damages
        And Attorneys' Fees As To VMware ............................................................ 11

VI.    CONCLUSION ................................................................................................... 13

# TABLE OF AUTHORITIES

**Page**

CASES

Ashcroft v. Iqbal,
129 S. Ct. 1937 (2009) .................................................................................................6, 7, 9

Bell Atl. Corp. v. Twombly,
550 U.S. 544 (2007) ......................................................................................................6, 7, 9

Delaware Health Care, Inc. v. MCD Holding Co.,
893 F. Supp. 1279 (D. Del. 1995) ............................................................................12

Eidos Commc'ns, LLC v. Skype Techs. SA,
686 F. Supp. 2d 465 (2010) .......................................................................................8

Eon Corp. IP Holdings LLC v. FLO TV Inc.,
Case No. 10-812-SLR, 2011 WL 2708945 (D. Del. July 12, 2011)....................9, 10

Epcon Gas Sys. Inc. v. Bauer Compressors, Inc.,
279 F.3d 1022 (Fed. Cir. 2002)...............................................................................3, 13

Global-Tech Appliances, Inc. v. SEB S.A.,
131 S. Ct. 2060 (2011) ..............................................................................................9

Lucent Techs. v. Gateway, Inc.,
580 F.3d 1301 (Fed. Cir. 2009)...............................................................................2, 7

Mallinckrodt Inc. v. E-Z-EM Inc.,
670 F.Supp. 2d 349 (D. Del. 2009) (Farnan, J.) .........................................................3, 9, 10

Miller v. Eagle Mfg. Co.,
151 U.S. 186 (1894).....................................................................................................4

In re Seagate Technology, LLC,
497 F.3d 1360 (Fed. Cir. 2007).................................................................................12

St. Clair Intellectual Property Consultants, Inc. v. Apple Inc., Slip Copy,
Case No. 10-00982-LPS, 2011 WL 45718112 (D. Del. Sept. 30, 2011) (Stark, J.) ...............11

Xpoint Techs., Inc. v. Microsoft Corp.,
730 F. Supp. 2d 349 (D. Del. 2010) (Robinson, J) .....................................................3, 8, 9, 10

**TABLE OF AUTHORITIES**
(continued)

**Page**

**STATUTES**

35 U.S.C. § 271 (b) ...................................................................................................................9

35 U.S.C. § 271(c) ..............................................................................................................9, 10

35 U.S.C. § 284 ................................................................................................................3, 11

35 U.S.C. § 285 ................................................................................................................3, 11

35 U.S.C. § 299 ......................................................................................................................5

**OTHER AUTHORITIES**

Fed. R. Civ. P. 11 ..............................................................................................................4, 8

Fed. R. Civ. P. 12(e) ..............................................................................................................11

Fed. R. Civ. P. 12(f) ...............................................................................................................12

Fed. R. Civ. P. 15(a)(2) ...........................................................................................................5

Fed. R. Civ. P. 8(a)(2) .............................................................................................................6

Fed. R. Civ. P. 12(b)(6) ..........................................................................................................6

U.S. Patent No. 5,892,914 ............................................................................... *passim*

U.S. Patent No. 6,505,241 ............................................................................... *passim*

## I.     NATURE AND STAGE OF PROCEEDINGS

On August 9, 2011, Plaintiff MOSAID Technologies, Inc. ("MOSAID") filed its

Complaint against VMware and other defendants.  D.I. 1.  MOSAID alleged the defendants

infringed either U.S. Patent No. 5,892,914 (the "'914 Patent") or No. 6,505,241 (the "'241

Patent").  As to VMware, the Complaint alleged that it infringed only the '241 Patent and not the

'914 Patent.  On October 6, 2011, MOSAID filed a First Amended Complaint, in which it

withdrew altogether allegations of infringement of the '241 Patent, but for the first time accused

VMware of infringing the '914 Patent.  D.I. 16.  On November 23, 2011, the parties stipulated to

extend the time for responding to the First Amended Complaint until December 23. D.I. 37.

