IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MOSAID TECHNOLOGIES, INC.<br><br>    Plaintiff,<br><br>    v.<br><br>ADOBE SYSTEMS, INC., ALCATEL-LUCENT USA, INC., INTERNATIONAL BUSINESS MACHINES CORP., JUNIPER NETWORKS, INC., RED HAT, INC., AND VMWARE, INC.,<br><br>    Defendants. | C.A. No. 11-698-GMS |

**DEFENDANT RED HAT, INC.'S OPENING BRIEF IN SUPPORT OF MOTION TO DISMISS IN PART COUNT II OF PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) FOR FAILURE TO STATE A CLAIM**

Tara D. Elliott (#4483)
Gregory R. Booker (#4784)
Fish & Richardson P.C.
222 Delaware Avenue, 17th Floor
P.O. Box 1114
Wilmington, DE 19899-1114
(302) 652-5070
tde@fr.com
booker@fr.com

Katherine Kelly Lutton
Shelley Mack
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
(650) 839-5070

## TABLE OF CONTENTS

**Page(s)**

I. NATURE AND STAGE OF PROCEEDINGS ........................................................ 1

II. SUMMARY OF ARGUMENT .................................................................................. 1

III. STATEMENT OF FACTS .......................................................................................... 4

IV. ARGUMENT ................................................................................................................ 5

    A. Legal Standards Governing Indirect and Willful Infringement Pleadings ................................................................................ 7

    B. MOSAID's Request for Increased Damages for Willful Infringement Should Be Dismissed Because It Is Entirely Devoid of Content ........................................................................ 8

    C. MOSAID's Inducement Claim Should Be Dismissed for Failure to State Facts Identifying Any Alleged Direct Infringer or Supporting an Allegation of Knowledge or Specific Intent ................................................................................................ 10

    D. MOSAID's Contributory Infringement Claim Should Be Dismissed for Failure to Allege Facts Identifying a Direct Infringer, Showing the Requisite Knowledge or Specific Intent, or Identifying a Component Meeting the Requirements of Section 271(c) .......................................................... 12

V. CONCLUSION .......................................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*ACCO Brands, Inc. v. ABA Locks Mfr. Co.*,
  501 F.3d 1307 (Fed. Cir. 2007) ............................................................................................... 3, 10

*Aro Mfg. Co. v. Convertible Top Replacement Co.*,
  377 U.S. 476 (1964) ............................................................................................................ 3, 11, 13

*Ashcroft v. Iqbal*, 556 U.S. 662,
  129 S. Ct. 1937 (2009) ...................................................................................................... 1, 6, 7, 10

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................................ passim

*Bell Helicopter Textron Inc. v. American Eurocopter, LLC*,
  729 F. Supp. 2d 789 (N.D. Tex. 2010) ......................................................................................... 9

*BMC Res., Inc. v. Paymentech, L.P.*,
  498 F.3d 1373 (Fed. Cir. 2007) ........................................................................................... 3, 10, 13

*Cal. Institute of Computer Assisted Surgery, Inc. v. Med-Surgical Services, Inc.*,
  No. 10-02042 CW, 2010 WL 3063132 ......................................................................................... 8

*Dynacore Holdings Corp. v. U.S. Philips Corp.*,
  363 F.3d 1263 (Fed. Cir. 2004) ............................................................................................... 3, 10

*EON Corp. IP Holdings LLC v. FLO TV Inc.*,
  Civ. No. 10-812-SLR, 2011 WL 2708945 ............................................................................. passim

*Global-Tech Appliances, Inc. v. SEB S.A.*,
  131 S. Ct. 2060 (2011) ............................................................................................................. 2, 10

*In re Seagate Technology, LLC*,
  497 F.3d 1360 (Fed. Cir. 2007) (*en banc*) .................................................................................. 2, 8

*IPVenture, Inc. v. Cellco Partnership*,
  No. C 10-04755 JSW, 2011 WL 207978 ...................................................................................... 9

*Item Development AB v. Sicor Inc.*,
  No. Civ. 05-336-SLR, 2006 WL 891032 (D. Del. March 31, 2006) ........................................ 2, 9

## TABLE OF AUTHORITIES (cont'd)

**Page(s)**

*Joy Techs, Inc. v. Flakt, Inc.*,
   6 F.3d 770 (Fed. Cir. 1993) ................................................................................................... 11

