IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MOSAID TECHNOLOGIES INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 11-698 (GMS) |
| | ) | |
| ADOBE SYSTEMS, INC.; ALCATEL-LUCENT USA, INC.; INTERNATIONAL BUSINESS MACHINES CORP.; JUNIPER NETWORKS, INC.; RED HAT, INC. and VMWARE, INC., | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWERING BRIEF IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

DLA PIPER LLP (US)
Denise S. Kraft (#2778)
Aleine Porterfield (#5053)
919 North Market Street, Suite 1500
Wilmington, DE 19801
(302) 468-5700
denise.kraft@dlapiper.com
aleine.porterfield@dlapiper.com

*Attorneys for Adobe Systems, Inc.*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Paul Saindon (#5110)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
psaindon@mnat.com

*Attorneys for Alcatel-Lucent USA, Inc.*

SEITZ ROSS ARONSTAM & MORITZ, LLP
Collins J. Seitz, Jr. (#2237)
100 S. West Street, Suite 400
Wilmington, DE 19801
(302)576-1600
cseitz@seitzross.com

*Attorneys for International Business Machines Corp.*

FISH & RICHARDSON P.C.
Tara D. Elliott (#4883)
Gregory R. Booker (#4784)
222 Delaware Avenue – 17th Floor
P.O. Box 1114
Wilmington, DE 19899
(302) 652-5070
tde@fr.com
booker@fr.com

*Attorneys for Red Hat Inc.*

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Adam W. Poff (#3990)
Pilar G. Kraman (#5199)
1000 West Street – 17th Floor
Wilmington, DE  19801
(302) 571-6600
apoff@ycst.com
pkraman@ycst.com
*Attorneys for VMware, Inc.*

December 30, 2011

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES.................................................................................................. ii

I.   NATURE AND STAGE OF THE PROCEEDING...............................................1

II.   SUMMARY OF ARGUMENT ...........................................................................2

III.   STATEMENT OF FACTS...................................................................................3

IV.   ARGUMENT.......................................................................................................6

   A.   Legal Standard on a Motion for Leave to Amend......................................6

   B.   MOSAID's Motion for Leave to Amend Should be Denied ......................6

      1.   MOSAID Lacks Standing to Assert the Claims of
         the SAC .........................................................................................6

      2.   The Amendment Would Be Futile Because the SAC
         Violates 35 U.S.C. § 299.................................................................7

      3.   The SAC Should Not Be Permitted Under Federal
         Rule 20 ........................................................................................12

V.   CONCLUSION..................................................................................................14

## TABLE OF AUTHORITIES

Page(s)

CASES

*3V Inc. v. Ciba Specialty Chems. Corp.*,
  587 F. Supp. 2d 641 (D. Del. 2008) ................................................................................10

*Abbott Labs. v. Johnson and Johnson, Inc.*,
  524 F. Supp. 2d 553 (D. Del. 2007) ............................................................................9, 11

*Androphy v. Smith & Nephew, Inc.*,
  31 F. Supp. 2d 620 (N.D. Ill. 1998) ...............................................................................13

*Bear Creek Techs., Inc. v. RCN Comms.*,
  C.A. No. 11-103, 2011 WL 3626787 (E.D. Va. Aug. 17, 2011) .........................................12

*Cedars-Sinai Med. Ctr. v. Watkins*,
  11 F.3d 1573 (Fed. Cir. 1993)............................................................................................7

*Codex Corp. v. Milgo Elec. Corp.*,
  553 F.2d 735 (1st Cir. 1977)............................................................................................14

*Colt Defense LLC v. Heckler & Koch Defense, Inc.*,
  C.A. No. 04-258, 2004 U.S. Dist. LEXIS 28690 (E.D. Va. Oct. 22, 2004)...........................13

*Cornell & Co. v. Occupational Safety & Health Review Comm'n*,
  573 F.2d 820 (3d Cir. 1978) ..............................................................................................6

*Farina v. Nokia Inc.*,
  625 F.3d 97 (3d Cir. 2010) .........................................................................................8, 11

*Foman v. Davis*,
  371 U.S. 178 (1962) ..........................................................................................................6

*Golden Scorpio Corp. v. Steel Horse Bar & Grill*,
  596 F. Supp. 2d 1282 (D. Ariz. 2009) ..............................................................................13

*Guinn v. Kopf*,
  96 F.3d 1419 (Fed. Cir. 1996)..........................................................................................10

*Illinois Tool Works, Inc. v. Foster Grant Co.*,
  395 F. Supp. 234 (N.D. Ill. 1974), *aff'd on the merits,* 547 F.2d 1300 (7th Cir. 1976),
  *cert. denied,* 431 U.S. 929 (1977) ...............................................................................9, 10

