# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MOSAID TECHNOLOGIES INC., <br><br> Plaintiff, <br><br> v. <br> ADOBE SYSTEMS, INC., ALCATEL-LUCENT USA, INC., APPLE, INC., INTERNATIONAL BUSINESS MACHINES CORP, JUNIPER NETWORKS, INC., NETAPP, INC., RED HAT, INC., AND VMWARE, INC. <br><br> Defendants. | C.A. No.: 11-698-GMS <br><br> JURY TRIAL DEMANDED |

## PLAINTIFF'S CONSOLIDATED REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

January 9, 2012

OF COUNSEL:

Steven G. Hill
Douglas R. Kertscher
HILL, KERTSCHER & WHARTON, LLP
3350 Riverwood Parkway, Suite 800
Atlanta, Georgia 30339
770.953.0995

BAYARD, P.A.

Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
(302) 655-5000

*Attorneys for Plaintiff Mosaid Technologies Inc.*

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES……………………………………………………………...ii

I.  NATURE AND STAGE OF THE PROCEEDING……………………………………1

II.  SUMMARY OF ARGUMENT……………………………………………………….1

III.  STATEMENT OF FACTS…………………………………………………………...2

IV.  LEGAL ARGUMENT……………………………………………………………….5

## **TABLE OF AUTHORITIES**

**Page**

**CASES**

*Abbott Labs v. Johnson & Johnson, Inc.*,
 524 F.2d Supp. 553, 558 n.10 (D. Del. 2007)……………………………………..9

*Androphy v. Smith & Nephew, Inc.*,
 31 F. Supp. 2d 620, 623 (N.D. Ill. 1998)………………………………………….7

*Collezione Europa U.S.A., Inc. v. Amini Innovation Corp.*,
 2009 U.S. Dist. LEXIS 76411, *10-12 (D.N.J. 2009)……………………………..9

*Colt Defense LLC v. Heckler & Koch Defense, Inc.*,
 C.A. No. 04-258, 2004 U.S. Dist. LEXIS 28690, at *16 (E.D. Va. Oct. 22,
 2004)………………………………………………………………………………6, 7

*DIRECTV, Inc. v. Barrett*,
 220 F.R.D. 630, 631 (D. Kan. 2004)…………………………………………….…8

*Farina v. Nokia, Inc.*,
 625 F.3d 97, 111 (3d Cir. 2010)……………………………………………….....9, 10

*Fujitsu Ltd. v. Nanya Tech. Corp.*,
 2007 U.S. Dist. LEXIS 13132, *8 (N.D. Cal. 2007)……………………………….9

*Golden Scorpio Corp. v. Steel Horse Bar & Grill*,
 596 F. Supp. 2d 1282, 1286 (D. Ariz. 2009)……………………………………...7

*Illinois Tool Works, Inc. v. Foster Grant Co.*,
 395 F. Supp. 234, 250-51 (N.D. Ill. 1974), *aff'd* 547 F.2d 1300 (7th Cir.
 1976)……………………………………………………………………………....9

*Infineon Technologies v. Fairchild Semiconductor International*,
 2009 U.S. Dist. LEXIS 94736 (D. Del. 2009)………………………………….7, 8

*Lucent Techs., Inc. v. Extreme Networks, Inc.*,
 C.A. No. 03-508-JJF (D. Del. Feb. 9, 2004)……………………………………….6

*Mosley v. Gen. Motors Corp.*,
 497 F.2d 1330, 1333 (8th Cir. 1974)……………………………………………...8

*MyMail, Ltd. v. America Online, Inc.*,
 223 F.R.D. 455, 457 (E. D. Tex. 2004),…………………………………………5,6

*Philips Elecs. N. Am. Corp. v. Contec Corp.*,
  220 F.R.D. 415, 418 (D. Del. 2004)……………………………………………….6

*Rudd v. Lux Prods. Corp.*,
  2011 U.S. Dist. LEXIS 4804 , *12 (N.D. Ill. Jan. 12,
  2011)……………………………………………………………………………….7

