# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MOSAID TECHNOLOGIES INC., <br><br>   Plaintiff, <br><br> v. <br><br> ADOBE SYSTEMS, INC., ALCATEL-LUCENT USA, INC., APPLE, INC., INTERNATIONAL BUSINESS MACHINES CORP, JUNIPER NETWORKS, INC., NETAPP, INC., RED HAT, INC., AND VMWARE, INC., <br><br>   Defendants. | C.A. No.: 11-698-GMS <br><br> JURY TRIAL DEMANDED |

## PLAINTIFF'S CONSOLIDATED ANSWERING BRIEF IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

| | |
|---|---|
| January 13, 2012 | BAYARD, P.A. |
| OF COUNSEL: | Richard D. Kirk (rk0922) <br> Stephen B. Brauerman (sb4952) |
| Steven G. Hill <br> Douglas R. Kertscher <br> HILL, KERTSCHER & WHARTON, LLP <br> 3350 Riverwood Parkway, Suite 800 <br> Atlanta, GA 30339 <br> (770) 953-0995 | 222 Delaware Avenue, Suite 900 <br> P.O. Box 25130 <br> Wilmington, DE 19899 <br> rkirk@bayardlaw.com <br> sbrauerman@bayardlaw.com <br> (302) 655-5000 <br><br> *Attorneys for Plaintiff Mosaid Technologies Inc.* |

**TABLE OF CONTENTS**

I. NATURE AND STAGE OF PROCEEDINGS ................................................................. 1

II. SUMMARY OF ARGUMENT ........................................................................................ 3

    1. Direct infringement ............................................................................................... 3

    2. Inducement to Infringe .......................................................................................... 3

    3. Contributory Infringement and Willful Infringement ........................................... 3

III. ARGUMENT .................................................................................................................... 4

    A. Legal Standard ...................................................................................................... 4

    B. MOSAID Properly Alleges Direct Infringement .................................................. 4

    C. MOSAID Properly Alleges Inducement to Infringe ............................................. 6

    D. MOSAID Properly Alleges Contributory and Willful Infringement .................. 10

IV. CONCLUSION ............................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937 (2009) .................................................................................................. 4, 7

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................................ 4

*Dataquill Ltd. v. High Tech Computer Corp.*,
  2011 U.S. Dist. LEXIS 138565 (S.D. Cal. Dec. 1, 2011) ............................................... 10

*Dole v. Arco Chemical Co.*,
  921 F.2d 484 (3d Cir. 1990) ............................................................................................ 13

*Foman v. Davis*,
  371 U.S. 178 (1962) ......................................................................................................... 14

*LG Display Co. v. AU Optronics Corp.*,
  686 F. Supp. 2d 429 (D. Del. 2010) ................................................................................ 11

*Lucent Techs., Inc. v. Gateway, Inc.*,
  580 F.3d 1301 (Fed. Cir. 2009) ....................................................................................... 11

*Mallinckrodt Inc. v. E-Z-Em Inc.*,
  671 F. Supp. 2d 563 (D. Del. 2009) ........................................................... 7, 8, 11, 12, 13, 14

*Mallinckrodt Inc.v. E-Z-EM Inc.*,
  670 F. Supp. 2d 349 (D. Del. 2009) ......................................................................... 3, 5, 6

*McZeal v. Sprint Nextel Corp.*,
  501 F.3d 1354 (Fed. Cir. 2007) ......................................................................................... 6

*Minkus Electronic Display Sys. Inc. v. Adaptive Micro Sys. LLC*,
  2011 U.S. Dist. LEXIS 26827 (D. Del Mar. 16, 2011) ....................................... 9, 12, 13, 14

*Oxford Gene Tech. Ltd. v. Mergen Ltd.*,
  345 F. Supp. 2d 444 (D. Del. 2004) ................................................................................ 10

*S.O.I.T.E.C. Silicon on Insulator Techs. v. MEMC Elec. Mats.*,
  2009 U.S. Dist. LEXIS 13155 (D. Del. 2009) ................................................................ 12

*SRI Int'l Inc. v. Internet Sec. Sys.*,
  647 F. Supp. 2d 323 (D. Del. 2009) ................................................................................ 10

