**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

MOSAID TECHNOLOGIES INC.,

Plaintiff,

v.

ADOBE SYSTEMS, INC., ALCATEL-LUCENT USA, INC., APPLE, INC., INTERNATIONAL BUSINESS MACHINES CORP, JUNIPER NETWORKS, INC., RED HAT, INC., AND VMWARE, INC.

Defendants.

C.A. No.: 11-698-GMS

JURY TRIAL DEMANDED

**PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANT JUNIPER NETWORKS' MOTION TO DISMISS MOSAID'S FIRST AMENDED COMPLAINT AND TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA**

January 13, 2012

OF COUNSEL:

Steven G. Hill
Douglas R. Kertscher
HILL, KERTSCHER & WHARTON, LLP
3350 Riverwood Parkway, Suite 800
Atlanta, Georgia 30339
770.953.0995

BAYARD, P.A.

Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
(302) 655-5000

*Attorneys for Plaintiff MOSAID Technologies Inc.*

**TABLE OF CONTENTS**

I. NATURE AND STAGE OF PROCEEDINGS ........ 1

II. SUMMARY OF ARGUMENT ........ 2

III. ARGUMENT ........ 2

A. MOSAID'S First Amended Complaint properly asserts direct, indirect and willful infringement claims against Juniper. ........ 2

B. Defendants are properly joined as parties in this case. ........ 3

C. The District of Delaware is the proper venue for this action. ........ 3

1. Relevant Factors for a Motion to Transfer ........ 4

2. Private Interest Factors ........ 5

3. Public Interest Factors ........ 8

IV. CONCLUSION ........ 10

# TABLE OF AUTHORITIES

## Federal Cases

*Acuity Brands, Inc. v. Cooper Industries, Inc.*, 2008 U.S.Dist. LEXIS 58364 at *2.......4, 5, 6, 7, 8

*Apple, Inc. v. High Tech Computer Corp.*, 2011 U.S. Dist. LEXIS 4278, at *4 (D. Del. January 18, 2011)..........6

*Automotive Technologies Int'l, Inc. v. American Honda Motor Co., Inc.*, 2006 U.S. Dist. LEXIS 92249, *3..........5, 9

*Campbell Pet Company v. Miale*, 542 F.3d 879 (Fed. Cir. 2008)..........6

*Carl Zeiss Meditec v. Optovue, Inc.*, 2011 U.S. Dist. LEXIS, *4 (D. Del. April 12, 2011)........7, 8

*Infineon Technologies v. Fairchild Semiconductor International*, 2009 U.S. Dist. LEXIS 94736, *19 (D. Del. 2009)..........8

*Jumara v. State Farm, Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995)..........4, 7

*Serco Services Co. v. Kelley Co.*, 51 F.3d 1037, 1039 (Fed. Cir. 1993)..........8

*Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970)..........4

*Wesley-Jessen Corp. v. Pilkington Visioncare, Inc.*, 157 F.R.D. 215, 218 (D. Del. 1993)............8

## Statutes

28 U.S.C. § 1404.......... 8

Leahy-Smith American Invents Act, Pub. L. No. 112-29, § 299 (2011).......... 3

## Other Authorities

http://www.uscourts.gov/Statistics/FederalCourtManagementStatistics.aspx .......... 9

In addition to asserting the same general arguments for dismissal that the other Defendants in this action have made, Defendant Juniper Networks, Inc. ("Juniper") has moved to transfer venue to the Northern District of California. As set forth below and in MOSAID's Consolidated Answering Brief in Opposition to Defendants' Motions to Dismiss (the "Consolidated Answering Brief") (D.I. 72), Juniper's arguments for dismissal are without merit and venue is proper in the District of Delaware. Therefore, Juniper's Motion to Dismiss MOSAID's First Amended Complaint and to Transfer Venue to the Northern District of California should be denied.

## I. NATURE AND STAGE OF PROCEEDINGS

Plaintiff filed the within patent infringement action on August 9, 2011 (*See* D.I. 1 [Plaintiff's Complaint for Patent Infringement]), and filed a First Amended Complaint on October 6, 2011 (*See* D.I. 16 [Plaintiff's First Amended Complaint for Patent Infringement]). On December 13, 2011, Plaintiff filed a Motion for Leave to File a Second Amended Complaint, (originally filed November 11, 2011 as D.I. 33) seeking to add additional infringement allegations relating to the same accused products that are already in the case, based upon Plaintiff's continuing investigation of these products. These additional allegations arise out of the fact that these accused products are also believed to infringe additional patents which are related to the '914 patent asserted in the First Amended Complaint. No new parties and no new products were sought to be added by the proposed Second Amended Complaint. Defendants have each filed motions to dismiss Plaintiff's First Amended Complaint, contending that it insufficiently pleads indirect and willful infringement.

