IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MOSAID TECHNOLOGIES INC.,<br><br>    Plaintiff,<br><br>v.<br><br>ADOBE SYSTEMS, INC., ALCATEL-LUCENT USA, INC., INTERNATIONAL BUSINESS MACHINES CORP, JUNIPER NETWORKS, INC., RED HAT, INC., AND VMWARE, INC.<br><br>    Defendants. | C.A. No.: 11-698-GMS<br><br>JURY TRIAL DEMANDED |

## DECLARATION OF WILLIAM PITTS

I, William Pitts, declare as follows:

1. My name is William Pitts. I am over twenty-one (21) years of age, laboring under no physical or mental disabilities and am competent to make this affidavit. I have personal knowledge of the matters set forth herein and if called to testify, I could and would competently testify to the best of my personal recollection as follows:

2. I left Auspex in 1990. Afterwards, I conceived of the subject matter disclosed in the original invention disclosure which was filed with the United States Patent and Trade Office on June 3, 1992 and became Application No. PCT/US92/04939. The core principles of this application for letters patent applied to having network nodes (multiple machines), each

having their own cache and processing, as well as the ability to communicate upstream and downstream with each other to locate a requested item of data in a memory cache or, if necessary, in the original file.

3. In late 1992, I had discussions with Auspex wherein they suggested that I would return to work for them and assign them all of my intellectual property in exchange for a certain amount of Auspex stock. However, we were not able to reach any agreement on this and I did not speak with Auspex again until 1994.

4. In 1994, Auspex and I reached an more limited agreement whereby they could incorporate the software that I had been working on into Auspex products and I signed the May 5, 1994 Auspex/Pitts license agreement.

5. This agreement is a product license agreement with exclusivity in a very narrow field of use. The agreement specifically states in Section 2.0 that the rights conferred are limited to rights relating to the "Product ... for use with Auspex products."

6. Consistent with this language, my recollection and understanding of the agreement is that I gave Auspex the exclusive rights, including intellectual property rights, to my source code (Product) <u>for use with the Auspex box</u>, to incorporate it into the box, and to sell the box (and to sublicense my code to customers as might be necessary) for use with the Auspex box.

7. In return for the foregoing limited rights, Auspex was to have paid me a royalty on every Auspex box sold (none were) which utilized my source code.

8. In terms of products or code or inventions for use with anything other than the Auspex box, I gave Auspex nothing. The royalty compensation sections of the agreement, Sections 3.2 through 4.2, reflected this understanding, and state that I was to receive royalties based upon sales to Auspex customers.

9. I never would have agreed to permit Auspex to enforce any of my intellectual property rights, including my patent rights, or to otherwise collect license fees from persons <u>other than persons using Auspex products</u>. In the agreement, there are <u>no provisions</u> contemplating any licensing of any Product or patent rights to any person other than an Auspex customer using Auspex products. Since the agreement is silent with respect to any royalty payments being owed to me in the event of a license fee paid to any third party using any of my intellectual property for products other than Auspex products, the suggestion that Auspex could enforce patent rights of mine against persons doing things other than using Auspex products is tantamount to saying that I wanted royalties fro use with Auspex products, but was content to let Auspex have my patent rights for the vast majority of the

marketplace that was not using Auspex products. Again, to repeat, I never would have agreed to such a one-sided arrangement.

10. My intent in reaching this agreement was to give certain product and adjacent intellectual property rights to Auspex with a restrictive field of use (limited to use with Auspex products) to help Auspex enhance the desirability of its products, namely, Auspex servers (boxes).

11. I did not intend to, nor do I believe that I licensed to Auspex, either exlcusively or non-exclusively, any intellectual property rights outside the limited field of Auspex product-specific use, as described above.

12. Again, the agreement gave Auspex no rights to enforce any of my patent rights against any infringers, regardless of any field of use considerations.

13. Additionally, the agreement gave Auspex no right to sublicense any patent rights to third parties except to the extent, per Section 2.0 of the agreement, the third parties were customers and the sublicense pertained to using my work product "with Auspex products" (i.e., an Auspex server).

14. For approximately sixty (60) days after entering the agreement with Auspex, I developed prototype software as requested. I demonstrated this software to Auspex but did not give it to them. After that, Auspex never made further inquiry into my patent application(s), patents or other intellectual property rights.

15. At the time I entered into the agreement with Auspex, no claims of any of my patents had issued. My earliest patent claims were not allowed until several years later. Thus, it was not known at the time of the agreement with Auspex what the scope of any future patent claims (claims defining the legal scope of any actual patent rights) would be.

16. Auspex never made further inquiry into my patent application(s), patents or other intellectual property rights.

17. At no point in time, either before, during or after the entry into the agreement with Auspex, did anyone from Auspex ever advise me that Auspex believed that it had any right or interest in any of my intellectual property rights outside of the narrow field of use described in Section 2.0, to wit, "for use with Auspex products."

18. To the best of my recollection, the foregoing matters are true and correct and within my personal knowledge.

I Declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this _13_ day of January, 2012.

_____
William Pitts