On November 11, 2011, MOSAID attempted to file a Second Amended Complaint

without leave of Court.  D.I. 33.  A month later, upon learning the defendants would not stipulate

to the filing, MOSAID filed a motion for leave to amend its First Amended Complaint.  D.I. 39.

MOSAID refused defendants' request to postpone responses to the First Amended Complaint

until after the motion for leave to file the Second Amended Complaint could be resolved, thus

necessitating briefing on motions to dismiss a pleading that MOSAID hopes will be inoperative.

On December 19, 2011, the defendants moved for an extension of the deadline to respond to the

First Amended Complaint until 14 days after MOSAID's motion for leave to file the Second

Amended Complaint is resolved.  D.I. 41.

## II.     SUMMARY OF ARGUMENT

1.     Although MOSAID's First Amended Complaint purports to allege direct, induced

and contributory infringement of the '914 Patent against VMware, it fails adequately to plead

key factual elements necessary to sustain those causes of action.  This failure is a direct

consequence of MOSAID's rushed attempt to redraft the original complaint to keep VMware and

other defendants in the action, despite having no reasonable basis for doing so.

2.      MOSAID's original Complaint alleged that VMware infringed only the '241 patent and not the '914 patent.   D.I. 1.   On September 27, 2011, the defendants informed MOSAID that the '241 Patent is invalid on its face because of statutory double-patenting. Declaration of Stacey E. Stillman in Support of VMware's Motion to Dismiss for Failure to State a Claim ("Stillman Decl."), Ex. A.   The following week, MOSAID re-drafted and filed a First Amended Complaint to drop all allegations regarding that patent.   D.I. 16.   MOSAID did not drop VMware from the action, however; its First Amended Complaint alleged for the first time—without any apparent investigation—that VMware infringes the only remaining patent in the suit, the '914 Patent.   Due to substantial differences between the '241 Patent and the '914 Patent as well as MOSAID's apparent lack of investigation of its new allegations against VMware, MOSAID has failed to state claims for direct infringement, indirect infringement, or willfulness.   All infringement claims against VMware must therefore be dismissed and MOSAID's prayer for relief alleging willful infringement must be stricken as to VMware.

3.      MOSAID's First Amended Complaint does not state a claim for direct infringement of the '914 Patent because it only alleges that VMware infringes the *method* claims of the '914 Patent, unlike the *apparatus* claims of the '241 patent.   Accordingly, as MOSAID recognized in its First Amended Complaint, the accused products do not infringe when they are made or sold, but only when they are "used for their intended purpose."   D.I. 16 at ¶ 28; *Lucent Techs. v. Gateway, Inc.*, 580 F.3d 1301, 1317 (Fed. Cir. 2009).   Because it is VMware's customers, and not VMware itself, who use accused products for their intended purpose, VMware cannot be found liable for direct infringement.    That claim must be dismissed as to VMware.

4.     The First Amended Complaint also fails to state claims for contributory and induced infringement.  In order to plead such claims, MOSAID must allege that VMware had knowledge of the patent-in-suit at the time of the allegedly infringing activity.  *Mallinckrodt Inc. v. E-Z-EM Inc.*, 670 F.Supp. 2d 349, 354 (D. Del. 2009) (Farnan, J.).  The First Amended Complaint fails to allege that VMware had such knowledge.  Instead, it only alleges facts showing that VMware became aware of the patent upon the filing of this action.  D.I. 16 at ¶ 21. This allegation is insufficient and MOSAID's claims for induced and contributory infringement must therefore be dismissed.  *Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 357 (D. Del. 2010) (Robinson, J) ("knowledge after filing of the present action is not sufficient").