*Mallinckrodt, Inc. v. E-Z-Em Inc.*,
   670 F. Supp. 2d 349 (D. Del. 2009) ............................................................................... passim

*Novartis Pharm. Corp. v. Eon Labs Mfg., Inc.*,
   363 F.3d 1306 (Fed. Cir. 2004) ........................................................................................ 3, 10

*Tech. Licensing Corp. v. Technicolor USA, Inc.*,
   No. 2:03-1329 WBS EFB, 2010 WL 4070208 (E.D. Cal. Oct. 18, 2010) ................................ 8

**FEDERAL: STATUTES, RULES, REGULATIONS, CONSTITUTIONAL PROVISIONS**

35 U.S.C. § 271(b) ................................................................................................................. 2, 10

35 U.S.C. § 271(c) ............................................................................................................ 3, 12, 13

35 U.S.C. § 284 .............................................................................................................................. 9

Fed. R. Civ. P. 8(a)(2) ................................................................................................................... 1

Fed. R. Civ. P. 11(b) ..................................................................................................................... 8

Fed. R. Civ. P. 12(b)(6) ................................................................................................................. 1

I.   **NATURE AND STAGE OF PROCEEDINGS**

This is a patent infringement action filed by Plaintiff MOSAID Technologies Inc. ("MOSAID") against Defendants Adobe Systems, Inc. ("Adobe"), Alcatel-Lucent USA, Inc. ("Alcatel"), International Business Machines Corp. ("IBM"), Juniper Networks, Inc. ("Juniper"), Red Hat, Inc. ("Red Hat"), and VMware, Inc. ("VMware") (collectively, "Defendants"). MOSAID filed its original complaint on August 9, 2011, and its First Amended Complaint on October 6, 2011. Defendants' response to MOSAID's First Amended Complaint is due on December 23, 2011. Though MOSAID has moved to file a Second Amended Complaint and moot the First Amended Complaint, MOSAID refused to agree to extend the deadline to Answer the First Amended Complaint until the Court determines which complaint is operable. Defendants have not filed an answer to MOSAID's First Amended Complaint, and no case management conference has been scheduled.

II.  **SUMMARY OF ARGUMENT**

1.   Rule 8 of the Federal Rules of Civil Procedure requires MOSAID to plead specific facts to state a claim for indirect and willful infringement that is "plausible" on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

2.   Fed. R. Civ. P. 8(a)(2) calls for a "short and plain statement of the claim showing that the pleader is entitled to relief," and requires that the accused infringer be given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555-56 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

3.   If a complaint fails to satisfy the pleading requirements of Rule 8, it "must be dismissed" under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. *Id*. at 570.

4. To satisfy the requirements of Rule 8, claims of willful and indirect infringement require more than conclusory allegations. *See EON Corp. IP Holdings LLC v. FLO TV Inc.*, Civ. No. 10-812-SLR, 2011 WL 2708945, at **3-4 (D. Del. July 12, 2011); *Mallinckrodt, Inc. v. E-Z-Em Inc.*, 670 F. Supp. 2d 349, 354 (D. Del. 2009); *Item Development AB v. Sicor Inc.*, No. Civ. 05-336-SLR, 2006 WL 891032, at *2 (D. Del. March 31, 2006).

5. To establish willful infringement, a plaintiff must demonstrate infringement, as well as the following additional elements: (1) that there was an objectively high likelihood that the defendant's activities constituted infringement of a valid patent, and (2) either that the defendant subjectively knew of the risk of infringement, or that the risk of infringement was so obvious the defendant should have known of that risk. *See In re Seagate Technology, LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (*en banc*).

6. MOSAID's claim against Red Hat for willful infringement of the '914 patent – to the extent such a claim can be understood to exist – fails to comply with the pleading requirements of Rule 8. The First Amended Complaint omits any mention of or facts supporting willful infringement from its specific pleadings, and instead simply requests in the Prayer for Relief that all Defendants be held to account for increased damages for willful infringement. (D.I. 16 at 9.) It does not allege any facts to support the boilerplate statement that Red Hat was aware of the '914 patent, nor does it allege an objectively high likelihood that Red Hat's activities constituted infringement of a valid patent. Likewise, the First Amended Complaint does not allege that Red Hat was subjectively aware of the risk of infringing the '914 patent, or that such a risk was so obvious that Red Hat should have been aware of it. As a result, MOSAID's willful infringement claim against Red Hat must be dismissed.