*Insituform Techs., Inc. v. CAT Contracting, Inc.*,
  385 F.3d 1360 (Fed. Cir. 2004)..........................................................................................8

- ii -

*Lorenz v. CSX Corp.*,
  1 F.3d 1406 (3d Cir. 1993) ..................................................................................6

*Lucent Techs., Inc. v. Extreme Networks, Inc.*,
  C.A. No. 03-508-JJF (D. Del. Feb. 9, 2004)...................................................... 12, 14

*McGinley v. Franklin Sports, Inc.*,
  262 F.3d 1339 (Fed. Cir. 2001)............................................................................8

*Multi-Tech Sys., Inc. v. Net2Phone, Inc.*,
  C.A. No. 00-346, 2000 WL 34494824 (D. Minn. June 26, 2000) ..........................13

*MyMail, Ltd. v. America Online, Inc.*,
  223 F.R.D. 455 (E.D. Tex. 2004).........................................................................13

*New Jersey Mach. Inc. v. Alford Indus., Inc.*,
  C.A. No. 89-1879 (JCL), 1991 WL 340196 (D.N.J. Oct. 7, 1991)........................12

*Optimum Power Solutions LLC, v. Apple Inc.*,
  C.A. No. 11-1509 SI, 2011 WL 4387905 (N.D. Cal. Sept. 20, 2011) ...................13

*Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch*,
  564 F. Supp. 1358 (D. Del. 1983) ................................................................. 12, 14

*Philips Elecs. N. Am. Corp. v. Contec Corp.*,
  220 F.R.D. 415 (D. Del. 2004) ..................................................................... 12, 14

*Prime Care of Ne. Kan., LLC v. Humana Ins. Co.*,
  447 F.3d 1284 (10th Cir. 2006)...........................................................................8

*Rudd v. Lux Prods. Corp.*,
  C.A. 09-6957, 2011 WL 148052 (N.D. Ill. Jan. 12, 2011)...................................14

*Sicom Sys., Ltd. v. Agilent Techs., Inc.*,
  427 F.3d 971 (Fed. Cir. 2005)..........................................................................6, 7

*Sony Elecs., Inc. v. Orion IP, LLC*,
  C.A. No. 05-255-GMS, 2006 WL 680657 (D. Del. March 14, 2006) ...................14

*Spread Spectrum Screening, LLC v. Eastman Kodak Co.*,
  C.A. No. 10-1101, 2010 WL 3516106 (N.D. Ill. Sept. 1, 2010) ..........................13

*W.L. Gore & Assoc's, Inc. v. Oak Materials Group, Inc.*,
  424 F. Supp. 700 (D. Del. 1976).......................................................................10

*Warth v. Seldin*,
  422 U.S. 490 (1975) ..........................................................................................6

*WiAV Networks, LLC v. 3Com Corp.*,
    C.A. No. 10-03448 WHA, 2010 WL 3895047 (N.D. Cal. Oct. 1, 2010)...............................13

## RULES AND STATUTES

35 U.S.C. § 253...........................................................................................................1, 4, 10

35 U.S.C. § 299...............................................................................................................*passim*

FED.R.CIV.P. 15 .............................................................................................................3, 8-10

FED.R.CIV.P. 20 .............................................................................................................3, 12-14

## OTHER AUTHORITIES

6A CHARLES ALAN WRIGHT & ARTHUR R. MILLER,
    *FEDERAL PRACTICE AND PROCEDURE* § 1497 (3d ed. 2011) ......................................................9

## I.   NATURE AND STAGE OF THE PROCEEDING

Plaintiff MOSAID Technologies, Inc. ("MOSAID") filed this action on August 9, 2011 asserting U.S. Patent No. 6,505,241 ("the '241 patent") against Adobe Systems, Inc. ("Adobe"), Alcatel-Lucent USA, Inc. ("ALU"), International Business Machines Corp. ("IBM"), Juniper Networks, Inc. ("Juniper"), NetApp, Inc. ("NetApp") and VMware, Inc. ("VMware"), and U.S. Patent No. 5,892,914 ("the '914 patent") against Red Hat, Inc. ("Red Hat").  (D.I. 1). Because the '241 patent had been dedicated to the public and disclaimed pursuant to 35 U.S.C. § 253, this Court lacked subject matter jurisdiction as to the claims against Adobe, ALU, IBM, Juniper, NetApp and VMware.  These defendants wrote to MOSAID on September 27, 2011 demanding dismissal of the claims against them.[1]  (J. Hohenthaner Sept. 27, 2011 Ltr. To S. Hill (Ex. A)).