*Softview v. Apple*,
  2011 U.S. Dist. LEXIS 112476 (D. Del. 2011)…………………………………..5

*Softview v. Apple*,
  2011 U.S. Dist. LEXIS 140540 (D. Del. 2011)…………………………………..5

*Sprint Comm. v. TheGlobe.com*,
  233 F.R.D. 615, 617-18 (D. Kan. 2006)………………………………………….6

**STATUTES**

35 U.S.C. § 299……………………………………………………………………..2, 5, 6, 7, 9, 10

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(1)……………………………………………………………………..1

Fed. R. Civ. P. 12(b)(6)………………………………………………………………..….1, 10

Fed. R. Civ. P. 12(b)(7)……………………………………………………………………..1

Fed. R. Civ. 15( c)(1)……………………………………………………………………..7

Fed. R. Civ. P. 20……………………………………………………………………2, 5, 6, 7

Fed. R. Civ. P. 42(a)……………………………………………………………………..10

7 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §1653 (3d ed. 2001) …………………………………………….8, 9

**I.     NATURE AND STAGE OF THE PROCEEDING**

Plaintiff MOSAID Technologies, Inc. ("MOSAID") has properly filed a First Amended Complaint accusing each of the defendants of infringing U.S. Patent No. 5,892,914 (the "'914 Patent"). Before any defendant responded to this complaint, MOSAID repeatedly asked the Defendants to consent to leave to file the Second Amended Complaint in this matter. Defendants did not agree and failed to provide any rationale. The instant motion followed. With it, Defendants have exposed their preference that this lawsuit be refiled as six separate lawsuits, while defendant Juniper Networks attempts to add a seventh separate suit in California.

Additionally, the Defendants have filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). One defendant, VMware, filed a separate motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(7) for lack of standing. (D.I. 45-46). Another defendant Juniper Networks, filed a motion to transfer venue. (D.I. 53). Each of these motions is or will be separately addressed. The purpose of this reply is not to repeat arguments presented elsewhere, but instead to focus on the unique reasons presented by these Defendants as to why the Court ought to deny MOSAID's motion for leave. For the reasons set forth below, MOSAID respectfully requests that the Court grant the motion for leave to amend.

**II.    SUMMARY OF ARGUMENT**

First, the Defendants argue leave should be denied for the reasons presented in VMware's separately pending motion to dismiss for lack of standing. (D.I. 45-46). Of course, MOSAID is addressing these arguments in a separate brief, which is incorporated herein by reference, so they will not be repeated here.

1

Second, the allegation of misjoinder is not properly shown to be a basis for finding the amendment in question "futile." No motion to sever has been filed by these Defendants, but the fact that misjoinder does not demand dismissal precludes Defendants from showing futility based on alleged misjoinder.

Moreover, there is no misjoinder. 35 U.S.C. § 299 does not apply to this action because the action originally was filed on August 9, 2011, <u>before</u> the effective date of the Leahy-Smith America Invents Act ("AIA"). The provisions of the AIA do not apply to amendments to pleadings in lawsuits filed before the effective date of the AIA. Moreover, even if they did, the Second Amended Complaint relates back to the original filing date because of the overlapping subject matter in terms of identical devices being accused of infringement of similar patent claims emanating from inter-related patents to those originally asserted in the complaint and the first amendment to the complaint.

Section 299 of the AIA was passed precisely because Fed. R. Civ. P. 20 did not *per se* prohibit the practice of joining defendants in litigation where there are interwoven issues, such as in this case. MOSAID shows case law herein holding that cases such as this one are not *per se* improper under Rule 20. Thus, futility is inapplicable.

### III.  STATEMENT OF FACTS

All of the patents-in-suit are inter-related, meaning that they share a common invention disclosure (specification). Admittedly, the patent claims are not identical to each other, but all have overlapping subject matter, namely, accessing cached data in a network by passing requests and data within interconnected network nodes.