*Xpoint Techs., Inc. v. Microsoft Corp.*,
   730 F. Supp. 2d 349 (D. Del. 2010) ................................................................................ 6, 9, 13

**Statutes**

35 U.S.C. § 271(a) .......................................................................................................................... 4, 5

**Rules**

Federal Rule of Civil Procedure 8(a)(2) ........................................................................................ 4

I. **NATURE AND STAGE OF PROCEEDINGS**

Plaintiff MOSAID Technologies, Inc. ("Plaintiff" or "MOSAID") filed this patent infringement action on August 9, 2011 (*See* D.I. No. 1 [Plaintiff's Complaint for Patent Infringement]), and filed a First Amended Complaint as a matter of right on October 6, 2011 (*See* D.I. No. 16 [Plaintiff's First Amended Complaint for Patent Infringement]). The First Amended Complaint withdrew allegations of infringement of U.S. Patent No. 6,505,241 ("the '241 Patent"), and dismissed one particular defendant. In the First Amended Complaint, MOSAID alleges that Defendants Adobe Systems, Inc. ("Adobe"), Alcatel Lucent USA Inc., ("Alcatel"), International Business Machines Corp. ("IBM"), Juniper Networks, Inc. ("Juniper"), Red Hat Inc. ("Red Hat") and VMware, Inc. ("VMware" and collectively with Adobe, Alcatel, IBM, Juniper, and Red Hat, "Defendants") infringe U.S. Patent No. 5,892,914 ("the '914 Patent"), a sibling of the '241 Patent.[1]

On December 23, 2011, Defendants each filed motions to dismiss and accompanying briefs. (*See* D.I. Nos. 42-44, 48-58, 60-61.) This brief responds to Defendants' various motions to dismiss for failure to state a claim. (D.I. Nos. 42, 48, 50, 53, 56, 60.) MOSAID will respond to VMware's standing motion and Juniper's transfer of venue motion separately. (D.I. Nos. 45, 53.)

Rather than focusing on the pleadings and the law applying Fed. R. Civ. P 12(b)(6), Defendants speculate about Plaintiff's decision to file and then amend the Complaint. Defendants mistakenly surmise that Plaintiff only amended the Complaint to allege that each Defendant infringed the '914 Patent because defense counsel informed Plaintiff that a

---

[1] MOSAID has filed also a Motion for Leave to File a Second Amended Complaint. (D.I. No. 39.) This Motion for Leave is fully briefed. (*See* D.I. Nos. 40, 64, 65, 71.)

1

predecessor in interest had disclaimed the '241 Patent. Their speculation aside, MOSAID recently acquired this portfolio consisting of numerous inter-related patents in the field of networked distributed caches, and commenced an investigation of the activities of the Defendants pertinent to each of the patents in the portfolio.[2] That investigation resulted in a Complaint, an amendment, and a request for leave to further amend the Complaint in this case, as infringement continued to be investigated.

Other than mere speculation, Defendants offer no basis for asserting that MOSAID did not begin inquiring into Defendants' infringement of the '914 Patent until after it received notice of the '241 disclaimer. Defendants' conjecture is simply false. The investigation of Defendants' infringement of the '914 Patent, and other related patents, was ongoing at the time MOSAID received notice of the disclaimer. MOSAID asserted each of the First Amended Complaint and the Second Amended Complaint after MOSAID had construed the relevant claims of the patents asserted in each and prepared detailed infringement analyses for each product and relevant patent claim on an element-by-element basis.[3] In its original Complaint, MOSAID prioritized the '241 Patent, and did not accuse all of the Defendants of infringing the '914 Patent, but it continued to investigate the Defendants' infringement of the related patents. The '241 and '914 Patents are related patents. The '914 Patent describes methods employed by the apparatus claimed in the '241 Patent. In fact, the '241 Patent is a continuation of the '914 Patent. Defendants merely assert that the patents are substantially different but provide no support for that contention.

---

[2] The company that MOSAID purchased the patents from was not Network Caching Technologies ("NCT"). Unbeknownst to MOSAID, NCT had previously disclaimed the '241 Patent, a fact which is not evident from any review of the '241 or '914 Patent file history.