## II. SUMMARY OF ARGUMENT

Juniper's arguments for dismissal are substantively the same as those of the other Defendants. Therefore, to simplify the issues for the Court, MOSAID addresses those arguments in its Consolidated Answering Brief. (D.I. 72.) The unique arguments Juniper asserts concerning joinder and transfer and are addressed in this brief. This action was filed before the effective date of the Leahy-Smith America Invents Act, so its provisions precluding the joinder of multiple patent infringers in one action do not apply to this case. Furthermore, while Juniper's Brief indicates that Defendants' Joint Motion to Dismiss or Sever Claims for Improper Joinder is concurrently filed, no joint motion has actually been filed at this time. MOSAID, with the consent of Juniper's counsel and permission of the Court, will address that argument in detail in the event a joint motion is filed.

Juniper requests that the action against it be severed and transferred to the Northern District of California, but it fails to carry its burden to establish a need for transfer. Among other things, Plaintiff legitimately chose this forum as the state of incorporation of every Defendant in this case. Furthermore, Juniper demonstrates no private or public interest factors that show a need to interfere with that rational choice.

## III. ARGUMENT

### A. MOSAID'S First Amended Complaint properly asserts direct, indirect and willful infringement claims against Juniper.

Each Defendant has moved to dismiss Plaintiff's First Amended Complaint, contending that it fails to adequately plead indirect and willful infringement claims. Rather than file a separate response opposing Juniper's Motion on this issue, Plaintiff incorporates herein its

Consolidated Answering Brief (D.I. 72), showing that Plaintiff has sufficiently plead its claims in this case.[1]

**B. Defendants are properly joined as parties in this case.**

Juniper's Brief asserts that the First Amended Complaint "should be dismissed for improper joinder." (*See* D.I. 54 at 12 [Defendant Juniper Networks' Motion to Dismiss MOSAID'S First Amended Complaint and to Transfer Venue to the Northern District of California]). Juniper includes a short, one-paragraph argument on this point and states that "[t]he grounds for this requested relief are further set forth in Defendants' Joint Motion to Dismiss Or Sever Claims for Improper Joinder." To date, no such Joint Motion has been filed, and counsel for Juniper has informed Plaintiff's counsel that there is no need to respond to Juniper's contention on this point unless and until Defendants submit a Joint Motion. As a result, the Court should deny this aspect of Juniper's motion as moot. Suffice to say that this action was filed before the effective date of the Leahy-Smith American Invents Act, Pub. L. No. 112-29, § 299 (2011), and that Plaintiff properly sued Defendants for infringement of related patents in accordance with procedural rules in place at the time of filing. Plaintiff will further address this issue when and if Defendants file a Joint Motion, as indicated.

**C. The District of Delaware is the proper venue for this action.**

All of the Defendants in this action, including Juniper, are Delaware corporations. Thus, venue is unquestionably proper in this judicial district. Nonetheless, Juniper has moved to sever the claims against it and to transfer the case to the Northern District of California, arguing that it

---

[1] Plaintiff further notes that, while Juniper's Motion is entitled "Defendant Juniper Networks' Motion to Dismiss MOSAID'S First Amended Complaint," Juniper makes no assertion that the First Amended Complaint fails to properly allege a claim of direct infringement. Therefore, with respect to its argument that infringement allegations have been insufficiently plead, Juniper's Motion is more properly characterized as a partial motion to dismiss.

is a "clearly more convenient forum." (*See* D.I. No. 54 at 13). The Third Circuit and this Court have issued several decisions that mandate denial of Juniper's Motion.

1. Relevant Factors for a Motion to Transfer

In a motion to transfer, the burden is on the movant to establish the need to transfer to the proposed venue. *See, e.g., Jumara v. State Farm, Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995); *see also Acuity Brands, Inc. v. Cooper Industries, Inc.*, 2008 U.S.Dist. LEXIS 58364 at *2. "[U]nless the balance of convenience strongly favors a transfer in favor of [the] defendant, the plaintiff's choice of forum should prevail." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970).

In *Jumara*, the Third Circuit identified private and public interest factors as among those that may be considered in deciding a motion to transfer:

<u>Private interest factors</u>: (1) plaintiff's forum preference as manifested in the original choice; (2) defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

<u>Public interest factors</u>: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. *Jumara*, 55 F.3d at 875.

Application of these factors weighs against transfer under the circumstances of this case and Juniper cannot carry its burden to overcome Plaintiff's chosen venue.