5.     Finally, MOSAID has failed to allege facts sufficient to support its prayer for relief, which requests a finding that VMware has willfully infringed under 35 U.S.C. § 284 and a finding that this constitutes an exceptional case under 35 U.S.C. § 285.  As to the finding of willful infringement, nowhere in the factual allegations does MOSAID claim that VMware's infringement has been willful.  Indeed, the fact that VMware was not aware of the '914 Patent until the filing of this action prevents such a claim.  As to the finding that this is an exceptional case, MOSAID has not alleged any facts that would indicate "litigation misconduct; vexatious, unjustified, ant otherwise bad faith litigation; a frivolous lawsuit or willful infringement," which is required for such a finding.  *Epcon Gas Sys. Inc. v. Bauer Compressors, Inc.*, 279 F.3d 1022, 1034 (Fed. Cir. 2002).  Accordingly, the Court should strike these requests from the prayer for relief.

## III.     STATEMENT OF FACTS

### A.     MOSAID's Complaint

MOSAID filed its Complaint on August 9, 2011, against seven defendants.  D.I. 1. MOSAID alleged that each defendant has infringed either U.S. Patent No. 6,505,241 (the "'241

Patent") or U.S. Patent No. 5,892,914 (the "'914 Patent").  *Id.*  The Complaint accused six of the seven defendants, including VMware, of infringing the '241 Patent, which contains *apparatus* claims for a type of "network infrastructure cache."  *See id.* at ¶¶ 15-16 & Ex. A.  For each defendant accused of infringing the '241 patent, the Complaint identified an allegedly infringing product.  *Id.* at ¶ 16.

The Complaint only accused one defendant, RedHat, Inc., of infringing the *method* claims of the '914 Patent, which claim a process for "projecting an image of a stored data set from a [Network Distributed Cache] server terminator."  *Id.* at ¶ 22, Ex. B.  Accordingly, at the time of the original Complaint, MOSAID did *not* allege that VMware—or any defendant other than RedHat—infringed the method claims of the '914 Patent.

## B.    MOSAID's First Amended Complaint

On September 27, 2011, the defendants informed MOSAID that the '241 Patent is facially invalid for double patenting.[1]  Stillman Decl., Ex. A.  Just over one week later, on October 6, 2011, MOSAID filed its First Amended Complaint, which withdrew all allegations related to the '241 Patent.  D.I. 16 at ¶¶ 13-19.  To keep VMware and four other defendants in the action, MOSAID's First Amended Complaint added these defendants to its '914 Patent infringement allegations.[2]  *Id.* at ¶ 28.

---

[1] Specifically, during prosecution of the '241 Patent, the purported owner dedicated the entire term of the patent to the public.  Stillman Dec., Ex. A at p. 3.  Further, the prosecuting attorney copied the claims of the '241 Patent word-for-word from a different patent in the portfolio, rendering those claims invalid.  *See Miller v. Eagle Mfg. Co.*, 151 U.S. 186 (1894).

[2] Before filing the original Complaint, MOSAID was required to conduct a reasonable inquiry into its allegations against Defendants.  Fed. R. Civ. P. 11.  In the original Complaint, MOSAID alleged that VMware and other defendants infringed the '241 Patent but not the '914 Patent.  *See* D.I. 1.  It is unclear what additional investigation MOSAID performed in the week after defendants notified it of its double patenting problem and the date MOSAID filed the First Amended Complaint to warrant the new allegations that VMware and other defendants infringe the '914 Patent.

The patent claims asserted in the First Amended Complaint are substantially different from the claims asserted in the original Complaint.  The original complaint asserted apparatus claims contained in the '241 Patent while the First Amended complaint asserts only method claims contained in the '914 Patent.[3]  Though VMware is now alleged to have infringed the method claims of the '914 Patent, MOSAID's infringement allegations against it in the First Amended Complaint are virtually unchanged from the allegations in the original Complaint.  Indeed, the products that MOSAID originally accused of infringing the apparatus claims of the '241 are now alleged to infringe the method claims of the '914 Patent "when used for their intended purposes."  D.I. 16 at ¶ 28.  MOSAID simply replaced allegations that defendants infringed the '241 Patent with allegations that the same defendants and the same products infringed the '914 Patent.  Because of the differences between the claims of the two patents, the new allegations fail to adequately state a claim for infringement.