7.  To prove inducement of infringement, a plaintiff must establish that some third party committed the entire act of direct infringement, and show that the defendant knew of the patent, *knowingly induced* its infringement and possessed *specific intent* to encourage it. 35 U.S.C. § 271(b); *see Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2067-68 (2011); *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1379 (Fed. Cir. 2007); *Novartis Pharm. Corp. v. Eon Labs Mfg., Inc.*, 363 F.3d 1306, 1308 (Fed. Cir. 2004); *ACCO Brands, Inc. v. ABA Locks Mfr. Co.*, 501 F.3d 1307, 1312 (Fed. Cir. 2007); *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1273 (Fed. Cir. 2004); *EON Corp.* 2011 WL 2708945 at *3; *Mallinckrodt*, 670 F. Supp. 2d at 354.

8.  MOSAID's claim against Red Hat for inducing infringement of the '914 patent also fails to comply with the pleading requirements of Rule 8. The First Amended Complaint fails to allege that any third party was induced to directly infringe the '914 patent, or to identify any such directly infringing third party. (D.I. 16 at ¶ 22.) The First Amended Complaint also fails to allege any facts supporting the boilerplate assertion that Red Hat knew of the '914 patent, and fails to allege that Red Hat had knowledge of any alleged direct infringement by a third party or the specific intent to cause any third party to infringe. (*Id.*) As a result, MOSAID's claim against Red Hat for inducing infringement of the '914 patent must be dismissed.

9.  To prove contributory infringement, a plaintiff must show that a third party committed the entire act of direct infringement, and that the defendant offered to sell or sold a "*component* of a patented machine . . . constituting a material part of the invention, *knowing* the same to be especially made or especially adapted for use in an infringement of such patent . . . ." 35 U.S.C. § 271(c) (emphasis added); *BMC Res.*, 498 F. 3d at 1381; *see also Aro Mfg. Co. v.*

3

*Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964); *EON Corp.* 2011 WL 2708945, at *4; *Mallinckrodt,* 670 F. Supp. 2d at 354-55.

10. MOSAID's claim against Red Hat for contributory infringement of the '914 patent similarly fails to comply with the pleading requirements of Rule 8. The First Amended Complaint fails to identify the component alleged to not be a staple part of commerce, or which third parties used that unspecified component to directly infringe the '914 patent. (D.I. 16 at ¶ 22.) The First Amended Complaint also fails to allege Red Hat had knowledge of any third party's direct infringement of the patent-in-suit. As a result, MOSAID's claim against Red Hat for contributory infringement also must be dismissed.

## III. STATEMENT OF FACTS

MOSAID filed its original Complaint on August 9, 2011, accusing seven unrelated parties – Adobe, Alcatel, IBM, NetApp, Juniper, Red Hat, and VMware – of infringing two patents related to network distributed caching: U.S. Patent Nos. 5,892,914 ("the '914 patent") and 6,505,241 ("the '241 patent"). (D.I. 1.) MOSAID alleged that six of the defendants – Adobe, Alcatel, IBM, Juniper, NetApp, and VMware – infringed the '241 patent, and that only one – Red Hat – infringed the '914 patent. (*Id*.) The '241 patent, however, was previously disclaimed and dedicated to the public.

After the defendants brought this disclaimer to MOSAID's attention, on October 6, 2011, MOSAID filed its First Amended Complaint (1) dropping NetApp as a defendant, (2) withdrawing its infringement claims under the '241 patent, and (3) alleging that all six remaining defendants infringed the remaining patent-in-suit (the '914 patent).[1] (D.I. 16.) The First

---

[1] On November 11, 2011, without seeking permission from any defendant or leave to amend from this Court, MOSAID improperly filed a Second Amended Complaint. (D.I. 33.) A month later, on December 12, 2011, MOSAID filed a motion for leave to file its Second Amended Complaint. (D.I. 40.)