In response, on October 6, 2011, MOSAID filed its First Amended Complaint ("FAC"), in which it dropped the allegations about the disclaimed '241 patent against Adobe, ALU, IBM, Juniper, NetApp and VMware.  (D.I. 16).  MOSAID only dismissed NetApp from this litigation, however.  (D.I. 17).  MOSAID alleged that each of the remaining defendants infringed the '914 patent, previously asserted only against Red Hat.  (D.I. 16).

On November 11, 2011, without notice to the Defendants or leave of Court, MOSAID filed a Second Amended Complaint ("SAC").  (D.I. 33).  The SAC purported to add allegations of infringement of U.S. Patent No. 5,611,049 ("the '049 patent") against Red Hat, Adobe, ALU, IBM and Juniper; U.S. Patent No. 6,205,475 ("the '475 patent") against Adobe, IBM, Juniper and VMware; U.S. Patent No. 6,804,706 ("the '706 patent") against IBM; and U.S.

---

[1]     VMware has moved to dismiss due to MOSAID's lack of standing to assert the '914 patent.  (D.I. 45).  That motion is currently pending before the Court.

Patent No. 6,026,452 ("the '452 patent") against Red Hat.  MOSAID then acknowledged that it had no right to file the SAC without leave of Court and sought leave on December 12, 2011. (D.I. 39).[2]  This is the Defendants' brief in opposition to that motion.[3]

## II.      SUMMARY OF ARGUMENT

MOSAID's motion for leave to amend should be denied first, because it lacks standing to sue on the asserted patents.  VMware has already moved to dismiss the FAC for lack of standing.  (D.I. 45).  Each of the five patents asserted in the SAC claims priority to the same PCT patent application discussed in that motion to dismiss.  MOSAID does not own sufficient rights to assert any patent claiming priority to that PCT application, and should not be permitted leave to assert patents that it does not own.  (*See* D.I. 46).

Second, leave to amend should be denied because the SAC would violate the explicit misjoinder provisions of Section 299.  Enacted as part of the Leahy-Smith America Invents Act, H.R. 1249, 112th Cong., § 19 (2011) ("AIA"), Section 299 expressly prohibits the joinder of multiple defendants "based solely on allegations that they each have infringed the patent or patents in suit," and permits joinder *only* where the asserted right to relief arises "out of the same transaction, occurrence, or series of transactions or occurrences relating to . . . the same accused product or process."  The SAC, however, would violate this statute by lumping together different defendants with different products, when the only relationship is some of the patents asserted against them.  Although the original Complaint predated the enactment of the AIA, the

---

[2]      MOSAID declined defendants' request to extend the time to answer the FAC until after the Court decides this motion.  Defendants moved to dismiss the FAC on December 23, 2011.  (D.I. 42, 45, 48, 50, 53, 56 and 60).

[3]      Juniper answers separately to address issues specific to it, but also joins in this brief.

FAC and SAC do not relate back to the original Complaint because allegations of infringement of different patents are not the same "conduct, transaction or occurrence" required by Rule 15(c).

Finally, even in the absence of 35 U.S.C. § 299, the SAC would improperly and prejudicially join defendants together in violation of Fed.R.Civ.P. 20. The original Complaint itself contained two completely separate causes of action: an allegation that six defendants infringed a single disclaimed patent, and a separate allegation that an unrelated defendant infringed an unrelated patent. These two completely separate causes of action should not have been filed in a single complaint, and the SAC, in which no two defendants are accused of infringing the same set of patents, fares no better.

### III.    STATEMENT OF FACTS

In its original Complaint, MOSAID asserted two patents: the '241 and the '914. As to the '241 patent, entitled "Network intermediate node cache serving as proxy to client node to request missing data from server," the Complaint alleged:

> Upon information and belief, Defendants **Adobe, Alcatel, IBM, Juniper, and NetApp** have in the past and continue to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '241 Patent by making, using, importing, selling and/or offering to sell, in this judicial district and elsewhere in the United States, software which is covered by at least one claim of the '241 Patent.[4]

(D.I. 1 ¶ 15). The Complaint then alleged that the "Adobe Flash Memory Server;" "Alcatel Velocix Digital media Delivery Platform;" "IBM WebSphere Software;" "Juniper Media Flow;"

---

[4]    All emphasis added unless otherwise indicated.

"NetApp FlexCache;" and "VMware vFabric GemFire Platform"[5] products each infringed the '241 patent. (*Id.* ¶ 16). The '214 patent was not asserted against Red Hat. As to the '914 patent, entitled "system for accessing distributed data cache at each network node to pass requests and data," the Complaint alleged infringement by only "Defendant **RedHat**" for the "RedHat Enterprise Linux with Resilient Storage Add-On" and "RedHat Enterprise Server V6" products. (*Id.* ¶¶ 22-23). The original Complaint alleged two separate and discrete causes of action with not even a common patent asserted as a commonality.