The original patent, U.S. Patent No. 5,611,049 (the "'049 Patent"), arises from the national stage of Patent Cooperation Treaty ("PCT") filing US92/04939 filed Jun. 3,

2

1992. (D.I. 33, Exhibit 2, cover sheet.) The '914 patent is a divisional patent arising from the same PCT filing. (D.I., Exhibit 1, cover sheet.) In contrast to the Defendants' suggestion that these are "separate" claims, a comparison of claim 1 of these respective patents immediately reveals their substantially overlapping subject matter:

| U.S. Pat. No. 5,611,049, Claim 1 | U.S. Pat. No. 5,892,914, Claim 1 |
|---|---|
| 1. In a network of digital computers that includes a first plurality of Network Distributed Cache ("NDC") sites, each NDC site including an NDC that has an NDC buffer, a method for projecting images of a stored dataset from an NDC server terminator site into <u>a second plurality of</u> NDC client terminator site<u>s</u> in response to request<u>s</u> to <u>concurrently</u> access such <u>stored</u> dataset transmitted from a <u>third plurality of</u> client sites <u>respectively to the second plurality of NDC client terminator sites</u>, the method comprising the steps of: | 1. In a network of digital computers that includes a plurality of Network Distributed Cache ("NDC") sites, each NDC site including an NDC that has an NDC buffer, a method for projecting <u>an image</u> of a stored dataset from an NDC server terminator site into an NDC client terminator site in response to a request to access such dataset transmitted from a client site to the NDC client terminator site, the method comprising the steps of: |
| (a) the NDC receiving the request to access data in the stored dataset; | (a) the NDC receiving the request to access data in the stored dataset; |
| (b) the NDC checking the NDC buffer at this NDC site to determine if a projected image of data requested from the stored dataset is already present there; | (b) the NDC checking the NDC buffer at this NDC site to determine if a projected image of data requested from the dataset is already present there; |
| (c) if the NDC buffer of this NDC site does not contain a projected image of all data requested from the stored dataset, and if the NDC site receiving the request is not the NDC server terminator site for the <u>stored</u> dataset, the NDC of this NDC site transmitting a request for data from this NDC site downstream to another NDC site closer to the NDC server terminator site for the <u>stored</u> dataset than the present NDC site; | (c) if the NDC buffer of this NDC site does not contain a projected image of all data requested from the dataset, and if the NDC site receiving the request is not the NDC server terminator site for the dataset, the NDC of this NDC site transmitting a request for data from this NDC site downstream to another NDC site closer to the NDC server terminator site for the dataset than the present NDC site; |
| (d) if the NDC buffer of this NDC site does not contain a projected image of all data requested from the <u>stored</u> dataset, and if the NDC site receiving the request is the NDC server terminator site for the <u>stored</u> dataset, | (d) if the NDC buffer of this NDC site does not contain a projected image of all data requested from the dataset, and if the NDC site receiving the request is the NDC server terminator site for the dataset, the NDC of |

3

| | |
|---|---|
| the NDC of the NDC server terminator site accessing the stored dataset to project an image of the requested data into the NDC buffer <u>of the NDC server terminator site</u>; | this NDC site accessing the stored dataset to project an image of the requested data into <u>its</u> NDC buffer; |
| (e) repeating the steps (a) through (d) until the NDC buffer of the downstream NDC site receiving the request contains a projected image of all requested data; | (e) repeating the steps (a) through (d) until the NDC buffer of the downstream NDC site receiving the request contains a projected image of all requested data; |
| (f) each successive NDC site, having obtained a projected image of all the requested data, returning the requested data upstream to the NDC site from which the NDC site received the request until the requested data arrives at the NDC client terminator site, <u>each NDC site that returns data upstream to the requesting NDC site retaining a copy of the returned data that the returning NDC site may subsequently transmit to an NDC site other than the NDC site to which the returning NDC site first returned the data, whereby images of the stored dataset may be projected concurrently from a single NDC site into the second plurality of NDC client terminator sites</u>; and | (f) each successive NDC site, having obtained a projected image of all the requested data, returning data requested from it upstream to the NDC site from which it received the request until the requested data arrives at the NDC client terminator site; and |
| (g) the NDC client terminator site, upon receiving the requested data, returning the requested data to the client site <u>that requested access to the stored dataset</u>. | (g) the NDC client terminator site, upon receiving the requested data, returning the requested data to the client site. |