[3] While these materials are protected as attorney work product because they include attorneys' mental impressions, if the Court has concerns regarding the adequacy of Plaintiff's pre-filing investigation, Plaintiff is certainly willing to provide them to the Court for *in camera* review.

Because of the close interrelationship between the patents, it is hardly surprising that MOSAID's First Amended Complaint contains infringement allegations that are virtually unchanged from those in the original Complaint. The products and practices accused of infringement are identical in each pleading. As set forth below, the allegations asserted against Defendants in the First Amended Complaint satisfy the requirements of Rule 12(b)(6) and the Court should deny Defendants' Motions to Dismiss.

## II.     SUMMARY OF ARGUMENT

1. Direct infringement

Because the First Amended Complaint pleads each of the six facts required under Delaware law, Plaintiff states a claim for direct infringement. *Mallinckrodt Inc.v. E-Z-EM Inc.*, 670 F. Supp. 2d 349, 353 (D. Del. 2009) (Farnan, J.).

2. Inducement to Infringe

Plaintiff's First Amended Complaint alleges that the original Complaint provided Defendants with knowledge of the '914 Patent two months before it was filed. This factual allegation is sufficient for the Court reasonably to infer that Defendants had knowledge of the '914 Patent at the time of the infringing activity. Further, to the extent that the Court disagrees as to the timing of when the Defendants gained knowledge of the '914 Patent that is an issue that merely influences the scope of recoverable damages. It is not a reason to dismiss the complaint at the pleading stage.

3. Contributory Infringement and Willful Infringement

Plaintiff adequately alleges contributory and willful infringement. The knowledge allegations, which are explained more fully in the section on inducement below, apply equally to the Plaintiff's claims for contributory and willful infringement. Further, the other elements that

3

Defendants claim should have been asserted in the First Amended Complaint are extraneous to whether Plaintiff has properly stated a claim. Lastly, if the Court finds that Plaintiff inadequately alleged its claims, MOSAID respectfully requests that the Court grant the Plaintiff leave to amend, rather than dismissing the First Amended Complaint.

### III.  ARGUMENT

#### A. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) only requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the. . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). Although a complaint must contain more than legal conclusions, a complaint is not required to plead "detailed factual allegations." *Twombly*, 550 U.S. at 555 and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Even under the recent heightened pleading standards articulated by the Supreme Court, a plaintiff's burden in pleading its complaint is not equivalent to its burden at trial.

#### B. MOSAID Properly Alleges Direct Infringement

The Defendants do not agree amongst themselves on whether MOSAID adequately pled direct infringement. In fact, VMware is the <u>only</u> party to contend that MOSAID fails to state a claim for direct infringement. As five of the six Defendants concede, MOSAID adequately pleads direct infringement in its First Amended Complaint by alleging that the Defendants <u>used</u> "the methods described in one or more of the claims of the '914 Patent . . . [when they] tested, demonstrated and developed true and accurate technical literature relating to" the accused products in violation of 35 U.S.C. § 271(a). (*See* D.I. No. 16 at ¶ 24*; see also id.* at ¶¶ 30, 31, 32, 33, 34.) Use of the methods of the '941 Patent by each Defendant constitutes direct

4

infringement, even if the use results from testing its or demonstrating its equipment, whether for internal use or to validate various claims made by the Defendants in their marketing materials about the way their equipment performs. *See* 35 U.S.C. § 271(a).

To plead a viable claim for direct infringement the plaintiff must have "1) asserted plaintiff's ownership of the patent-in-suit; 2) named defendants; 3) cited the patent-in-suit as allegedly infringed; 4) described the means by which defendant allegedly infringed; 5) pointed to the specific patent law invoked; and 6) identified the allegedly infringing product manufactured and distributed by defendants." *Mallinckrodt Inc.*, 670 F. Supp. 2d at 353. The First Amended Complaint adequately pleads each of the six facts. Plaintiff's ownership is alleged in paragraph 21. (D.I. No. 16.) The Defendants are named in paragraphs 2-8. (*Id.*) The patent-in-suit is cited in several paragraphs, including paragraph 21. (*Id.*) Plaintiff describes the means by which the Defendants allegedly infringe in multiple paragraphs, including paragraphs 22-24 and 26-35. (*Id.*) Plaintiff identifies the applicable patent laws in paragraphs 22 and 27. (*Id.*) Finally, Plaintiff identifies the allegedly infringing products manufactured, used, and sold by the Defendants in paragraphs 23 and 28. (*Id.*)