2. Private Interest Factors

The initial private interest factor – the plaintiff's choice of forum – weighs strongly against transfer. Juniper asserts that Plaintiff's choice merits less deference in this instance because it is not MOSAID's principal place of business, as MOSAID is a Canadian corporation. However, even where the plaintiff's principal place of business is not the pending venue, "the court should not disregard a plaintiff's choice of forum where it has a rational and legitimate reason for choosing the forum." *Automotive Technologies Int'l, Inc. v. American Honda Motor Co., Inc.*, 2006 U.S. Dist. LEXIS 92249, *3. In this action, all of the Defendants are Delaware corporations. (*See* D.I. No. 16, ¶¶ 2-8 [Plaintiff's First Amended]). It is imminently rational for Plaintiff to sue Defendants in the State where each one of them is incorporated. "Having received the benefits of Delaware incorporation, a defendant cannot now complain that another corporation has chosen to sue it here." *Acuity Brands, supra* at *3.

Plaintiff's headquarters is based in Ottawa, Canada. Plaintiff's principal office is less than 500 miles from Wilmington, Delaware, making it a reasonable forum for trial. Defendants are all Delaware corporations and none have moved to dismiss on personal jurisdiction grounds. In fact, Juniper does not contend that the Plaintiff picked this forum for an illegitimate reason. It is imminently reasonable for Plaintiff to choose a forum in which each of the Defendants is incorporated and which is reasonably close to Plaintiff's corporate residence. As Juniper does not deny that there is legitimate reason for Plaintiff to file suit in Delaware, Juniper is unable to carry its substantial burden to overcome Plaintiff's chosen forum.

Furthermore, while each of the Defendants is subject to jurisdiction in Delaware, MOSAID is **not** subject to jurisdiction in the venue where Juniper seeks transfer – the Northern District of California. MOSAID is not registered to do business in California and it maintains no employees or offices there. (*See* Smetana Declaration, ¶ 5.) Consequently, MOSAID does not have the "continuous and systematic" contacts with California necessary to sustain general jurisdiction over MOSAID there (*See Campbell Pet Company v. Miale*, 542 F.3d 879 (Fed. Cir. 2008)), and Juniper has made no showing of specific jurisdiction. Thus, MOSAID made an appropriate choice of forum and venue should remain in Delaware.

Juniper's primary arguments regarding the private interest factors are similar to those that this Court has considered and rejected on numerous occasions. Juniper asserts that convenience of the parties weighs in favor of transfer. However, Juniper provides no evidence of any undue burden that will result from litigation in Delaware.[2] *See Apple, Inc. v. High Tech Computer Corp.*, 2011 U.S. Dist. LEXIS 4278, at *4 (D. Del. January 18, 2011) (transfer denied where movant "failed to demonstrate a specific physical or financial condition that would make litigating in Delaware burdensome."). Litigation in California would certainly not be more convenient for MOSAID, which has no connection of any kind with California. (*See* Smetana Declaration, ¶ 5.) When a plaintiff has a rational basis for bringing an action in Delaware, that choice of forum warrants strong deference, even if another forum is more convenient for *both* the Plaintiff and the Defendant – which California is not. *See Acuity, supra* at *4 (denying transfer where plaintiff was headquartered in Georgia, the venue to which transfer was sought, but had

---

[2] In fact, litigation in Delaware would appear to be quite convenient and pose no difficulty for Juniper, as Juniper recently filed its own patent action in the District of Delaware against a California-based competitor. *See Juniper Networks, Inc. v. Palo Alto Networks, Inc.*, C.A. No. 1:11-cv-01258-SLR, filed on December 19, 2011.

rational basis for filing action in Delaware because "even if it would be more convenient for [the plaintiff] to litigate in Georgia, its choice of forum should not be lightly disturbed.").

Juniper also claims that the convenience of witnesses weighs in favor of transfer. Specifically, Juniper notes that the inventor is identified on the patents as residing in California and asserts that because Juniper is headquartered in California "in large part its technical and business witnesses are likely to be in this same location." (*See* D.I. 54 at 16). Juniper overlooks the fact that the Third Circuit considers convenience of the witnesses "only to the extent that the witnesses may actually be unavailable for trial." *Jumara*, 55 F.3d at 879. Juniper fails to identify a single witness who will be unavailable for trial in Delaware. *See Acuity, supra* at *4 (transfer denied where movant identified out-of-state witnesses but failed "to demonstrate that these witnesses will be either unable or unwilling to travel to Delaware."); *see also Carl Zeiss Meditec v. Optovue, Inc.*, 2011 U.S. Dist. LEXIS, *4 (D. Del. April 12, 2011) (transfer denied where Court noted that "[w]hile it is true that none of the potential third-party witnesses identified by the parties appear to reside in Delaware, [movant] fails to demonstrate that any witness is unable or unwilling to travel to Delaware.") In addition, Juniper's "technical and business witnesses" at its headquarters are irrelevant to this consideration, as "[p]arty witnesses such as employees are presumed willing to testify at trial." *Id.* Thus, Juniper has failed to establish that the convenience of witnesses favors transfer of this action.