### C.    MOSAID's Second Amended Complaint

On November 11, 2011, MOSAID attempted to file a Second Amended Complaint, adding allegations of infringement related to four patents that had not been included in either the First Amended Complaint or the original complaint.  D.I. 33.  Defendants objected to the filing because it was improper without leave of Court.[4]  Fed. R. Civ. P. 15(a)(2).  As a result, on December 12, 2011, MOSAID filed a motion for leave to amend the First Amended Complaint.

---

[3] The First Amended Complaint only alleges that defendants infringe the *method* claims of the '914 Patent.  Specifically it alleges that defendants infringe by making, selling, or using products or services "covered by at least one caching method claim of the '914 Patent."  D.I. 16 ¶ 27; ¶ 28 (alleging that defendants' products perform "the process consisting of steps described in or more claims of the '914 Patent"); *Id.* at ¶ 33 (alleging on information and belief that VMware has "performed the steps claimed in the '914 Patent.").

[4] The addition of four completely new patents also constituted essentially a new action—one filed after the newly signed America Invents Act which codified existing case law prohibiting the joinder of defendants in a patent case simply because they are infringing the same patent. 35 U.S.C. § 299.  Defendants' Motion to Sever Claims for Improper Joinder, filed December 23, 2011, more fully addresses this issue.

D.I. 39.  While this motion is pending, Defendants have asked MOSAID to stipulate to extend the time to respond to the First Amended Complaint until the Court determines which complaint will constitute the operative pleading.  MOSAID has declined to do so.  On December 19, 2011 Defendants moved the Court to extend the time to respond in light of MOSAID's refusal to stipulate.  D.I. 41.  The Court has not ruled on that motion.

IV.    **LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal quotations omitted).  Accordingly, to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege sufficient facts to state a facially plausible claim.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.   []  The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully.

*Iqbal,* 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556 & 570).

In ruling on a motion pursuant to Rule 12(b)(6), the Court may begin first by identifying allegations that are mere legal conclusions, which are not entitled to an assumption of truth. *Iqbal*, 129 S. Ct. at 1950 ("[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."); *Twombly*, 550 U.S. at 555 ("on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual

allegation"). Such "formulaic recitation[s] of the elements of a cause of action will not do," and should be disregarded. *Twombly*, 550 U.S. at 555.

Next, the court should accept as true any well-pled factual allegations, and then determine whether those facts plausibly give right to relief. *Iqbal*, 129 S. Ct. at 1949. However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level …." *Twombly*, 550 U.S. at 555 (citation omitted). Plaintiffs must push "their claims across the line from conceivable to plausible" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570.

## V. ARGUMENT

### A. MOSAID's First Amended Complaint Fails To State A Claim For Direct Infringement And Should Be Dismissed As to VMware

MOSAID fails to state a claim for direct infringement against VMware because it does not adequately allege that VMware *itself* performs the steps of the asserted claims of the '914 Patent. Only one who performs all of the steps of a claimed method may be liable for infringement. *Lucent*, 580 F.3d at 1317 ("To infringe a method claim, a person must have practiced all steps of the claimed method."). The First Amended Complaint does not meet this requirement.

The First Amended Complaint alleges that VMware's customers, and not VMware, perform the steps of the '914 Patent. Specifically, it alleges that VMware sells a product that performs the steps "when used for its intended purpose." D.I. 16 at ¶ 28 ("At a minimum, . . . [VMware vFabric GemFire Platform and related GemFire Servers] perform, when used for their intended purposes, the process . . . consisting of the steps described in one or more claims of the '914 Patent."). While making and selling such a product may have been alleged to constitute direct infringement of the '241 Patent's apparatus claims, it does not suffice for the method

7

claims at issue here.  Because the First Amended Complaint does not allege that VMware actually uses the accused product itself, it cannot be found liable for direct infringement.