4

Amended Complaint contains a single count of patent infringement and combines its allegations against Red Hat for direct and indirect infringement of the '914 patent into a single paragraph that reads, in its entirety:

> 22. Upon information and belief, Defendant RedHat has in the past and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '914 Patent by making and using in this judicial district and elsewhere in the United States, a caching method which infringes at least one claim of the '914 Patent. Importing, selling and/or offering to sell products and services which contribute to or induce the further making or using of said caching method by others with knowledge of the '914 Patent further infringes the '914 Patent.

(*Id*. at ¶ 22.)

MOSAID's allegation of willful infringement – to the extent it is alleged at all – is present nowhere in the causes of action themselves, but only appears in the Prayer for Relief in a single sentence that reads, in its entirety:

> (5) Defendants account for and pay for increased damages for willful infringement under 35 U.S.C. § 284.

(*Id*. at 9.)

IV.   **ARGUMENT**

MOSAID provides no facts supporting its allegations of inducement of infringement, contributory infringement, or willfulness. Instead, its First Amended Complaint merely recites generalized conclusions that Red Hat induces and/or contributorily infringes the '914 patent, and requests damages for willful infringement in its Prayer for Relief without providing any allegations supporting a willfulness claim. MOSAID's First Amended Complaint is devoid of even the most basic facts to support its indirect and willfulness allegations, and thus fails to state claims for willful or indirect infringement compliant with the requirements of Rule 8.

5

With respect to willfulness, for instance, the First Amended Complaint fails to plead any facts to support the boilerplate assertion that Red Hat was aware of the '914 patent, nor does it allege an objectively high likelihood existed that Red Hat's activities constituted infringement of a valid patent. The First Amended Complaint also lacks any allegation that Red Hat subjectively knew of the risk of infringing the '914 patent, or that the risk of infringement was so obvious that Red Hat should have known of it. With respect to inducement, MOSAID fails to identify or allege that any third party was induced to infringe the asserted patents, fails to allege any facts to support the boilerplate assertion that Red Hat knew of the '914 patent, and fails to allege that Red Hat had knowledge of the alleged infringement or the specific intent to cause any third party to infringe. As to contributory infringement, the First Amended Complaint fails to identify the component alleged to not be a staple part of commerce or which third parties used the unspecified component to infringe the patents, and fails to allege that Red Hat had knowledge of any alleged infringement. Instead, MOSAID recites boilerplate generalities and legal conclusions to plead willfulness, contributory infringement and inducement. This is precisely the approach held impermissible in the recent Supreme Court decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), which underscore that a complaint must allege sufficient facts to establish a plausible claim, and that recitations of bare, conclusory allegations are insufficient to state a claim under the Federal Rules.

Before a case of this magnitude and expense proceeds, MOSAID is required at least to identify sufficient facts to state a plausible claim for relief, and to provide Red Hat with sufficient notice of its allegations to allow Red Hat to mount an appropriate defense. If MOSAID has complied with its pre-filing due diligence obligations, it already should know the identities of purported third-party infringers, know the identity of the components that allegedly

6

are not staples of commerce, and have evidence establishing the requisite knowledge and intent to support its indirect infringement and willfulness claims. But without having so pled, even on information and belief, MOSAID's allegations of indirect and willful infringement are deficient on their face and should be dismissed.

### A. Legal Standards Governing Indirect and Willful Infringement Pleadings

The Supreme Court's decisions in *Twombly* and *Iqbal* ended the practice of pleading boilerplate and conclusory allegations tolerated under *Conley* – a practice that allowed dismissal of a complaint only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 550 U.S. at 561-63. Now, to survive a motion to dismiss, a plaintiff must plead facts sufficient "to state a claim to relief that is *plausible on its face*." *Id.* at 570 (emphasis added). As the Supreme Court ruled in *Twombly*:

> Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests. . . . Rule 8(a) "contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented' and does not authorize a pleader's 'bare averment that he wants relief and is entitled to it.'"

*Id.* at 555 n.3 (citing 5 Wright & Miller, *Federal Practice and Procedure* § 1202, pp. 94 & 95 (3d ed. 2004)).