After receiving the Complaint, defendants discovered that MOSAID could not assert the '241 patent because more than three years earlier—on June 30, 2008—MOSAID's predecessor-in-interest, Network Caching Technology, LLC, had dedicated the entire patent to the public pursuant to 35 U.S.C. § 253. (Ex. A). Defendants wrote to MOSAID's counsel and requested the dismissal of the lawsuit against each defendant accused of infringing the '241 patent. (*Id.*). Instead of doing so, MOSAID filed the FAC on October 6, 2011. (D.I. 16).

In the FAC, MOSAID dropped all of the original allegations against Adobe, ALU, IBM, Juniper and VMware, in substance dismissing the action against them as it existed prior to the AIA. To keep its earlier filing date, MOSAID added the new allegations that, in addition to Red Hat, the other defendants (except NetApp) also infringed the '914 patent.[6] (D.I. 16 ¶ 27). The prayer for relief also sought damages for defendants' purported willful infringement of the '914 patent. (*Id.* ¶ (5)).

---

[5]     The Complaint did not specifically allege that VMware infringed any patent, but did allege that the "VMware vFabric GemFire Platform" infringed the '241 patent.

[6]     MOSAID separately dismissed the allegations against NetApp completely. (D.I. 17).

On November 11, 2011, MOSAID sought to further expand this litigation by filing the SAC without notice or leave of Court.  (D.I. 33)  The SAC seeks to add the following allegations of infringement:

| Patent | Title | Defendants |
|--------|-------|------------|
| '049 | System for accessing distributed data cache channel at each network node to pass requests and data | Red Hat, Adobe, ALU, IBM and Juniper |
| '475 | Request interceptor in network nodes for determining local storage of file image satisfying predetermined criteria | Adobe, IBM, Juniper and VMware |
| '706 | Network system for transmitting overwritten portion of client side node cache image to server site through intermediate downstream nodes updating cache images of data requested by client | IBM |
| '452 | Network distributed site cache ram claimed as up/down stream request/reply channel for storing anticipated data and meta data | Red Hat |

(*Id.* ¶¶ 37-68).  The SAC does not allege that any defendant infringes all five patents, nor does it allege that any two defendants infringe the same set of patents.

The '914, '049, '475, '706 and '452 patents each claim priority to the same Patent Cooperation Treaty Application, PCT App. No. PCT/US92/04939.  The purported inventor of all of these patents, William Pitts, previously assigned most, if not all, of his rights to all patents stemming from the PCT application to Auspex Systems, Inc. in 1987.  The current holder of these rights is dismissed defendant NetApp, not MOSAID.  Defendants incorporate herein the Opening Brief in Support of Defendant VMware's Motion to Dismiss for Lack of Standing (D.I. 46), which, although written to the '914 patent, describes the assignment and ownership history of all patents claiming priority to the PCT application.

## IV.    ARGUMENT

### A.    Legal Standard on a Motion for Leave to Amend

The Supreme Court has enumerated several bases for which leave to amend may be denied, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The Third Circuit has "interpreted these factors to mean that 'prejudice to the non-moving party is the touchstone of the denial of an amendment.'" *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) (quoting *Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978).  "In the absence of substantial or undue prejudice, denial instead must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." *Id.*

### B.    MOSAID's Motion for Leave to Amend Should be Denied

#### 1.    MOSAID Lacks Standing to Assert the Claims of the SAC

Standing is "the threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975); *Sicom Sys., Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 975 (Fed. Cir. 2005).  The question of standing determines "whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth*, 422 U.S. at 498.  MOSAID, not defendants, bears the burden of establishing standing because "[t]he burden of establishing jurisdiction in the district court lies with the party

seeking to invoke the court's jurisdiction." *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993); *Sicom Sys.*, 427 F.3d at 975.

For the reasons stated in VMware's Motion to Dismiss for Lack of Standing and accompanying Opening Brief, MOSAID lacks standing to assert any patent claiming priority to that PCT application.[7] (D.I. 45, 46). Although that Brief directly addresses only one of the five patents of the SAC, the '914 patent, the transfers addressed in the Brief apply equally to all patents derived from the PCT application. Each of the five patents in the SAC claims priority to the same PCT application. Because MOSAID lacks standing to assert each of the five SAC patents, leave to amend to include those patents is improper and should be denied.

**2.      The Amendment Would Be Futile Because the SAC Violates 35 U.S.C. § 299**

35 U.S.C. § 299, which went into effect on September 16, 2011, permits joinder of multiple defendants in a patent case only if:

> (1) any right to relief is asserted against them jointly, severally, or in the alternative ***with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences*** relating to the making, using importing into the United States, offering for sale, or selling of the same accused product or process; and
>
> (2) questions of fact common to all defendants or counterclaim defendants will arise in the action.