Defendants' argue that the Court can hear the '914 Patent claims presented therein, but ought not also hear as part of the same proceedings the inter-related claims for infringement of the related patents (including the above '049 Patent) of the Second Amended Complaint – parent, sibling and children cases of the '914 Patent, all sharing a common invention disclosure. Defendants prefer to multiply the judicial proceedings by essentially asking for seven separate cases rather than one, without identifying any efficiencies or benefit to this multiplicity of litigation.

4

IV.     **LEGAL ARGUMENT**

Defendants concede that the Court may only deny a motion for leave to amend where there is: (1) undue prejudice; (2) bad faith or dilatory motives; (3) unexplained delay; (4) repeated failures to cure the deficiency by amendments previously allowed; and (5) futility. (D.I. 65 at 6.) The Defendants contend that one ground, futility, is present in this case. As set forth below, Defendants are wrong and MOSAID's proposed Second Amended Complaint is not futile.

The first argument presented is lack of standing, which of course relates to futility. The argument for lack of standing is based upon a separate filing by VMware, which MOSAID is separately addressing. Thus, MOSAID need not repeat these arguments here.

Defendants' second futility argument is based upon a supposed violation of 35 U.S.C. § 299. Section 299 was passed because, contrary to the Defendants' final argument presented (D.I. 65 at 12-14), courts often held that the practice of suing multiple defendants for infringement of the same patent in the same case was not violative of Fed. R. Civ. P. 20. *See Softview v. Apple*, 2011 U.S. Dist. LEXIS 112476 (D. Del. 2011) (denying motion to sever)(Stark, J.), *motion for reconsideration denied*, *Softview v. Apple*, 2011 U.S. Dist. LEXIS 140540 (D. Del. 2011). Thus, Fed. R. Civ. P. provides no basis for claiming that the proposed Second Amended Complaint is "futile."

As the Defendants acknowledge, there is a split of authority regarding Rule 20. In *MyMail, Ltd. v. America Online, Inc.,* 223 F.R.D. 455, 457 (E. D. Tex. 2004), the court rejected the same argument that Defendants allege here. In refuting the defendants' allegation of improper joinder, that Court opined that such a restricted "interpretation of

5

*Rule 20* is a hypertechnical one that perhaps fails to recognize the realities of complex, and particularly patent, litigation." *Id. at 457*. The Court proceeded to criticize the defendants for "advocate[ing] a rule that requires separate proceedings simply because unrelated defendants … alleged to have infringed the same patent." *Id*. Focusing on the need for pretrial efficiency, that Court then stated that "such a per se rule . . . elevates form over substance. Such an interpretation does not further the goals of *Rule 20*, especially for discovery and motion purposes." *Id.* at 457. Other cases held similarly. *See, e.g., Sprint Comm. v. TheGlobe.com*, 233 F.R.D. 615, 617-18 (D. Kan. 2006) (denying motion to sever pursuant to Fed. R. Civ. P. 20).

    The Defendants provide <u>no analysis</u> in attempting to apply <u>misjoinder</u> to the <u>futility</u> of the underlying claims asserted in a proposed amendment. Misjoinder does not translate into an automatic dismissal of claims. *See*, *Philips Elecs. N. Am. Corp. v. Contec Corp.*, 220 F.R.D. 415, 418 (D. Del. 2004) (Jordan, J.) (ordering separate trials due to improper joinder). (*See also* D.I. 65 at 12-14 (citing cases ordering separate trials rather than dismissing cases outright due to misjoinder).) Here, no Defendant has moved to <u>dismiss</u> the First Amended Complaint on the basis of alleged misjoinder, suggesting that they know such a motion would be denied.