Despite allegations concerning each of the required claim elements, VMware alone contends that MOSAID fails to adequately allege that the Defendants perform all of the steps of the patented method. At this stage in the litigation, however, "a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend," and is "not required to specifically include each element of the claims of the asserted patent." *Mallinckrodt Inc.*, 670 F. Supp. 2d at 353 (*quoting McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007). A plaintiff is not even required to "identify which claims it is asserting." *Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 353 (D. Del. 2010) (Robinson, J.). If the claim

does not have to be identified, there can be no basis in Delaware law for contending that the First Amended Complaint must plead facts showing that VMware performs each step of any particular method claimed within the patent. Because VMware confuses the difference between what MOSAID must prove at trial and what MOSAID must plead in its First Amended Complaint, the Court should deny the Motion to Dismiss as to the adequacy of pleading direct infringement.

VMware's contention that the investigation of its use of the '914 Patent did not begin until receipt of notice that the '241 Patent had been disclaimed is both irrelevant and false. (*See supra* Part I.) Regardless, the Court need not resolve this factual dispute at the pleading stage, because on a motion to dismiss, the factual allegations set forth in the First Amended Complaint must be accepted as true. *See Iqbal*, 129 S. Ct. at 1940-41.

VMware also argues that MOSAID fails to state a claim for direct infringement because its allegations contain conditional language. Although some courts disfavor the use of conditional language, its use does not warrant dismissal of a complaint. This Court has found a complaint to sufficiently allege infringement, even though it contained conditional language. *Mallinckrodt Inc. v. E-Z-Em Inc.*, 671 F. Supp. 2d 563, 569 (D. Del. 2009) (Farnan, J.) (holding that "the proposed Amended and Supplemental Complaint sufficiently pleads that Defendants intended to induce infringing acts" when the complaint alleged defendants "actively induc[e] the making, use, offer for sale, sale, and/or import"). Despite its use of conditional language, because the First Amended Complaint gives the Defendants fair notice of what the claim is, Defendants' motions should be denied.

### C. MOSAID Properly Alleges Inducement to Infringe

MOSAID adequately alleges that each of the Defendants knowingly induced infringement of the '914 Patent. *See Mallinckrodt Inc.*, 671 F. Supp. 2d at 568-69 (outlining the

6

elements of inducement as requiring the plaintiff plead "that the alleged infringer's actions induced infringing acts and that he knew or should have known his actions would induce actual infringements."). In paragraph 21 of its First Amended Complaint, Plaintiff alleges, "[t]he '914 Patent is attached to the original complaint in this matter, and <u>each of the Defendants has been aware of the '914 Patent since at least as early as on or about August 2011</u>, when each was served with the summons and complaint in this case." (*See* D.I. No. 16 (emphasis added).) Plaintiff further alleges, that with full knowledge of the '914 Patent the <u>Defendants encourage users to perform the steps claimed in the '914 Patent by continuing to provide marketing and sales-related literature, relating to the accused products</u>. (*See* D.I. No. 16 at ¶. 35.) Although the original Complaint only alleged that Red Hat infringed the '914 Patent, it alleged that each Defendant induced infringement of a sister patent – the '241 Patent. Given that the '914 Patent was attached to the Complaint served on <u>all</u> of the Defendants, each Defendant had knowledge of the '914 Patent as of at least August 9, 2011. Because each Defendant had actual knowledge of the '914 Patent and MOSAID's previously-asserted allegation that Defendants induced infringement of a sister patent, MOSAID's allegation that Defendants knowingly induced infringement of the '914 Patent after service of the original Complaint is reasonable.

Defendants cite a line of cases which are not applicable to this case, holding that knowledge of the patent occurring <u>after</u> filing the action asserting patent infringement is insufficient for pleading knowledge for indirect infringement. *See e.g. Xpoint Techs., Inc.*, 730 F. Supp. 2d at 357. Assuming arguendo that this line of cases may have applied to the original Complaint, it does not apply to the First Amended Complaint. The First Amended Complaint, alleges that the Defendants had knowledge of the '914 patent approximately two months before it was filed.