Similarly, Juniper contends that the location of books, records and evidence merits transfer to the Northern District of California because its headquarters is located there. Again, Juniper fails to demonstrate that any evidence could not be produced in Delaware.

As this court has previously noted:

> Technological advances have substantially reduced the burden of having to litigate in a distant forum . . . These technologies have shortened the time it takes

> to transfer information, reduced the bulk or size of documents or things on which information is recorded and can be transferred and have lowered the cost of moving that information from one place to another.

*Carl Zeiss, supra* at *4 (quoting *Wesley-Jessen Corp. v. Pilkington Visioncare, Inc.*, 157 F.R.D. 215, 218 (D. Del. 1993). The location of evidence does not warrant transfer of this case.

3. Public Interest Factors

Several public interest factors have no application in this case, and Juniper essentially concedes as much. Of the public interest factors Juniper claims, it argues most strenuously of "practical considerations," which it again contends weighs in favor of transfer because of the location of documents and witnesses. As previously noted, Juniper provides no evidence – or even a claim – that any particular witnesses or evidence will be unavailable for trial in Delaware. Therefore, these "practical considerations" do not justify transfer of this case. *See Acuity, supra* at *4 (noting that "a flight to Delaware is not an onerous task warranting transfer.")

Juniper also argues that its filing of a declaratory judgment action in the Northern District of California, over four months **after** Plaintiff filed this action, supports transfer of this case. (*See* D.I. 54 at 18). Juniper offers no authority for its position that a later-filed case merits transfer of an action that precedes it.[3] Moreover, as stated above, MOSAID is not subject to jurisdiction in California. It would be inappropriate to use 28 U.S.C. § 1404 to transfer this

---

[3] To the extent Juniper contends that the California declaratory judgment action should be considered "first filed" because MOSAID's amended complaints assert additional patents not identified in MOSIAD's initial complaint, MOSAID notes that the complaint and amended complaints all concern <u>the same accused products and the same technology</u>. "[T]he standard in this Circuit for determining whether two suits are one for purposes of the first-filed rule is whether they involve the same facts or issues." *Infineon Technologies v. Fairchild Semiconductor International*, 2009 U.S. Dist. LEXIS 94736, *19 (D. Del. 2009). Moreover, the first filed rule is not absolute, and the Court has the discretion to maximize judicial efficiency and economy in determining the venue for litigation to proceed. *Serco Services Co. v. Kelley Co.*, 51 F.3d 1037, 1039 (Fed. Cir. 1993).

action from a Court that undisputedly has jurisdiction over all parties, to a venue that cannot exercise jurisdiction over MOSAID.

In addressing other public interest factors, Juniper asserts that transfer will further the public interest of relieving Delaware's court docket. However, the Northern District of California's docket is similarly burdened. The most recent (June 2011) Federal Court Management Statistics show that the Northern District of California has more cases per judgeship (486) than does the District of Delaware (464) and that the Northern District of California has a longer time to trial (30.3 months) than does the District of Delaware (26.8 months).[4] In addition, for the first time in several years, the District of Delaware now has a full bench, with the recent confirmation of its fourth District Judge and second Magistrate Judge. Thus, court congestion does not warrant transfer to the Northern District of California.

Finally, Juniper contends that local interest and public policy weighs in favor or transferring this action. "[I]t is well settled that patent rights are not considered state or local matters and do not implicate local interests." *Automotive Technologies Int'l, Inc., supra* at *3; *see also Carl Zeiss Meditec, supra* at *5 ("because this is a patent infringement case, local concerns are not implicated.") Consequently, local interest and public policy does not support transfer.

[4] This date, compiled by the Administrative Office of the U.S. Courts, can be found at http://www.uscourts.gov/Statistics/FederalCourtManagementStatistics.aspx.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant Juniper's Motion to Transfer.

January 13, 2011

BAYARD, P.A.

_/s/ Stephen B. Brauerman_
Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
(302) 655-5000

*Attorneys for Plaintiff MOSAID Technologies Inc.*

OF COUNSEL:

Steven G. Hill
Douglas R. Kertscher
HILL, KERTSCHER & WHARTON, LLP
3350 Riverwood Parkway, Suite 800
Atlanta, GA 30339
(770) 953-0995