MOSAID's allegation, upon information and belief, that VMware infringes by "making, using, importing, selling, and/or offering to sell" the accused products is insufficient to adequately plead VMware's use of the accused product.  D.I. 16 at ¶ 27.  This allegation is merely speculative and is not supported by further factual allegations.  *See Xpoint*, 730 F. Supp. 2d at 357 n. 11 ("Plaintiffs' use of language such as 'directly *and/or* indirectly' infringing, without further support . . . is also disfavored by the court.") (emphasis added); *Eidos Commc'ns, LLC v. Skype Techs. SA*, 686 F. Supp. 2d 465, 469 (2010) ("Plaintiffs have not guided the course of discovery in this action by utilizing conditional language throughout their complaint"); *compare with* Federal Rule of Civil Procedure Form 18 ("The defendant has infringed and is still infringing by making, selling, *and* using electric motors that . . . .").

Similarly, MOSAID's allegation that, "*[b]y way of illustration only, upon information and belief*, VMware has tested, demonstrated and developed true and accurate literature relating to the deployment of the [accused product]" is purely speculative, and should be disregarded. D.I. 16 at ¶ 33 (emphasis added).  This allegation was not present in the original Complaint.  *See* D.I. 1.  Rather, MOSAID added this language for the sole purpose of improperly holding VMware and other defendants in this action after discovering that the '241 Patent is invalid. MOSAID's use of the phrase "on information and belief" cannot save its speculative claim, especially where MOSAID has not performed a reasonable investigation of the facts.  *See* Fed. R. Civ. P. 11 *adv. committee notes* (1993) ("Tolerance of factual contentions … made on information and belief does not relieve litigants from the obligation to conduct an appropriate

investigation into the facts …. [I]t is not a license to … make claims … without any factual basis or justification.") (emphasis added).

Accordingly, as *Iqbal* and *Twombly* require, the court should discard MOSAID's conclusory and speculative allegations. Such allegations do nothing to move MOSAID's claim for direct infringement "from conceivable to plausible." The direct infringement claims should be dismissed as against VMware.

**B.**     <u>MOSAID's First Amended Complaint Fails To State A Claim For Indirect Infringement And Should Be Dismissed As To VMware</u>

MOSAID also fails to state a claim for *indirect* infringement—either contributory or induced—because it does not adequately allege that VMware had the requisite knowledge of the '914 Patent at the time of infringement.[5]

Liability for induced infringement requires that the alleged infringer "actively induces infringement of a patent." 35 U.S.C. § 271(b). In order to "actively induce" infringement, the alleged infringer must, at a minimum, have knowledge of the patent and be aware that the alleged acts constitute infringement of that patent. *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2067 (2011). To survive a motion to dismiss, a plaintiff must allege the requisite knowledge of the patent-in-suit "at the time [of] . . . the allegedly infringing activities . . . ." *E.g.*, *Mallinckrodt*, 670 F. Supp. 2d at 354; *Xpoint*, 730 F. Supp. 2d 349 at 357 ("knowledge [of the patent] *after* filing of the present action is not sufficient for pleading the requisite knowledge for indirect infringement") (emphasis added); *Eon Corp. IP Holdings LLC v. FLO TV Inc.*, Case No. 10-812-SLR, 2011 WL 2708945, *3 (D. Del. July 12, 2011).

Similarly, an alleged infringer is liable for contributory infringement for selling, offering to sell, or importing a product "for use in practicing a patented process . . . *knowing* the same to

---

[5] Induced infringement and contributory infringement are the two types of indirect infringement defined under 35 U.S.C. § 271 (b) and (c).

be especially made or especially adapted for use in an infringement of such patent."  35 U.S.C. § 271(c) (emphasis added).  Accordingly, like a claim for induced infringement, a claim for contributory infringement requires an allegation that the alleged infringer was aware of the patent-in-suit at the time of the alleged infringement.  *Mallinckrodt*, 670 F. Supp. 2d at 354; *Xpoint*, 730 F. Supp. 2d at 357; *Eon Corp.*, 2011 WL 2708945 at *4.  Courts in this District have routinely dismissed indirect infringement claims—both contributory and induced—which fail to assert that a defendant had knowledge of the patent-in-suit at the time of the alleged infringement.  *E.g.*, *Mallinckrodt*, 670 F. Supp. 2d at 354 (2009); *Xpoint*, 730 F. Supp. 2d at 357; *Eon Corp.*, 2011 WL 2708945 at *4.