The Supreme Court in *Iqbal* clarified that the plausibility standard set forth in *Twombly* applies in *all* civil actions. *Iqbal*, 129 S. Ct. at 1953. The Court re-emphasized in *Iqbal* that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. To comply with Rule 8, therefore, a plaintiff must plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A pleading

7

that contains mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In the patent infringement context, allegations of indirect infringement require more than conclusory allegations. *See EON Corp.*, 2011 WL 2708945, at **3-4 (complaint contained insufficient facts to allow the court to infer defendants had knowledge of the asserted patent); *Mallinckrodt*, 670 F. Supp. 2d at 354 (dismissing indirect infringement claim where complaint failed to sufficiently plead defendants had knowledge of the asserted patent); *see also Tech. Licensing Corp. v. Technicolor USA, Inc.*, No. 2:03-1329 WBS EFB, 2010 WL 4070208, at *2 (E.D. Cal. Oct. 18, 2010) (finding that allegations of indirect infringement require more than a mere recitation of statutory language even if direct infringement does not); *Cal. Institute of Computer Assisted Surgery, Inc. v. Med-Surgical Services, Inc.*, No. 10-02042 CW, 2010 WL 3063132, at **1-2 (N.D. Cal. Aug. 3, 2010) (dismissing complaint that "complaint merely reiterates the bare elements of patent infringement").

  **B. MOSAID's Request for Increased Damages for Willful Infringement Should Be Dismissed Because It Is Entirely Devoid of Content**

It is unclear as to whether or not MOSAID actually intended to plead willful infringement in its First Amended Complaint. The only indication of a willfulness allegation appears in the Prayer for Relief without any basis to support MOSAID's request for increased damages. Thus, any alleged claim for willful infringement (to the extent the First Amended Complaint can be understood to assert such a claim) should be dismissed for failing to comply with Rule 8.

To establish willful infringement, a plaintiff must demonstrate infringement, as well as (1) that there was an objectively high likelihood that the defendant's activities constituted infringement of a valid patent, *and* (2) either that the defendant subjectively knew of the risk of

8

infringement, or that the risk of infringement was so obvious the defendant should have known of it.  *See In re Seagate*, 497 F.3d at 1371.

At the pleading stage, MOSAID at a minimum must allege the facts forming the basis of a good faith belief that its claim of willful infringement has evidentiary support.  *See id.* at 1374 ("[W]hen a complaint is filed, a patentee must have a good faith basis for alleging willful infringement." (*citing* Fed. R. Civ. P. 8(a), 11(b))).  Here, MOSAID does not even attempt to make the necessary factual allegations to show willful infringement.  Instead, its entire willfulness allegation consists of the following request for increased damages in its Prayer for Relief without any supporting details: "Defendants account for and pay for increased damages for willful infringement under 35 U.S.C. § 284."  (D.I. 16 at 9.)

Nowhere in the First Amended Complaint does MOSAID allege any facts to show that there was an objectively high likelihood that Red Hat's activities constituted infringement of a valid patent, or that Red Hat either knew or should have known of the risk of infringement.  Any claim of willful infringement should therefore be dismissed.  *See Item Development*, 2006 WL 891032, at *2 (finding that plaintiff has not offered any support for a finding of willful infringement and dismissing those allegations); *see also Bell Helicopter Textron Inc. v. American Eurocopter, LLC*, 729 F. Supp. 2d 789, 800 (N.D. Tex. 2010) (dismissing willful infringement allegations where plaintiff made only conclusory allegations); *IPVenture, Inc. v. Cellco Partnership*, No. C 10-04755 JSW, 2011 WL 207978, at **2-3 (N.D. Cal. January 21, 2011) (dismissing willful infringement claim for failure to plead facts to support the claim that defendants had actual knowledge of the asserted patent).

9

### C. MOSAID's Inducement Claim Should Be Dismissed for Failure to State Facts Identifying Any Alleged Direct Infringer or Supporting an Allegation of Knowledge or Specific Intent

MOSAID's entire claim against Red Hat for inducement of infringement consists of the following allegations:

> Upon information and belief, Defendant Red Hat has in the past and continues to infringe, directly, **indirectly**, literally, under the doctrine of equivalents, contributorily, and/or **through the inducement of others**, one or more of the claims of the '914 Patent by making and using in this judicial district and elsewhere in the United States, a caching method which infringes at least one claim of the '914 Patent. Importing, selling and/or offering to sell products and services which contribute to or **induce** the further making or using of said caching method by others with knowledge of the '914 Patent further infringes the '914 Patent.