35 U.S.C. § 299(a). The statute identifies insufficient conditions for joinder:

> (b) Allegations Insufficient for Joinder – For purposes of this subsection, ***accused infringers may not be joined in one action as defendants or counterclaim defendants, or have their actions***

---

[7]    To avoid repetition, defendants hereby incorporate the Opening Brief by reference rather than repeating the arguments a second time for the Court. *See* D.I. 46.

> *consolidated for trial, based solely on allegations that they each*
> *have infringed the patent or patents in suit.*

35 U.S.C. § 299(b).

     The AIA further states that "[t]he amendments made by [new 35 U.S.C. § 299]

shall apply to any civil action commenced on or after the date of the enactment of this Act."

AIA § 19 at 129.  Because Congress did not specify otherwise, the normal relation back rules

govern when an action was "commenced."  *See Farina v. Nokia Inc.*, 625 F.3d 97, 111 (3d Cir.

2010)[8]  (holding that the newly enacted Class Action Fairness Act ("CAFA") applied when the

amended complaint did not relate back to the original complaint).  The *Farina* court reasoned:

> Congress passed CAFA aware of the general principles of relation-
> back analysis, both under state law and Fed.R.Civ.P. 15(c).  It is
> only natural that Congress would intend to incorporate into CAFA
> the case law governing amended pleadings.  "Precisely because
> CAFA does not define 'commencement' of an action, it is obvious
> that CAFA is not intended to replace case[ ]law deciding when a
> lawsuit is considered 'commenced…'" . . .  Under this standard,
> the Second Amended Complaint commenced a new action.

*Id.* at 112.[9]  Congress similarly did not define "commenced" for purposes of the AIA.

     For an amendment to relate back to the original complaint, Fed. R. Civ. P.

15(c)(1)(B) requires that "the amendment asserts a claim or defense that arose out of the conduct,

---

[8]    The Federal Circuit applies regional precedent to issues of joinder.  *See, e.g., Insituform Techs., Inc. v. CAT Contracting, Inc.*, 385 F.3d 1360,1372 (Fed. Cir. 2004) ("Because the joinder issue is not unique to patent law, we apply the law of the regional circuit."); *McGinley v. Franklin Sports, Inc.*, 262 F.3d 1339, 1357 (Fed. Cir. 2001) ("A district court's decision to grant or deny a motion for leave to join a party involves a procedural question that raises no special issues relating to patent law, and, therefore Tenth Circuit law applies in this case.").

[9]    The *Farina* court also expressed concern that disregarding the relation back rules would entail "the practically untenable result that once a pre-CAFA case is filed, the plaintiff can tack on new causes of action so substantively independent of the original case that they would be properly treated as filed after CAFA's effective date for all legal purposes … except for CAFA." *Id.* at 111 (quoting *Prime Care of Ne. Kan., LLC v. Humana Ins. Co.*, 447 F.3d 1284, 1288 n. 4 (10th Cir. 2006)).

transaction, or occurrence set out—or attempted to be set out—in the original pleading"
FED.R.CIV.P. 15(c)(1) (2011).  "An alleged infringement of one patent is not the 'same conduct,
transaction or occurrence' as the alleged infringement of another patent." *Illinois Tool Works,
Inc. v. Foster Grant Co.*, 395 F. Supp. 234, 250-51 (N.D. Ill. 1974), *aff'd on the merits,* 547 F.2d
1300 (7th Cir. 1976), *cert. denied*, 431 U.S. 929 (1977); 6A CHARLES ALAN WRIGHT & ARTHUR
R. MILLER, *FEDERAL PRACTICE AND PROCEDURE* § 1497 (3d ed. 2011) ("amendments alleging . . .
the infringement of a different patent, or even a separate violation of the same statute may be
subject to the defense of statute of limitations because of a failure to meet the transaction
standard.").  Similarly, a claim cannot relate back to an earlier complaint where the right to assert
infringement did not exist at the time of the original filing. *See Abbott Labs. v. Johnson and
Johnson, Inc.*, 524 F. Supp. 2d 553, 558 n. 10 (D. Del. 2007) (citing *Illinois Tool Works*, 395 F.
Supp. at 251).