    No Defendant has shown the Court why a <u>futility</u> argument can be predicated upon an alleged procedural misjoinder. The cases relied on by Defendants also do not support a futility argument because they do not result in <u>dismissal</u>. *See, e.g., Lucent Techs., Inc. v. Extreme Networks, Inc.*, C.A. No. 03-508-JJF (D. Del. Feb. 9, 2004) (severing but not dismissing); *Colt Defense LLC v. Heckler & Koch Defense, Inc.*, C.A.

6

No. 04-258, 2004 U.S. Dist. LEXIS 28690, at *16 (E.D. Va. Oct. 22, 2004) (severing but not dismissing); *Androphy v. Smith & Nephew, Inc.*, 31 F. Supp. 2d 620, 623 (N.D. Ill. 1998) ("the joinder of Stryker and Howmedica is improper. However, misjoinder is not grounds for dismissal"); *Golden Scorpio Corp. v. Steel Horse Bar & Grill*, 596 F. Supp. 2d 1282, 1286 (D. Ariz. 2009) (severing but not dismissing); *Rudd v. Lux Prods. Corp.*, 2011 U.S. Dist. LEXIS 4804 , *12 (N.D. Ill. Jan. 12, 2011) (severing but not dismissing).   For this reason alone, the Court should reject the Defendants' arguments relating to misjoinder under AIA Section 299 and under Fed. R. Civ. P. 20.

As the Defendants concede, Section 299 only applies to actions "commenced" after September 16, 2011.  (D.I. 65 at 7-8).  They argue that the subsequent amendments to the pleadings ought not "relate back" to the original complaint.  However, the same conduct that is alleged to give rise to the originally asserted causes of action – the making, use and sale of Adobe Flash Memory Server, Alcatel Velocix Digital Media Delivery Platform, IBM Websphere Software, Juniper Media Flow and VMware vFabric Gemfire Platform – is the very same conduct that is alleged to give rise to the infringement of these additional patents  – patents which are part of the same patent family tree as the '914 alleged in the first amended complaint.

Cases in this District indicate that suing over identical products and interrelated patents does in fact meet the "claim …that arose out of the conduct, transaction, or occurrence…set out …in the original pleading" language of Fed. R. Civ. 15(c)(1).   For example, in *Infineon Technologies v. Fairchild Semiconductor International*, 2009 U.S. Dist. LEXIS 94736 (D. Del. 2009)(Stark, J.), Infineon filed a complaint in Delaware for

infringement of five of its patents and for declaratory judgment as to invalidity of six of Fairchild's patents. Fairchild then filed an infringement action against Infineon in Maine for two patents not named in the Delaware case. Infineon filed a motion for leave to amend its Delaware Complaint to assert the two patents Infineon raised in the Maine action.

Refusing to deny the motion for leave to amend, Judge Stark noted that generally the Court that first has possession of the subject matter must decide it, and concluded that Delaware first had possession of a dispute that was broad enough to include the contentions regarding the Maine patents. He also said "the standard in this Circuit for determining whether 2 suits are one for purposes of the first-filed rule is whether they involve the <u>same facts or issues</u>." *Infineon*, 2009 U.S. Dist. LEXIS 94736, at *19 (emphasis added). The Court held that the Maine and Delaware patents all involve a particular type of transistor, the MOSFET, and noted that Infineon had identified multiple points of commonality among the patents' subject matter, where the same accused products were involved. *Id*., at 17-21.

Consistent with Judge Stark's ruling in *Infineon*, other courts have consistently held that the word "transaction" in the Federal Rules "is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *DIRECTV, Inc. v. Barrett, 220 F.R.D.* 630, 631 (D. Kan. 2004) (quoting *Mosley v. Gen. Motors Corp.,* 497 F.2d 1330, 1333 (8th Cir. 1974)). For example, the "language in a number of decisions suggests that the courts are inclined to find that claims arise out of the same transaction or occurrence when the likelihood of <u>overlapping proof and duplication in testimony</u>

8

indicates that separate trials would result in delay, inconvenience, and added expense to the parties and to the court." 7 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1653 (3d ed. 2001)(emphasis added).