7

Further, when this Court has previously held that the plaintiff failed to adequately allege pre-filing knowledge, the Court did not dismiss the complaint but rather limited the available damages unless the plaintiff amended its complaint:

> Given that all defendants will be deemed to have knowledge of the '174 patent as of the date the complaint was filed, and given that the only consequence (I believe) of this decision is limiting plaintiffs damages to the period dating from a defendant's first knowledge of the '174 patent, the court will so limit plaintiff's damages as to each defendant unless plaintiff chooses to amend its complaint to allege sufficient facts as to an individual defendant's knowledge.

*Minkus Electronic Display Sys. Inc. v. Adaptive Micro Sys. LLC*, C.A. No. 10-666-SLR, 2011 U.S. Dist. LEXIS 26827, *17 (D. Del Mar. 16, 2011) (J. Robinson). In the event that this Court concludes that the original Complaint did not give the Defendants adequate notice of the '914 Patent, the Court should simply limit the damages period to the date after the First Amended Complaint was filed unless MOSAID discovers facts demonstrating Defendants' knowledge of the '914 Patent prior to that date.

While the Defendants are correct that at trial Plaintiff must prove a third party direct infringer, at the pleading stage, this issue is premature. *See Minkus Electronic Display Sys. Inc.*, 2011 U.S. Dist. LEXIS 26827, at *14 ("Plaintiff need not plead that a specific third party directly infringes the patent-in-suit in order to state a claim for indirect infringement."). Even absent identification of a third party, Plaintiff adequately pleads inducement of infringement and the Motions to Dismiss should be denied.

Finally, not only did the original Complaint provide the Defendants with knowledge of the '914 Patent but it also evidences that they were subjectively aware of the risks of infringement and allows the Court to reasonably infer intent to induce infringement. In the context of indirect infringement, MOSAID is not required to provide direct evidence of intent. *Oxford Gene Tech. Ltd. v. Mergen Ltd.*, 345 F. Supp. 2d 444, 464 (D. Del. 2004) (Jordan, J.) ("A

8

patentee may prove intent through circumstantial evidence."). Specifically, this District has held that "showing that the alleged infringer's actions induced infringing acts and that he knew or should have known his actions would induce actual infringements . . . amounts to a showing of specific intent." *SRI Int'l Inc. v. Internet Sec. Sys.*, 647 F. Supp. 2d 323, 335 (D. Del. 2009) (Robinson, J.). *See also Dataquill Ltd. v. High Tech Computer Corp.*, C.A. No. 08-cv-543-IEG (BGS), 2011 U.S. Dist. LEXIS 138565, *26-*28 (S.D. Cal. Dec. 1, 2011).

Additionally, intent to infringe can be inferred from MOSAID's allegation that the Defendants provide technical product information. (*See* D.I. No. 16 at ¶¶ 24, 30-35); *LG Display Co. v. AU Optronics Corp.*, 686 F. Supp. 2d 429, 464-65 (D. Del. 2010) (Farnan, J.) (holding that "product information and marketing materials to its U.S. customers for the purpose of encouraging U.S. sales" was evidence of intent to induce); *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1322 (Fed. Cir. 2009) ("Evidence of. . . advertising an infringing use, can support a finding of an intention for the product to be used in an infringing manner.").

Further, this Court has not required plaintiffs to plead factual allegations of intent to induce infringement to survive a motion to dismiss. *Mallinckrodt Inc.*, 671 F. Supp. 2d at 569. There, the Court found "the proposed Amended and Supplemental Complaint sufficiently pleads that Defendants intended to induce infringing acts" when the complaint only alleged the conclusory statements that Defendants "actively induc[e] the making, use, offer for sale, sale, and/or import of" allegedly infringing product, "intend[ing] that others will use its injector systems in a manner that infringes the '434 patent." Given the lower standard for pleading intent than knowledge, MOSAID adequately pled the specific intent element.