MOSAID purports to state a claim for both induced and contributory infringement by alleging that "VMware [has] in the past and continue[s] to infringe directly, indirectly, literally, under the doctrine of equivalents, *contributorily, and/or through the inducement of others*," D.I. 16 at ¶ 27 (emphasis added).  MOSAID does not allege that VMware had the requisite knowledge of the '914 Patent.  Rather, MOSAID only alleges that VMware had knowledge of the patents as of service of the summons and complaint in this action.  *Id.* at ¶ 21.  This failure is fatal to MOSAID's claims for indirect infringement, and those claims should be dismissed as to VMware.  *Xpoint*, 730 F. Supp. 2d at 357.

**C.    In The Alternative, MOSAID Should Be Required To Provide A More Definite Statement Of Its Infringement Allegations Against VMware**

If the Court does not grant VMware's motion to dismiss, VMware asks the Court to exercise its discretion and order MOSAID to amend its First Amended Complaint to provide a more definite statement to clarify its claims of infringement against VMware as to the '914 Patent.  Rule 12(e) permits a defendant to seek more information when a complaint is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R.

Civ. P. 12(e).  A motion for more definite statement is also appropriate where a pleading is unintelligible, or where the issues cannot be determined.  *St. Clair Intellectual Property Consultants, Inc. v. Apple Inc.*, *Slip Copy*, Case No. 10-00982-LPS, 2011 WL 45718112, *2 (D. Del. Sept. 30, 2011) (Stark, J.).

MOSAID must, at a minimum, amend its First Amended Complaint to satisfy the pleading requirements with sufficient specificity as to its allegations against VMware.  If MOSAID does indeed claim that VMware is liable for direct infringement then it must allege facts, discovered after a reasonable investigation, sufficient to show VMware performs the method steps of the '914 patent.  Mere speculation is insufficient, as are repeated allegations made "[b]y way of illustration only, upon information and belief."  MOSAID must articulate its allegations in a manner that adequately informs VMware of the facts that constitute infringement, so that it may form a responsive pleading.  Similarly, if MOSAID claims that VMware is liable for contributory or induced infringement, it must include factual allegations showing, for example, that VMware was aware of the '914 patent at the time of the alleged infringement.

### D.     The Court Should Strike MOSAID's Requests For Enhanced Damages And Attorneys' Fees As To VMware

In addition to dismissing MOSAID's claims or requiring a more definite statement, the Court should strike MOSAID's requests for increased damages and attorneys' fees from the prayer for relief.  Specifically, the Court should strike request numbers five and six, which request an order that:

5.     Defendants account for and pay for increased damages for willful infringement under 35 U.S.C. § 284

6.     Costs and attorney's fees be awarded to MOSAID, as this is an exceptional case under 35 U.S.C. § 285

D.I. 16 at p. 9.

"The court may order stricken from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid expenditure of time and money that necessarily arises from litigating spurious issues by disposing of those issues prior to trial." *Delaware Health Care, Inc. v. MCD Holding Co.*, 893 F. Supp. 1279, 1291 (D. Del. 1995). "Impertinent matter consists of statements that do not pertain, and are not necessary to the issues in question." *Id.* at 1292.

MOSAID's request for a finding of willful infringement and increased damages is unsupported by the factual allegations and therefore not pertinent to the issues in question. In order to establish willful infringement, a patentee must show that the infringer acted with objective recklessness with respect to the fact that its acts constituted infringement of the patent-in-suit. *In re Seagate Technology, LLC*, 497 F.3d 1360, 1370-71 (Fed. Cir. 2007). At a minimum, this requires knowledge of the patent. *See id.* A plaintiff must also allege the defendant obtained such knowledge before the filing of the complaint, unless the patentee moves for preliminary injunction. *Id.* at 1374 ("A patentee who does not attempt to stop an accused infringer's activity [by preliminary injunction] should not be allowed to accrue enhanced damages based solely on the infringer's post filing conduct.").