(D.I. 16 at ¶ 22 (emphasis added).) These boilerplate and conclusory allegations fail to meet the threshold Rule 8 pleading standard as clarified by *Twombly* and *Iqbal*. MOSAID's First Amended Complaint fails to allege facts that support any element of a claim for inducement of infringement. Because the First Amended Complaint fails "to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, MOSAID's inducement claim should be dismissed.

As an initial matter, tolerance of factual contentions specifically identified as made on information and belief does not relieve the plaintiff of its obligation to conduct an appropriate Rule 11 investigation. Nor is it a license to make claims without any factual basis. Before MOSAID is permitted discovery as to Red Hat's alleged inducement, it must allege facts sufficient to show its claim is at least plausible. *See Iqbal*, 129 S. Ct. at 1950 ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). MOSAID should not be permitted to engage in a fishing expedition absent even the bare allegations to support an inducement claim.

To prove inducement of infringement under 35 U.S.C. § 271(b), a plaintiff must establish

that some third party committed the entire act of direct infringement. *See BMC Res.*, 498 F.3d at 1379; *Novartis Pharm. Corp.*, 363 F.3d at 1308; *EON Corp.*, 2011 WL 2708945, at *3 (D. Del. July 12, 2011); *Mallinckrodt,* 670 F. Supp. 2d at 354. A plaintiff also must show that the defendant *knowingly induced* that infringement and possessed *specific intent* to encourage it. *See Global-Tech Appliances,* 131 S. Ct. at 2067-68; *ACCO Brands,* 501 F.3d at 1312; *Dynacore Holdings*, 363 F.3d at 1273; *EON Corp.* 2011 WL 2708945, at *3; *Mallinckrodt,* 670 F. Supp. 2d at 354.

Here, MOSAID's First Amended Complaint is devoid of any allegations establishing the critical elements of its inducement claim. While MOSAID alleges that Red Hat provides "marketing and sales-related literature," "online technical literature, user group support, and other forms of technical support" in order to assist or encourage users "to perform the steps claimed in the '914 patent" (D.I. 16 at ¶¶ 34-35), these statements are unhelpful to determine whether the First Amended Complaint states a plausible claim of inducement. Relying only on nebulous references to "others" or "users," MOSAID does not identify any specific third party which Red Hat allegedly induced to infringe, and fails to allege any facts to show direct infringement of the '914 patent by any third party.[2]

Further, MOSAID fails to allege that Red Hat had the requisite knowledge to support a claim for inducing infringement. Although MOSAID includes the boilerplate statement that Red Hat had "full knowledge of the '914 Patent" (D.I. 16 at ¶¶ 34-35), there are no supporting facts

---

[2] It is black-letter law that a defendant cannot be found liable for indirect infringement unless the patentee first shows direct infringement by a third party. *See, e. g., Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 483 (1964) ("'[I]t is settled that if there is no direct infringement of a patent there can be no contributory infringement.'" (quoting *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 365 U.S. 336, 341 (1961)); *Joy Techs, Inc. v. Flakt, Inc.*, 6 F.3d 770, 774 (Fed. Cir. 1993) ("Liability for either active inducement of infringement or for contributory infringement is dependent upon the existence of direct infringement.").

11

pled or allegations that Red Hat knew of the '914 patent before MOSAID filed its original complaint in August 2011, much less of an objectively high likelihood that Red Hat's activities constituted infringement of a valid patent.

MOSAID's First Amended Complaint also omits any allegation that Red Hat possessed the specific intent to induce infringement of the '914 patent. (D.I. 16.) MOSAID does not allege that Red Hat acted with the specific intent to cause any third party to infringe the '914 patent. (*Id*. at ¶ 22.) Because MOSAID has not met the threshold pleading requirements to state a claim for inducing infringement, its allegations against Red Hat for inducement of infringement also should be dismissed. *See EON Corp.* 2011 WL 2708945 at *4 (granting motion to dismiss for failure to allege that defendants had sufficient knowledge of the asserted patent); *Mallinckrodt,* 670 F. Supp. 2d at 354 (dismissing claim for inducing infringement where complaint failed to specifically allege the requisite intent and knowledge).