       MOSAID's motion for leave to amend should be denied because the SAC violates
35 U.S.C. § 299, and the amendment would therefore be futile.  The SAC does not and could not
allege that the parties are jointly or severally liable for any acts of infringement.  Nor does it
allege a common "transaction, occurrence, or series of transactions or occurrences" among the
defendants' "accused product[s] or process[es]."  Instead, it alleges that six defendants' unrelated
products infringe various combinations of five patents.  The only commonality amongst the
defendants is that the SAC alleges that their products infringe one of those five patents, the '914

patent.  These allegations do not meet the requirements of 35 U.S.C. § 299(a), and indeed are

expressly prohibited by 35 U.S.C. § 299(b).[10]

      Although the AIA and 35 U.S.C. § 299 went into effect after MOSAID filed its

original Complaint, MOSAID filed the FAC on October 6, 2011 (and the motion for leave to file

the SAC two months later), after the AIA's September 16, 2011 effective date.  The FAC cannot

relate back to the original Complaint as to Adobe, ALU, IBM, Juniper and VMware because the

original Complaint alleged infringement only of the statutorily disclaimed '241 patent against

those defendants.  The Court lacks jurisdiction to hear allegations relating to a statutorily

disclaimed patent,[11] and for these defendants there is no case or controversy to relate back to.

The FAC's allegations that these defendants infringe the '914 patent is not the same "conduct,

transaction or occurrence" as the alleged infringement of the '241 patent.  The later allegations of

patent infringement cannot satisfy Rule 15(c) and cannot relate back to the original filing.[12]  *See,*

*e.g., Illinois Tool*, 395 F. Supp. at 250-51.

---

[10]    Although the same arguments apply to the FAC, defendants did not have an opportunity
to oppose the entry of that complaint.  Defendants plan on filing a motion to dismiss or
sever the FAC for misjoinder.

[11]    "A statutory disclaimer under 35 U.S.C. § 253 has the effect of canceling the claims from
the patent and the patent is viewed as though the disclaimed claims had never existed . . .
."  *Guinn v. Kopf*, 96 F.3d 1419, 1422 (Fed. Cir. 1996) (citing Altoona Publix Theatres,
Inc. v. American Tri-Ergon Corp., 294 U.S. 477, 492 (1935)).  A disclaimed patent
cannot be the source of subject matter jurisdiction for the Court.  *See W.L. Gore &*
*Assoc's, Inc. v. Oak Materials Group, Inc.*, 424 F. Supp. 700, 702 (D. Del. 1976) ("Since
all the claims have been disclaimed, the effect of plaintiff's action is the same as
dedication of the patent to the public or abandonment.  The Court, therefore, no longer
has any jurisdiction . . . ."); *3V Inc. v. Ciba Specialty Chems. Corp.*, 587 F. Supp. 2d 641,
645 (D. Del. 2008) (same).

[12]    To the extent that MOSAID argues that allegations that the additional defendants
infringed the '914 patent should relate back to the original Complaint because the FAC
merely added additional parties to an existing claim, Rule 15(c) requires that the
additional party "knew or should have known that the action would have been brought
against it, but for a mistake concerning the proper party's identity."  Fed.R.Civ.P.
(Continued . . .)

The original Complaint alleged that Red Hat infringed the '914 patent, but this alone does not permit relation back. *See Farina*, 625 F.3d at 111-13.  For example, in *Farina*, a newly asserted claim against a single set of defendants, the "LG defendants," prevented the relation back of Farina's entire Second Amended Complaint for all defendants.  *Id. A fortiori*, the potential relation back of a single defendant in this case cannot require the relation back of the other five.

The SAC seeks to add four additional patents to the allegations of the FAC, which would be asserted against various combinations of the defendants.  The reasons why the FAC does not relate back to the original Complaint apply *a fortiori* to the SAC.  Moreover, the SAC alleges indirect and willful infringement by all parties for all asserted patents, which requires, *inter alia*, that defendants knew of the patents.  The SAC alleges, however, that defendants learned of the patents in suit only after the filing of the original Complaint.  (*See, e.g.*, D.I. 39 ¶¶ 21, 38, 54, 59, and 65 (asserting defendants learned of each patent on or after the service of the original Complaints)).  Without knowledge of the patent, no claim for  indirect infringement or willfulness  could have existed at the time of the original Complaint, and the SAC's indirect infringement claims cannot relate back to a time before the existence of the asserted right.  *See Abbott Labs.*, 524 F. Supp. 2d at 558 n. 10.  Because the SAC does not relate back to the original Complaint, the AIA, enacted after the original Complaint but before the FAC and SAC, applies to and prohibits the SAC's joinder of defendants.

---

(. . . continued)

15(c)(1)(C)(ii).  It is not plausible to suggest that the defendants "knew or should have known" that MOSAID would have asserted the '914 patent against them "but for a mistake concerning [their] identity" when MOSAID had included them in a litigation involving the '914 patent, but chose not to assert it against them.