The case upon which Defendants principally rely, *Illinois Tool Works, Inc. v. Foster Grant Co.*, 395 F. Supp. 234, 250-51 (N.D. Ill. 1974), *aff'd,* 547 F.2d 1300 (7th Cir. 1976), is an "outdated out-of-circuit case," which is not precedential. *Fujitsu Ltd. v. Nanya Tech. Corp.*, 2007 U.S. Dist. LEXIS 13132, *8 (N.D. Cal. 2007) (calling *Illinois Tool* "outdated and out-of-circuit," and refusing to follow it where the alleged conduct at issue was the same for both the original claim and the newly asserted claim); *see also Collezione Europa U.S.A., Inc. v. Amini Innovation Corp.*, 2009 U.S. Dist. LEXIS 76411, *10-12 (D.N.J. 2009) (another court in this circuit suggesting that relation back would apply in the context of related products and related copyrights, and characterizing the opinion in *Illinois Tool* as a more restrictive view of the law).

Defendants' citation to *Abbott Labs v. Johnson & Johnson, Inc.*, 524 F. Supp. 2d 553, 558 n.10 (D. Del. 2007) is also inapposite. In *Abbott,* the Court stated that the claim could not relate back because the right to assert infringement did not exist at the time of the original filing. That is exactly the opposite of this case, where each of the patents infringed are infringed by the same products identified in the original complaint, and where direct infringement is alleged in each of the complaints and amended complaints.

Likewise, none of these Defendants were brought into this case for the first time after the effective date of the AIA. "A party <u>brought into court by an amendment</u>, and who has, <u>for the first time</u>, an opportunity to make defense to the action, has a right to treat the proceeding, as to him, as commenced by the process which brings him into

9

court." *Farina v. Nokia, Inc.*, 625 F.3d 97, 111 (3d Cir. 2010) (emphasis added). The original complaint brought each of these defendants into the action prior to passage of the AIA.

Apparently anticipating this, the Defendants also assert that the original complaint against five of the Defendants should not count, because originally-asserted U.S. Patent No. 6,505,241 (the "'241 Patent") was disclaimed by a prior owner, unbeknownst to MOSAID. This argument misses the mark, for the First Amended Complaint nevertheless relates back to the Complaint because the patents are inter-related and the same conduct and products are alleged to infringe. Thus, it is still the same transaction or conduct at issue. Although the Defendants try to evade this basic truth by alluding to the allegations of pleading defects raised in their Rule 12(b)(6) motions to dismiss (*see* D.I. 65 at 11), these motions are not well-founded. Even if these motions had merit, Defendants focus on <u>indirect</u> infringement and willfulness implicitly concedes that every version of the complaint in this case, including the proposed Second Amended Complaint, asserts a viable cause of action for <u>direct</u> infringement against the same set of products.

As a final point, if the Court is inclined to accept the underlying assertion of misjoinder in this case, then it should sever the causes of action presented in the First and Second Amended Complaints rather than dismiss or deny leave of Court, actions which in effect would restart the case. Regardless, in such a case both MOSAID and Defendants would likely seek consolidation of some or all the cases pursuant to Fed. R. Civ. P. 42(a), at least for pre-trial purposes.

| | |
|---|---|
| January 9, 2012 | BAYARD, P.A. |
| OF COUNSEL: | */s/ Stephen B. Brauerman*<br>Richard D. Kirk (rk0922) |
| Steven G. Hill<br>Douglas R. Kertscher<br>HILL, KERTSCHER & WHARTON, LLP<br>3350 Riverwood Parkway, Suite 800<br>Atlanta, Georgia 30339<br>770.953.0995 | Stephen B. Brauerman (sb4952)<br>222 Delaware Avenue, Suite 900<br>P.O. Box 25130<br>Wilmington, DE 19899<br>rkirk@bayardlaw.com<br>sbrauerman@bayardlaw.com<br>(302) 655-5000 |
| | *Attorneys for Plaintiff Mosaid Technologies Inc.* |

11