### D. MOSAID Properly Alleges Contributory and Willful Infringement

Again the Defendants cannot agree whether the Plaintiff adequately pleads contributory and willful infringement. *See Mallinckrodt Inc.*, 671 F. Supp. 2d at 569 (to plead contributory infringement the complaint must adequately plead that "the alleged contributory infringer knew that the combination for which his component was especially designed was both patented and infringing") and *S.O.I.T.E.C. Silicon on Insulator Techs. v. MEMC Elec. Mats.*, 2009 U.S. Dist. LEXIS 13155 (D. Del. 2009) (Robinson, J.) (finding that post-*Twombly* willful infringement can be adequately plead with conclusory allegations and holding that "is and has been willful" is sufficient). Some contend that Plaintiff fails to adequately allege the knowledge and intent elements. Others assert that the Plaintiff is also obligated to identify the specific component and plead that it lacks substantial non-infringing uses. As discussed in the preceding section, the Plaintiff alleges sufficient facts (based on the August, 2011 filing of the original Complaint) for the Court reasonably to infer that the Defendants had knowledge of the patent-in-suit before they induced infringement.

Additionally, to state a claim for contributory infringement, a plaintiff is not required to plead that a third party committed an entire act of infringement. *See Minkus Electronic Display Sys. Inc.*, 2011 U.S. Dist. LEXIS 26827 at *14. Likewise, a plaintiff is not required to identify the component that lacks substantial noninfringing uses. *Id* at *15. As long as the plaintiff identifies the "specific products that directly infringe" that "satisfies the requirement that some part or product contributorily infringe." *Id.* Again, because the Defendants confuse the difference between stating a claim for contributory infringement and proving contributory infringement, Defendants' motions should be denied.

In the event that the Court finds that the Plaintiff has not adequately alleged direct infringement, inducement to infringe, contributory infringement, and/or willfulness, the Court should grant leave for the Plaintiff to amend to cure, or withdraw, the necessary allegations. Federal Rule of Civil Procedure 15(a) states that "[t]he court should freely give leave when justice so requires." The Third Circuit has followed this mandate, adopting a policy of liberally allowing amendment unless certain extraordinary circumstances exist. *See Dole v. Arco Chemical Co.*, 921 F.2d 484, 487 (3d Cir. 1990) (noting that the Third Circuit uses "strong liberality" in determining whether amendment should be permitted); *Mallinckrodt Inc.*, 671 F. Supp. 2d at 567-68. Specifically in the context of patent infringement, this Court has consistently granted leave for the plaintiff to amend its complaint in situations where it found that the plaintiff inadequately pled infringement. *See Xpoint Techs., Inc.*, 730 F. Supp. 2d at 357 ("The court will give leave to plaintiff to amend its indirect infringement claims"); *Mallinckrodt Inc.*, 671 F. Supp. 2d at 567-68 ; *Minkus Electronic Display Sys. Inc.*, 2011 U.S. Dist. LEXIS 26827 at *17.

Amendment should be permitted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc." *Foman v. Davis,* 371 U.S. 178, 182 (1962). In the present case, allowing an amendment to cure any pleading deficiencies would cause no conceivable prejudice to the Defendants. Here, any amendment would not cause undue delay because discovery has not yet begun. Additionally, the Defendants' raised this issue for the first time on December 23, 2011 in their motions to dismiss. Finally, an opportunity to cure will not be futile because the Plaintiff's ongoing investigation continues to yield the discovery of more factual information

which can now be plead (e.g., specific customers of the Defendants who are directly infringing, along with Defendants' intentional and ongoing sales, marketing and customer support initiatives undertaken with specific knowledge of the '914 Patent). Given the specific context of this case, the applicable rules, and the Third Circuit's policy of liberality in granting leave to amend, if the Court were to conclude that MOSAID failed sufficiently to pled any of its claims, it should afford MOSAID the ability to amend to cure or withdraw the allegations.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny each of the Defendants' Motions to Dismiss.

January 13, 2012

OF COUNSEL:

Steven G. Hill
Douglas R. Kertscher
HILL, KERTSCHER & WHARTON, LLP
3350 Riverwood Parkway, Suite 800
Atlanta, GA 30339
(770) 953-0995

BAYARD, P.A.

*/s/ Stephen B. Brauerman*
Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
(302) 655-5000

*Attorneys for Plaintiff
 MOSAID Technologies Inc.*