Despite MOSAID's request for willful infringement damages, the First Amended Complaint does not allege that VMware's alleged infringement has been willful; nor does it allege facts that could support such a claim. Accordingly, VMware asks the Court to strike this request.

MOSAID's request for attorney's fees based on a finding that this case is "exceptional" is similarly unsupported. An "exceptional" case involves "litigation misconduct; vexatious,

unjustified, and otherwise bad faith litigation; a frivolous suit or willful infringement." *Epcon Gas Sys. Inc. v. Bauer Compressors, Inc.*, 279 F.3d 1022, 1034 (Fed. Cir. 2002).  MOSAID has not pleaded any factual allegations of bath faith litigation or willful infringement on the part of VMware.  Accordingly, VMware requests that the Court strike request numbers five and six from the prayer for relief, as to VMware.

## VI.    CONCLUSION

For the foregoing reasons, VMware asks the Court to dismiss MOSAID's claims for direct infringement, induced infringement, and contributory infringement or, in the alternative, require MOSAID to provide a more definite statement.  VMware further asks the Court to strike the paragraphs of the prayer for relief seeking increased damages and attorneys' fees.

<table>
<tr><td></td><td>YOUNG CONAWAY STARGATT & TAYLOR, LLP</td></tr>
<tr><td></td><td>/s/ <em>Pilar G. Kraman</em></td></tr>
<tr><td><em>Of Counsel:</em></td><td>_____</td></tr>
<tr><td><strong>ORRICK, HERRINGTON<br>& SUTCLIFFE LLP</strong><br>I. Neel Chatterjee<br>Karen G. Johnson-McKewan<br>Monte M.F. Cooper<br>Stacey E. Stillman<br>Jason K. Yu<br>1000 Marsh Road<br>Menlo Park, CA  94025<br>Telephone: (650) 614-7400</td><td>Adam W. Poff (No. 3990)<br>Pilar G. Kraman (No. 5199)<br>1000 West Street, 17th Floor<br>Wilmington, Delaware 19801<br>(302) 571-6600<br>apoff@ycst.com<br>pkraman@ycst.com<br><br><em>Attorneys for VMware, Inc.</em></td></tr>
</table>

Dated:  December 23, 2011

## <u>CERTIFICATE OF SERVICE</u>

I, Pilar G. Kraman, Esquire, hereby certify that on December 23, 2011, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Richard D. Kirk, Esquire
Stephen B. Brauerman, Esquire
Bayard, P.A.
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
*rkirk@bayardlaw.com*
*sbrauerman@bayardlaw.com*

Jack B. Blumenfeld, Esquire
Morris Nichols Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
*jblumenfeld@mnat.com*

Collins J. Seitz, Jr., Esquire
Seitz Ross Aronstam & Moritz LLP
100 S. West Street, Suite 400
Wilmington, DE 19801
*cseitz@seitzross.com*

Tara D. Elliott, Esquire
Fish & Richardson P.C.
222 Delaware Avenue, 17th Floor
Wilmington, DE 19899-1114
*elliott@fr.com*

Denise Seastone Kraft, Esquire
Aleine Michelle Porterfield, Esquire
DLA Piper LLP
919 N. Market Street, Suite 1500
Wilmington, DE 19801
*denise.kraft@dlapiper.com*
*aleine.porterfield@dlapiper.com*

I further certify that on December 23, 2011, I caused a true and correct copy of the foregoing document to be served by e-mail on the above-listed counsel of record.

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

/s/ *Pilar G. Kraman*

Adam W. Poff (No. 3990)
Pilar G. Kraman (No. 5199)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
pkraman@ycst.com

*Attorneys for Defendant VMware Inc.*