### D. MOSAID's Contributory Infringement Claim Should Be Dismissed for Failure to Allege Facts Identifying a Direct Infringer, Showing the Requisite Knowledge or Specific Intent, or Identifying a Component Meeting the Requirements of Section 271(c)

MOSAID's claim against Red Hat for contributory infringement of the '914 patent consists, in its entirety, of the following paragraph:

> 22. Upon information and belief, Defendant Red Hat has in the past and continues to infringe, directly, **indirectly**, literally, under the doctrine of equivalents, **contributorily**, and/or through the inducement of others, one or more of the claims of the '914 Patent by making and using in this judicial district and elsewhere in the United States, a caching method which infringes at least one claim of the '914 Patent. Importing, selling and/or offering to sell products and services which **contribute to** or induce the further making or using of said caching method by others with knowledge of the '914 Patent further infringes the '914 Patent.

(D.I. 16 at ¶ 22 (emphasis added).) These boilerplate and conclusory allegations likewise fail to meet the threshold Rule 8 pleading standard as clarified by *Twombly* and *Iqbal*. To state a claim

12

for contributory infringement, MOSAID must plead facts sufficient "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Because the First Amended Complaint fails to allege facts essential to support a claim of contributory infringement against Red Hat, MOSAID's contributory infringement claim should be dismissed.

To prove contributory infringement under 35 U.S.C. § 271(c), a plaintiff must show the defendant offered to sell or sold a "*component* of a patented machine . . . constituting a material part of the invention, *knowing* the same to be especially made or especially adapted for use in an infringement of such patent . . . ." 35 U.S.C. § 271(c) (emphasis added); *see also Aro Mfg. Co.*, 377 U.S. at 488 ("It is only sale of a component of a patented combination 'knowing the same to be especially made or adapted for use in an infringement of such patent' that is contributory infringement by statute."); *EON Corp.* 2011 WL 2708945, at *4; *Mallinckrodt,* 670 F. Supp. 2d at 354-55. As with inducing infringement, contributory infringement requires as a predicate that some other party committed the entire act of direct infringement. *See, e.g., BMC Res.*, 498 F. 3d at 1381.

MOSAID's First Amended Complaint, however, is devoid of any allegation establishing critical elements of its contributory infringement claim. First, MOSAID fails to identify any specific *component* meeting the requirements of Section 271(c). (D.I. 16 at ¶ 22.) Second, MOSAID fails to allege that Red Hat had the requisite knowledge that some unspecified component of the alleged infringing products was especially made or especially adapted to infringe the '914 patent. (*Id.*) Finally, MOSAID fails to identify any third party to whom Red Hat has allegedly contributed the unknown component. (*Id.*) Accordingly, MOSAID has failed to meet the threshold pleading requirements to state a claim for contributory infringement, and its contributory infringement allegations should be dismissed. *See EON Corp.* 2011 WL

2708945, at *4 (dismissing indirect infringement claim for failure to allege defendants had sufficient knowledge of the asserted patent); *Mallinckrodt,* 670 F. Supp. 2d at 355 (dismissing contributory infringement claims for failure to sufficiently plead defendants' knowledge of the asserted patent).

## V.      CONCLUSION

For the reasons set forth above, Red Hat respectfully requests that the Court grant its motion and dismiss without prejudice those portions of Paragraph 22 of Plaintiff's First Amended Complaint that are directed to inducement of infringement or contributory infringement, and Paragraph (5) (directed to willful infringement) of the First Amended Complaint's Prayer for Relief.

14

Case 1:11-cv-00698-GMS   Document 49   Filed 12/23/11   Page 19 of 19 PageID #: 858

Dated:  December 23, 2011                FISH & RICHARDSON P.C.


                                    By: */s/ Gregory R. Booker*
                                          Tara D. Elliott (#4483)
                                          Gregory R. Booker (#4784)
                                          Fish & Richardson P.C.
                                          222 Delaware Avenue, 17th Floor
                                          P.O. Box 1114
                                          Wilmington, DE 19899-1114
                                          (302) 652-5070
                                          tde@fr.com
                                          booker@fr.com

                                          Katherine Kelly Lutton
                                          Shelley K. Mack
                                          Fish & Richardson P.C.
                                          500 Arguello Street, Suite 500
                                          Redwood City, CA 94063
                                          (650) 839-5070


                                          *Attorneys for Defendant*
                                          *RED HAT, INC.*