### 3.      The SAC Should Not Be Permitted Under
Federal Rule 20

Under Rule 20, joinder of multiple defendants in one action is proper only if:

(A) any right to relief is asserted against them jointly, severally, or
in the alternative with respect to or *arising out of the same
transaction, occurrence, or series of transactions or occurrences*;
and

(B) any question of law or fact common to all defendants will arise
in the action.

Fed. R. Civ. P. 20(a)(2).  As Judge Jordan held, "[i]n order to permit joinder, both tests must be

satisfied."  *Philips Elecs. N. Am. Corp. v. Contec Corp.*, 220 F.R.D. 415, 417 (D. Del. 2004); *see

also Bear Creek Techs., Inc. v. RCN Comms.*, C.A. No. 11-103, 2011 WL 3626787, at *1 (E.D.

Va. Aug. 17, 2011) ("[C]ourts have uniformly held that parties are misjoined when they fail to

satisfy either of the preconditions for permissive joinder of parties set forth in [Rule] 20a.").

Even before the AIA went into effect on September 16, 2011, an allegation that

multiple parties infringed the same patent was "an insufficient basis to join unrelated parties as

defendants in the same lawsuit" because "[a]llegations of infringement against two unrelated

parties based on different acts do not arise from the same transaction."  *Philips Elecs.*, 220

F.R.D. at 417-18.  *See also Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch*, 564 F. Supp.

1358, 1371 (D. Del. 1983) (same); *Lucent Techs., Inc. v. Extreme Networks, Inc.*, C.A. No. 03-

508-JJF (D. Del. Feb. 9, 2004) (severing the defendants because plaintiff failed to satisfy the

joinder standard) (Ex. B); *New Jersey Mach. Inc. v. Alford Indus., Inc.*, C.A. No. 89-1879 (JCL),

1991 WL 340196, at *1 (D.N.J. Oct. 7, 1991) ("Infringement of the same patent by different

machines and parties does not constitute the same transaction or occurrence to justify joinder of

the new defendants.").  "[N]umerous courts have found that 'joinder is often improper where

[multiple] competing businesses have allegedly infringed the same patent by selling different

- 12 -

products.'" *WiAV Networks, LLC v. 3Com Corp.*, C.A. No. 10-03448 WHA, 2010 WL 3895047, at *3 (N.D. Cal. Oct. 1, 2010) (quoting *Spread Spectrum Screening, LLC v. Eastman Kodak Co.*, C.A. No. 10-1101, 2010 WL 3516106, at *2 (N.D. Ill. Sept. 1, 2010)); *see also Colt Defense LLC v. Heckler & Koch Defense, Inc.*, C.A. No. 04-258, 2004 U.S. Dist. LEXIS 28690, at *13 (E.D. Va. Oct. 22, 2004) (describing as "overwhelming authority" the rule prohibiting joinder of patent defendants accused of infringing the same patent with different products).[13]

By including section 299(b), Congress did not intend the AIA to change Rule 20, but only undo a misinterpretation based primarily on the Eastern District of Texas's opinion in *MyMail, Ltd. v. America Online, Inc.*, 223 F.R.D. 455, 456 (E.D. Tex. 2004). The legislative history of the AIA is clear that the purpose of section 299(b) was to confirm the existing majority rule and put to rest that minority construction. As stated in the House Report, the AIA only intended to "legislatively abrogate[] the construction of Rule 20(a) adopted in *MyMail, Ltd. v. America Online, Inc.*, 223 F.R.D. 455 (E.D. Tex. 2004)" to "effectively conform[] these courts' jurisprudence to that followed by a majority of jurisdictions." H.R. REP. No. 112-98, pt. 1, at 55

---

[13] Additional cases where courts have found misjoinder based upon the status of defendants as competitors selling different products include *Optimum Power Solutions LLC, v. Apple Inc.*, C.A. No. 11-1509 SI, 2011 WL 4387905, at *3 (N.D. Cal. Sept. 20, 2011) ("Plaintiff has not alleged that defendants acted in concert or otherwise controlled or directed each others' conduct—and indeed defendants appear to be ardent competitors of one another in the market place for their products"); *Bear Creek*, 2011 WL 3626787, at *5 (dismissing misjoined defendants where they were "independently owned and operated entities, and in some cases direct competitors."); *Androphy v. Smith & Nephew, Inc.*, 31 F. Supp. 2d 620, 623 (N.D. Ill. 1998) ("Here, [defendants] are separate companies that independently design, manufacture and sell different products in competition with each other. Clearly, the common transaction requirement has not been met as to the claims against [defendants]."); *Multi-Tech Sys., Inc. v. Net2Phone, Inc.*, C.A. No. 00-346, 2000 WL 34494824, at *7 (D. Minn. June 26, 2000) ("Plaintiff asserts infringement claims against unrelated defendants who primarily compete in the same marketplace and provide independent products and services."); *Golden Scorpio Corp. v. Steel Horse Bar & Grill*, 596 F. Supp. 2d 1282, 1285 (D. Ariz. 2009) ("allegations against multiple and unrelated defendants for acts of patent . . . infringement do not support joinder under Rule 20(a)" (citations omitted)) (severing a defendant for misjoinder).

n. 61 (citing *Rudd v. Lux Prods. Corp.*, C.A. 09-6957, 2011 WL 148052, at \*3 (N.D. Ill. Jan. 12, 2011)).

Even if the AIA did not apply to the SAC, Congress did not intend 35 U.S.C. § 299 to change the majority view of Rule 20, but rather to codify it and make it mandatory. As exemplified in *Paine Webber*, *Philips* and *Lucent*, even before the AIA, this Court has recognized the majority view that alleged infringement of the same patent is not sufficient to join parties. Joinder under the SAC would prejudice defendants. The SAC alleges different products infringe for each defendant. Indeed, the SAC only asserts one of the five patents, the '914 patent, against each of the six defendants. Two of the remaining asserted patents are asserted against only a single defendant, and no defendant is accused of infringing all five patents. As this Court has previously held, "[a]lthough there may be some efficiency to be gained by consolidating certain aspects of discovery, [plaintiff] ignores the possibility that collateral issues specific to any one of the many unrelated parties involved in both cases may create inefficiencies that would not arise if the proceedings remained separate." *Sony Elecs., Inc. v. Orion IP, LLC*, C.A. No. 05-255-GMS, 2006 WL 680657, at \*2 (D. Del. March 14, 2006) (*citing Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 739 (1st Cir. 1977)). MOSAID's motion for leave to amend should be denied, regardless of the applicability of the AIA.

## V.    CONCLUSION

For the foregoing reasons, MOSAID's Motion for Leave to File a Second Amended Complaint should be denied.

- 14 -

DLA PIPER LLP (US)

/s/ Aleine Porterfield
_____
Denise S. Kraft (#2778)
Aleine Porterfield (#5053)
919 North Market Street
Suite 1500
Wilmington, DE  19801
(302) 468-5700
denise.kraft@dlapiper.com
aleine.porterfield@dlapiper.com

*Attorneys for Adobe Systems, Inc.*


SEITZ ROSS ARONSTAM & MORITZ, LLP

/s/ Collins J. Seitz, Jr.
_____
Collins J. Seitz, Jr. (#2237)
100 S. West Street
Suite 400
Wilmington, DE  19801
(302)576-1600
cseitz@seitzross.com

*Attorneys for International Business Machines Corp.*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Paul Saindon
_____
Jack B. Blumenfeld (#1014)
Paul Saindon (#5110)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
psaindon@mnat.com

*Attorneys for Alcatel-Lucent USA, Inc.*


FISH & RICHARDSON P.C.

/s/ Gregory R. Booker
_____
Tara D. Elliott (#4883)
Gregory R. Booker (#4784)
222 Delaware Avenue – 17th Floor
P.O. Box 1114
Wilmington, DE  19899
(302) 652-5070
tde@fr.com
booker@fr.com

*Attorneys for Red Hat Inc.*


YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Adam W. Poff
_____
Adam W. Poff (#3990)
Pilar G. Kraman (#5199)
1000 West Street – 17th Floor
Wilmington, DE  19801
(302) 571-6600
apoff@ycst.com
pkraman@ycst.com
*Attorneys for VMware, Inc.*

December 30, 2011

- 15 -

**CERTIFICATE OF SERVICE**

I hereby certify that on December 30, 2011, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

Richard D. Kirk, Esquire                          *VIA ELECTRONIC MAIL*
Stephen B. Brauerman, Esquire
BAYARD, P.A.
222 Delaware Avenue
Suite 900
Wilmington, DE  19801
*Attorneys for Plaintiff*

Steven G. Hill, Esquire                            *VIA ELECTRONIC MAIL*
Douglas R. Kertscher, Esquire
HILL, KERTSCHER & WHARTON, LLP
3350 Riverwood Parkway
Suite 800
Atlanta, GA  30339
*Attorneys for Plaintiff*

Collins J. Seitz, Jr., Esquire                     *VIA ELECTRONIC MAIL*
SEITZ ROSS ARONSTAM & MORITZ, LLP
100 S. West Street
Suite 400
Wilmington, DE  19801
*Attorneys for Juniper Networks, Inc.*

Richard Birnholz, Esquire                          *VIA ELECTRONIC MAIL*
Jonathan Kagan, Esquire
IRELL & MANELLA LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, CA  90067-4276
*Attorneys for Juniper Networks, Inc.*

*/s/ Paul Saindon*
_____
Paul Saindon (#5110)