**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MOSAID TECHNOLOGIES INC., | |
| Plaintiff, | |
| v. | C.A. No.: 11-698-GMS |
| ADOBE SYSTEMS, INC., ALCATEL-LUCENT USA, INC., INTERNATIONAL BUSINESS MACHINES CORP, JUNIPER NETWORKS, INC., RED HAT, INC., AND VMWARE, INC. | JURY TRIAL DEMANDED |
| Defendants. | |

**PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANTS'
MOTION TO SEVER OR DISMISS FOR IMPROPER JOINDER PURSUANT
TO FED. R. CIV. P. 20(a)(2) AND 21**

March 29, 2012                           BAYARD, P.A.

OF COUNSEL:                             Richard D. Kirk (rk0922)
                                        Stephen B. Brauerman (sb4952)
Steven G. Hill                          222 Delaware Avenue, Suite 900
Douglas R. Kertscher                    P.O. Box 25130
HILL, KERTSCHER & WHARTON, LLP          Wilmington, DE  19899
3350 Riverwood Parkway, Suite 800       rkirk@bayardlaw.com
Atlanta, Georgia  30339                 sbrauerman@bayardlaw.com
770.953.0995                            (302) 655-5000
                                        *Attorneys for Plaintiff Mosaid
                                        Technologies Inc.*

# **TABLE OF CONTENTS**

I.    NATURE AND STAGE OF PROCEEDINGS ..................................................... 1

II.   SUMMARY OF ARGUMENT ........................................................................ 2

III.  STATEMENT OF FACTS ............................................................................. 3

IV.  ARGUMENT .............................................................................................. 4

      A.    The Defendants are Properly Joined Under FRCP 20(a)........................ 4

           1.    Same Transaction, Occurrence, or Series of Transactions or Occurrences 5

           2.    Common Question of Law or Fact.............................................. 9

           3.    Judicial Economy...................................................................... 9

      B.    The AIA Has No Application to This Action. ..................................... 11

      C.    If Defendants are Misjoined, Severance is Appropriate, Not Dismissal. ............. 15

## TABLE OF AUTHORITIES

**Cases**

*Alford Safety Services, Inc. v. Hot-Hed, Inc.*,
  2010 WL 3418233 (E.D. La. Aug. 24, 2010) .......................................................... 9

*Barnes & Noble, Inc. v. LSI Corporation*,
  2011 U.S. Dist. LEXIS 120264 (N.D. Cal. 2011) ................................................. 17

*Collezione Europa U.S.A., Inc. v. Amini Innovation Corp.*,
  2009 U.S. Dist. LEXIS 76411 (D.N.J. 2009) ......................................................... 18

*DIRECTV, Inc. v. Barrett*,
  220 F.R.D. 630 (D. Kan. 2004) ............................................................................. 17

*DirecTV, Inc. v. Leto*,
  467 F.3d 842 (3d Cir. 2006) .................................................................................. 21

*eSpeed, Inc. v. Brokertex U.S.A., LLC*,
  2004 U.S. Dist. LEXIS 13486 (D. Del. 2004) ................................................. 10, 20

*Farina v. Nokia, Inc.*,
  625 F.3d 97 (3d Cir. 2010) .................................................................................... 19

*Fowler v. UPMC Shadyside*,
  578 F.3d 203 (3d Cir. 2009) .................................................................................. 20

*Fujitsu Ltd. v. Nanya Tech. Corp.*,
  2007 U.S. Dist. LEXIS 13132 (N.D. Ca1. 2007) ................................................... 18

*Georgia-Pacific Corp. v. U.S. Plywood Corp.*,
  318 F. Supp. 1116 (S.D.N.Y. 1970) ...................................................................... 22

*Helicos Biosciences Corp. v. Pac. Biosciences of Ca.*,
  2011 U.S. Dist. LEXIS 148009 (D. Del. Dec. 22, 2011) ................................. Passim

*Illinois Tool Works, Inc. v. Foster Grant Co.*,
  395 F. Supp. 234 (N.D. Ill. 1974) ......................................................................... 18

*Infineon Technologies v. Fairchild Semiconductor International*,
  2009 U.S. Dist. LEXIS 94736 (D. Del. Sept. 30, 2009) ................................... 15, 16

*Lucent Techs., Inc. v. Extreme Networks, Inc.*,
  C.A. No. 03-508-JJF (D. Del. Feb. 9, 2004) ......................................................... 20

*Markman v. Westview Instruments, Inc.*,
  52 F.3d 967 (Fed. Cir.) ............................................................................... 13, 14, 19

*Mymail, Ltd. v. Am. Online, Inc.,*
   223 F.R.D. 455 (E. D. Tex. 2004) ........................................................... 8

*Newfound Mgmt. Corp. v. Lewis,*
   131 F.3d 108 (3d Cir. 1997) ................................................................... 19

*Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,*
   564 F. Supp. 1358 (D. Del. 1983) ...................................................... 9, 11

*Philips Elecs. N. Am. Corp. v. Contec Corp.,*
   220 F.R.D. 415 (D. Del. 2004) .................................................... 10, 11, 20

*Safoco, Inc. v. Cameron International Corporation,*
   2009 U.S. Dist. LEXIS 128755 (S.D. Tex. 2009) ................................. 17

*Softview v. Apple,*
   2011 U.S. Dist. LEXIS 112476 (D. Del. 2011) ........................... 1, 12, 14

*Sprint Communs. Co., L.P. v. Theglobe.com, Inc.,*
   233 F.R.D. 615 (D. Kan. 2006) ............................................................ 13

*SRI Int'l, Inc. v. Internet Security Sys., Inc.,*
   2005 U.S. Dist. LEXIS 6797 (D. Del. Apr. 13, 2005) ..................... Passim

*U.S. v. Donsky,*
   825 F.2d 746 (3d Cir. 1987) ................................................................. 21

*Wacoh Co. v. Kionix Inc.,*
   2012 U.S. Dist. LEXIS 2166 (D. Del. Jan. 9, 2012) ............................. 20

**Rules**

Fed. R. Civ. P. 20(a)(2)(A) ...................................................................... 2, 7

Fed. R. Civ. P. 15(c) ................................................................................. 14

Fed. R. Civ. P. 15(c)(1) ............................................................................ 12

Fed. R. Civ. P. 20 ......................................................................... 4, 5, 7, 15

Fed. R. Civ. P. 20(a) ......................................................................... 5, 7, 9

Fed. R. Civ. P. 21 ..................................................................................... 15

Fed. R. Civ. P. 42(a) ................................................................................ 15

**Other Authorities**

7 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND
  PROCEDURE § 1653 (3d ed. 2001) ........................................................................................... 13

Leahy-Smith America Invents Act ................................................................. 2, 3, 11, 12, 14, 15

Manual of Patent Examining Procedure § 2701 ......................................................................... 17

## I.    NATURE AND STAGE OF PROCEEDINGS

Plaintiff MOSAID Technologies, Inc. ("MOSAID" or "Plaintiff") filed the original complaint against the present Defendants on August 9, 2011.  Plaintiff subsequently filed a First Amended Complaint accusing each of the Defendants of using comparable network caching technologies to infringe U.S. Patent No. 5,892,914 (the "'914 Patent").  Before any defendant responded to the First Amended Complaint, MOSAID repeatedly asked the Defendants to consent to leave for MOSAID to file the Second Amended Complaint to accuse these same network caching technologies of infringing other patents that are related to the '914 Patent. When Defendants did not consent, Plaintiff then filed a motion for leave to file a second amended complaint.  (D.I. No. 39).   In their opposition (filed in December 2011), Defendants[1] raised many of the same arguments that they now re-assert in the present motion.  (D.I. No. 65).[2]

Defendants do not attempt to deny the inefficiencies – added cost, added consumption of judicial resources, added inconvenience to witnesses, and the risk of inconsistent results – of six separate lawsuits that would result if the Court grants Movant's motion to sever or dismiss.  To forestall these and other inefficiencies, the Court should defer any severance considerations until trial.  *See Softview v. Apple*, 2011 U.S. Dist. LEXIS 112476, *2 (D. Del. Sept. 30, 2011) (noting that the propriety of separate trials was premature and could be determined later).  MOSAID submits that in the interests of fairness and judicial economy, denial of the pending motion is

---

[1]  Defendant IBM opposed Plaintiff's Motion for Leave to File a Second Amended Complaint, but has not joined in the present Motion.

[2]  Movants offer no reason for their eighty day delay in bringing the instant motion, given the references to it in their earlier filings.  (*See* D.I. Nos. 54, at 3 (Juniper's December 23, 2011 motion to dismiss, stating that "Juniper therefore joins in the concurrently filed joint motion to sever and dismiss. . . .") and 43, at 5 n.4 (VMware's December 23, 2011 motion to dismiss, stating that "Defendants' Motion to Sever Claims for Improper Joinder, filed December 23, 2011, more fully addresses this issue").

warranted, without prejudice to each Defendant's right to seek to sever for a separate trial after discovery.

## II.      SUMMARY OF ARGUMENT

1.      Plaintiff's patent infringement claims against six defendants using and selling similar technology and accused of infringing related patents are properly joined under Rule 20. *See Helicos Biosciences Corp. v. Pac. Biosciences of Ca.*, 2011 U.S. Dist. LEXIS 148009, at *7-*8 (D. Del. Dec. 22, 2011) (Robinson, J.); *SRI Int'l, Inc. v. Internet Security Sys., Inc.,* 2005 U.S. Dist. LEXIS 6797, at *11-*12 (D. Del. Apr. 13, 2005) (Robinson, J.) (*rev'd on other grounds in SRI Int'l, Inc. v. Internet Sec. Sys.*, 511 F.3d 1186 (Fed. Cir. 2008)).

2.      Plaintiff has alleged that the Defendants' products each have similar technology and similar elements.  (Complaint, D.I. No. 1, Par. 16; Amended Complaint, D.I. No. 16, Par. 27-28.)  While Defendants' claim (without support) that their systems are all "distinct," this self-serving statement of counsel is not sufficient to rebut Plaintiff's pleadings.  Here, Defendants urge this Court rule erroneously that joinder can <u>only</u> be had when Defendants conspired, acted jointly, or acted in concert with the other Defendants.  But Defendants' contention is contrary to the express language of Rule 20, which permits defendants to be properly joined if, "any right to relief is asserted against them jointly, severally, <u>or in the alternative</u> with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A) (emphasis added).  This Court should not depart from its prior decisions in *Helicos* and *SRI Int'l, Inc.* where joinder was deemed proper absent any allegation that the defendants acted in concert and should refuse to adopt Defendants' requirement that a plaintiff plead that the defendants acted in concert.

3.    The Leahy-Smith America Invents Act ("AIA") has no application to this case. Plaintiff filed this action on August 9, 2011; by its terms, the AIA only applies to actions "commenced" after September 16, 2011.  Notwithstanding, Defendants assert that the AIA's provision regarding the joinder of multiple defendants in one action should apply because Plaintiff's Complaint was amended subsequent to the AIA's effective date.  This argument must fail because MOSAID did not "commence" a new action with the filing of the First Amended Complaint, and moreover First Amended Complaint (involving the same parties) relates back to the date of the original Complaint.

4.    If this Court finds misjoinder, severance is the appropriate remedy rather than dismissal.  Numerous courts within this District have opted for severance over dismissal, especially where, as here, dismissal would be highly prejudicial to MOSAID.  Accordingly, on these facts, dismissal, and not severance, is the appropriate remedy for the alleged misjoinder.

## III.    STATEMENT OF FACTS

All Defendants are Delaware corporations.  (D.I. No. 1, Par. 2-8).  All the accused products involve server caching technologies.  While the Defendants' systems differ in name, their structure and function are substantially similar, as evidenced by the fact that they are alleged to infringe the same or similar patent claims.[3]  Plaintiff alleged that each accused system is (1) one or more servers (2) able to store information, (3) perform the process of projecting an image of a stored dataset from one network distributed cache site to another in response to a

---

[3] As noted throughout this Brief, the patents-in-suit are each related, sharing a common invention disclosure (specification).  Admittedly, the patent claims are not identical across the patents, but they nonetheless have overlapping subject matter, namely, accessing cached data in a network by passing requests and data within interconnected network nodes.  Defendants' argue that the Court can hear the '914 Patent claims presented in the original complaint, but ought not also hear as part of the same proceedings the inter-related claims for infringement of the related patents asserted in the Second Amended Complaint.

request to access such dataset from a client site, and (4) operate as part of a data storage network including one or more devices disposed in a pathway between a destination node and a data source, wherein the destination node is operable to request a data file from the data source by directing a request for a data file along the pathway.  (D.I. No. 1, Par 16).  No contrary evidence or pleadings exist in the record.

Thus, the same conduct that is alleged to give rise to the originally-asserted causes of action – the making, use and sale of the allegedly comparable Adobe Flash Memory Server, Alcatel Velocix Digital Media Delivery Platform, IBM Websphere, Juniper Media Flow and VMware vFabric Gemfire Platform – is the very same conduct that is alleged to give rise to the infringement of these additional patents – patents which are related to the '914 Patent which was alleged in the first amended complaint.

Accordingly, the record before the Court shows that the infringing systems and related methods of operation involve similar technology and similar elements.  As such, common sense and decisional law provide that determining infringement in a consolidated proceeding (at least through claim construction and related discovery over patent infringement and patent validity) is preferable to splitting this case into six separate proceedings at this early juncture.  If the Court believes there is any misjoinder, the Court can always sever the Defendants at some later point in time prior to trial.

## IV.     ARGUMENT

### A.     The Defendants are Properly Joined Under FRCP 20(a)

Fed. R. Civ. P. 20 establishes a two-pronged test to determine the appropriateness of joinder:   (1) common transaction(s) and occurrence(s) and (2) common questions of law and fact.  As to the first prong, Defendants articulate the wrong standard for determining this prong

and ignore recent case law from this District. As to the second prong, Defendants do not address this prong, tacitly conceding that it does not support the instant motion. Further, this Court should exercise its discretion to deny Defendants' motion for reasons of judicial economy, thus avoiding the inefficiencies inherent in multiple claim construction proceedings and duplicative discovery on common issues.

The parties dispute whether Defendants' alleged infringement arises from the "same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a). As the Defendants concede, other district courts are split over whether a common transaction or occurrence exists on facts such as these. Nevertheless, the recent case law within this District holds that otherwise unrelated defendants whose similar products are accused of infringing the same patents may be properly joined under Rule 20. *See Helicos Biosciences Corp.*, 2011 U.S. Dist. LEXIS 148009, at *7-*8; *SRI Int'l, Inc.,* 2005 U.S. Dist. LEXIS 6797, at *11-*12. Because both prongs of the joinder test are therefore satisfied, the Court should deny Defendants' Motion.

**1.    Same Transaction, Occurrence, or Series of Transactions or Occurrences**

Defendants' infringement arises out of the same transaction, occurrence and/or series of transactions or occurrences.[4] This District has found that infringement arises from a common transaction or occurrence when the defendants' accused products share "fundamental elements." *Helicos Biosciences Corp.*, 2011 U.S. Dist. LEXIS 148009 at *7-*8; *see also SRI Int'l, Inc.,* 2005 U.S. Dist. LEXIS 6797 at *11-*12. Contrary to Defendants' assertion, joinder is not prohibited simply because Defendants are not accused of acting in concert. Because the Defendants' products implicate a common technology having comparable elements and

---

[4] Although Plaintiffs have not pled that Defendants are jointly and severally liable, Defendants' discussion of the import of joint and several liability is misplaced, given that joint and several liability is <u>not</u> the exclusive criteria for joinder under Rule 20.

functionality, which is accused of infringing the same patent claims, the infringement arises from the same series of transactions or occurrences.

This Court previously endorsed the above approach and denied a motion to sever. *See SRI Int'l, Inc.,* 2005 U.S. Dist. LEXIS 6797 at *11-*12.   There, defendants IIS-DE and Symatec developed and sold distinctly accused products that were related to computer network protection systems.   *Id.*   This Court did <u>not</u> apply what the Defendants now call the "majority rule." Instead, it found that there were a common series of transactions and occurrences because the infringement claims against both defendants were made under common patents and the accused products involved the similar technology.[5] *Id.*

Additionally, last year, this Court denied a motion to sever filed by co-defendants in a patent case, finding that there were common transactions or occurrences because their respective accused products, although competitive with each other, shared fundamentally common characteristics.   *Helicos Biosciences Corp.*, 2011 U.S. Dist. LEXIS 148009 at *7-*8.   When distinct products sharing fundamental elements are each accused of infringing the same patents, joinder is proper in this district.

The First Amended Complaint accused products of each of the Defendants of infringing the '914 patent.  (D.I. No. 16.)[6]  The Defendants' products differ in name, but their structure and function are substantially similar, for reasons indicated *supra* at 6-7.   Accordingly, the record

---

[5] The Court, in *SRI Int'l, Inc.,* actually refers to the accused products as the "same technology" even though each of the accused products were separately manufactured by different entities and sold under different names.  *See SRI Int'l, Inc.,* 2005 U.S. Dist. LEXIS 6797 at *11-*12.

[6] Although each of the four patents in the pending Second Amended Complaint is not raised against each of the six Defendants, joinder is still proper.  *See SRI Int'l, Inc.,* 2005 U.S. Dist. LEXIS 6797 at *11 (finding joinder proper where only two patents were asserted against one defendant and four against the other).

before the Court shows that the accused products are sufficiently similar that joinder is permitted under Fed. R. Civ. P. 20(a).

Defendants ignore this Court's recent decisions in *SRI Int'l, Inc.* and *Helicos*.  Defendants also ignore that other districts have held that patent infringement arises from the same transaction or occurrence when the accused products share similar traits in relation to the same asserted patents.  For example, the Eastern District of Texas refused to construe transaction or occurrence in a "hypertechnical" manner that "fails to recognize the realities of complex, and particularly patent, litigation." *Mymail, Ltd. v. Am. Online, Inc.*, 223 F.R.D. 455, 457 (E. D. Tex. 2004).  Given the complexities of patent litigation, the *MyMail* Court held that to satisfy the same transaction or occurrence requirement, there only needs to be "some connection or logical relationship between the various transactions or occurrences." *Id.* at 456.

Another district found that there is "no strict rule for determining what constitutes the same occurrence or series of transactions or occurrences for purposes of Rule 20(a)." *See Alford Safety Services, Inc. v. Hot-Hed, Inc.*, 2010 WL 3418233, at *9 (E.D. La. Aug. 24, 2010).

Defendants erroneously urge that the "majority" rule <u>prohibits</u> joinder of unrelated defendants in a patent infringement case where there is no allegation that the defendants acted in concert.  (D.I. No. 88, at 9.)  But Defendants' contention is contrary to the express language of Rule 20.  Instead, Rule 20 permits defendants to be properly joined if, "any right to relief is asserted against them jointly, severally, <u>or in the alternative</u> with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences."  Fed. R. Civ. P. 20(a)(2)(A) (emphasis added).  Defendants' interpretation, if adopted, would moot the latter half of Rule 20.  Rather than adopt this improper interpretation of Rule 20, the Court should embrace

the prior decisions in *Helicos* and *SRI Int'l, Inc.*, where joinder was deemed proper absent any allegation that the defendants acted in concert.

Furthermore, the older Delaware cases (1983 and 2004) relied upon by Defendants are distinguishable. Tellingly, Defendants' cases fail to address whether the similarity of the products should influence the court's determination of a common transaction or occurrence. *See Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 564 F. Supp. 1358, 1371 (D. Del. 1983) ("there is no allegation that the acts of infringement are connected in any manner."); *Philips Elecs. N. Am. Corp. v. Contec Corp.*, 220 F.R.D. 415, 417 (D. Del. 2004) (noting that the defendants committed "different acts"); *eSpeed, Inc. v. Brokertex U.S.A., LLC*, 2004 U.S. Dist. LEXIS 13486, at *10 n.9 (D. Del. 2004) (the *dicta* cited by Defendants in a footnote refers to "different machines"). As explained above, only this Court's later decisions such as *Helicos* and *SRI Int'l, Inc*. address in detail the issue of whether a suit premised upon the similar technology of separate defendants that share fundamental elements in common, each of which is relevant to infringement of a common patent, is a suit based upon a series of common transactions or occurrences. This analysis is simply absent from the older cases upon which Defendant now relies.

There are other reasons why the cases relied upon by the Defendants are flawed. For example, in *Philips*, contrary to the instant action, the Defendants filed their motion to sever when the case was only one month from trial. *See Philips Elecs. N. Am. Corp.*, 220 F.R.D. at 417. The instant case is still in its infancy, as discovery and claim construction have yet to be decided. Further, in *Philips*, one defendant would have been prejudiced by joinder because the other co-defendant stated to the Court that it did not plan to assert its own defense. *Id.* at 418.

Here, Defendants' have not attempted to show any prejudice resulting from joinder in one action, at least through discovery and claim construction.

Likewise, the *Paine* case is distinguishable because it also involved a different procedural posture.  *Paine* was a declaratory judgment action where the defendant patent holder sought leave to file a third party complaint.  *Paine, Webber*, 564 F. Supp. at 1360-61.  In the present case, the Plaintiff's chose at the outset to combine the Defendants in one action for purposes of judicial economy.

### 2.     Common Question of Law or Fact

The non-binding, non-final rulings of other districts in earlier cases relating to different parties do <u>not</u> eliminate the common issues such as those concerning patent ownership, standing, validity, claim construction, and the definition of a person of ordinary skill in the part.  Rule 20(a) only requires that there be "**<u>any</u>** question of law or fact common to all defendants," (emphasis added), and that requirement is clearly met.  Defendants' silence on this prong is not only instructive of the fact that the second prong of the joinder test is satisfied, but the number of common issues of law and fact illuminates just how much the interests of judicial economy are served by joinder in the instant case.

### 3.     Judicial Economy

This Court should exercise its discretion to deny Defendants' motion because the interest of judicial economy is served by joinder.  *See Softview LLC*, 2011 U.S. Dist. LEXIS 112476, at *2 (considering judicial economy when denying defendants' objections to joinder).

Currently, five similar motions to dismiss for failure to state a claim are pending before this Court. (D.I. Nos. 42, 48, 50, 53, 57.)  These motions present an immediate example of the

benefits of joinder.  Because Defendants are presently joined in a single action, only one court must evaluate the merits of the issue.

Once the motions are resolved and Defendants file their answers, it is standard practice that each will assert an invalidity defense that will require this Court to determine, among other things, the date of conception and reduction to practice, the relevance of prior art and the level of ordinary skill in the art. It would be an inefficient use of judicial resources for this or any other court to perform all of these tasks six times, once for each defendant.  *SRI Int'l, Inc.*, 2005 U.S. Dist. LEXIS 6797, at *12.  The invalidity defense is only one of the many defenses that the six defendants are likely to assert in common.

Also, this Court will need to construe the asserted claims of the patents-in-suit.  *See Markman v. Westview Instruments, Inc.*, 52 F.3d 967 (Fed. Cir.) (*en banc*), *aff'd*, 517 U.S. 970 (1996).  Plaintiff asserted one patent in its First Amended Complaint (D.I. No. 16) and four patents in its proposed Second Amended Complaint (D.I. No. 33).  All of the patents apply to server caching technology.  This District has recognized that patents over the same technology often give rise to the same questions of law and fact such as the same prior art references, same level of ordinary skill in the art.  *See SRI Int'l, Inc.*, 2005 U.S. Dist. LEXIS 6797 at *11-*12.  Holding six different *Markman* proceedings is not only inefficient, it increases the risk of conflicting decisions on issues fundamental to the disposition of the litigation.

Likewise, breaking this case into six different actions for discovery purposes will create extensive inefficiencies.  For example, instead of deposing a witness once for an extended amount of time, if this action is split six ways at this time, critical witnesses (e.g., the inventor) will need to be deposed by six different parties on six separate occasions.  Witnesses should not be deposed more than once on identical issues.  Thus, to the extent that there are common issues

here, joinder presents clear efficiencies to be achieved on behalf of all parties.  *See Sprint Communs. Co., L.P. v. Theglobe.com, Inc.*, 233 F.R.D. 615, 617-18 (D. Kan. 2006).

At this stage of the litigation, the Court should not conclude that any prejudice to Defendants will outweigh the judicial economy of continuing joinder.  Although collateral issues relating to infringement and damages may arise much farther down the road, discussion of these hypothetical concerns is presently premature.  Should they eventually ripen into legitimate points of concern, the Court can limit access to each Defendant's confidential information via protective order, and may also sever the action after fact discovery and claim construction.  *See Softview*, 2011 U.S. Dist. LEXIS 112476, at *2 (granting a motion for leave to amend to add a party and noting that the propriety of separate trials was premature and could be determined later).

Finally, this Court should give no weight to the Defendants' generic arguments, which if taken to their logical conclusion would naturally prevent multi-defendant litigation altogether.  *See Helicos Biosciences Corp.*, 2011 U.S. Dist. LEXIS 148009 at *8-*9, n.4 (rejecting defendants arguments because, "[i]f the latter were persuasive, however, the court would never hear a patent case involving more than one defendant – a result the court's limited judicial resources cannot permit.").  Additionally, the cost to the judicial system in having to decide six separate *Markman* proceedings, along with six separate sets of rulings on other common questions of law and fact, far outweighs any lost filing fees.

**B.     The AIA Has No Application to This Action.**

Plaintiff filed this action on August 9, 2011.  By its terms, the Leahy-Smith America Invents Act ("AIA") only applies to actions "commenced" after September 16, 2011. Notwithstanding this, Defendants assert that the AIA's anti-joinder provision should apply

because Plaintiff's Complaint was amended after the AIA's effective date.  Of course, the First Amended Complaint relates back to the date of the original Complaint, as its claims arose out of the same conduct, transaction or occurrence as those of the Complaint.

Rule 15(c)(1) of the Federal Rules of Civil Procedure provides:  "An amendment to a pleading relates back to the date of the original pleading when: . . . (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading."  In this case, the same conduct that is alleged to give rise to the originally asserted causes of action – the Defendants' making, use and sale of Adobe Flash Memory Server, Alcatel Velocix Digital Media Delivery Platform, IBM Websphere, Juniper Media Flow and VMware vFabric Gemfire Platform – is the very same conduct that is alleged to give rise to infringement in the First Amended Complaint.  The only substantive distinction between the two complaints is that the original one asserted the '241 patent against each Defendant and the '914 patent against Defendant Red Hat, while the Amended Complaint asserted the '914 patent against each Defendant.  The '241 and '914 patents are part of the same patent family.[7]  Both patents share a common invention disclosure wherein each describes identical technology.

Suing over identical products and interrelated patents meets the "claim …that arose out of the conduct, transaction, or occurrence…set out …in the original pleading" language of Fed. R. Civ. P. 15(c)(1).  For example, in *Infineon Technologies v. Fairchild Semiconductor International*, 2009 U.S. Dist. LEXIS 94736 (D. Del. Sept. 30, 2009) (Stark, J.), Infineon filed a complaint in Delaware for infringement of five of its patents and for declaratory judgment as to invalidity of six of Fairchild's patents.  Fairchild then filed an infringement action against

---

[7]  Specifically, the '241 patent is a continuation of a divisional of the '914 patent.  (*See* Complaint, Ex. A, at 26.)

Infineon in Maine for two patents not named in the Delaware case.  Infineon filed a motion for leave to amend its Delaware Complaint to assert the two patents Infineon raised in the Maine action.

In granting the motion for leave to amend, Judge Stark noted that generally the Court that first has possession of the subject matter must decide it, and concluded that Delaware first had possession of a dispute that was broad enough to include the contentions regarding the Maine patents.  He also observed "the standard in this Circuit for determining whether two suits are one for purposes of the first-filed rule is whether they involve the <u>same facts or issues</u>." *Infineon*, 2009 U.S. Dist. LEXIS 94736, at *19 (emphasis added).  The Court held that the Maine and Delaware patents all involved a particular type of transistor, the MOSFET, and noted that Infineon had identified multiple points of commonality among the patents' subject matter, where the same accused products were involved.  *Id*. at 17-21.

Consistent with Judge Stark's ruling in *Infineon*, other courts have held that the word "transaction" in the Federal Rules "is a word of flexible meaning.  It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship."  *DIRECTV, Inc. v. Barrett, 220 F.R.D.* 630, 631 (D. Kan. 2004) (quoting *Mosley v. Gen. Motors Corp.,* 497 F.2d 1330, 1333 (8th Cir. 1974)).  For example, the "language in a number of decisions suggests that the courts are inclined to find that claims arise out of the same transaction or occurrence when the likelihood of <u>overlapping proof and duplication in testimony</u> indicates that separate trials would result in delay, inconvenience, and added expense to the parties and to the court."  7 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1653 (3d ed. 2001) (emphasis added).

*See also Safoco, Inc. v. Cameron International Corporation,* 2009 U.S. Dist. LEXIS 128755, at *19 (S.D. Tex. 2009) (holding that the determining factors regarding whether an amended complaint asserting a new patent relates back to the filing of the original complaint is "1) whether the infringement allegations of the original and amended pleadings share operative facts in terms of the products accused; and 2) whether the original and newly raised patents are similar in terms of technology, ancestry, and claims."); *Barnes & Noble, Inc. v. LSI Corporation*, 2011 U.S. Dist. LEXIS 120264 (N.D. Cal. 2011) (finding that an amended complaint that alleged the same accused devices and different patents with similar technology was "sufficient for relation back" under Rule 15(c)).

The case upon which Defendants principally rely, *Illinois Tool Works, Inc. v. Foster Grant Co.*, 395 F. Supp. 234, 250-51 (N.D. Ill. 1974), *aff'd,* 547 F.2d 1300 (7th Cir. 1976), is an "outdated out-of-circuit case," which is not precedential. *Fujitsu Ltd. v. Nanya Tech. Corp.*, 2007 U.S. Dist. LEXIS 13132, at *8 (N.D. Ca1. 2007) (calling *Illinois Tool* "outdated and out-of-circuit," and refusing to follow it where the alleged conduct at issue was the same for both the original claim and the newly asserted claim); *see also Collezione Europa U.S.A., Inc. v. Amini Innovation Corp.*, 2009 U.S. Dist. LEXIS 76411, at *10-12 (D.N.J. 2009) (another Court in this circuit suggesting that relation back would apply in the context of related products and related copyrights, and characterizing the opinion in *Illinois Tool* as a more restrictive view of the law).

None of these Defendants were brought into this case for the first time after the effective date of the AIA. "A party brought into court by an amendment, and who has, for the first time, an opportunity to make defense to the action, has a right to treat the proceeding, as to him, as commenced by the process which brings him into court." *Farina v. Nokia, Inc.*, 625 F.3d 97,

111 (3d Cir. 2010) (emphasis added).  The original complaint brought each of these defendants into the action prior to passage of the AIA.

### C.    If Defendants are Misjoined, Severance is Appropriate, Not Dismissal.

Defendants argue that dismissal without prejudice of all Defendants except Red Hat is appropriate, and propose severance only in the alternative.  However, should this Court find any misjoinder, <u>severance</u> is the appropriate remedy for a number of reasons: (1) it is a viable option under Rule 21; (2) numerous courts within this District have chosen severance over dismissal in similar circumstances; and (3) dismissal without prejudice would be highly prejudicial to MOSAID, rendering such action improper under Rule 21.[8]

First, Fed. R. Civ. P. 21 provides: "Misjoinder of parties is not a ground for dismissing an action.  On motion or on its own, the court may at any time, ***on just terms***, add or drop a party. ***The court may also sever any claim against a party***." (emphasis added).  The plain language of Rule 21 provides that a court may *either* dismiss a misjoined party without prejudice (where such dismissal is just) *or* sever a claim against such party.  Thus, contrary to Defendants' suggestion, misjoinder does not translate into a dismissal of claims.

Second, as shown in the cases cited by Defendants in the Rule 20 portion of their brief, district courts routinely sever claims against misjoined defendants, rather than dismiss such claims.  *See, e.g., Philips Elecs. N. Am. Corp. v. Contec Corp.*, 220 F.R.D. 415, 418 (D. Del. 2004) (Jordan, J.) (ordering separate trials due to improper joinder); *Lucent Techs., Inc. v.*

---

[8]  If the Court severs these Defendants, MOSAID requests that the Court consolidate the actions for purposes of discovery and claim construction pursuant to Fed. R. Civ. P. 42(a), "as a matter of convenience and economy in administration."  *Newfound Mgmt. Corp. v. Lewis*, 131 F.3d 108, 116 (3d Cir. 1997) (quotation omitted).  As the claims against these Defendants involve common questions of law and fact, consolidation is appropriate to maximize judicial efficiency.  Absent consolidation, there is a significant risk of multiple actions on the same patents, each such action with its own discovery track, claim construction, and *Markman* hearing, possibly resulting in conflicting constructions of the same claim terms.

*Extreme Networks, Inc.*, C.A. No. 03-508-JJF (D. Del. Feb. 9, 2004) (severing misjoined defendants); *Wacoh Co. v. Kionix Inc.*, 2012 U.S. Dist. LEXIS 2166, at *5-6 (D. Del. Jan. 9, 2012) ("When a party is misjoined, the remedy is not dismissal. Instead, the case against the misjoined defendant . . . should be severed.") (citation omitted).  In fact, as noted by this Court, "[m]otions to sever are routinely granted when parties are improperly joined in an action." *eSpeed, Inc. v. BrokerTec USA, L.L.C.*, 2004 U.S. Dist. LEXIS 13486, at *7 (D. Del. June 15, 2004).  By severing a claim under Rule 21, "the suit simply continues against the defendant in another guise." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 209 n.5 (3d Cir. 2009).  Thus, even without considering whether it would be "just" to dismiss rather than sever claims, it is nevertheless appropriate for a court to sever as a remedy to misjoinder.

Third, dismissal would prejudice MOSAID under the unique circumstances presented here.  Generally, whether to grant severance is left to the discretion of the trial court.  *See U.S. v. Donsky*, 825 F.2d 746, 754 (3d Cir. 1987) (citation omitted).  However, "[w]hile district judges have discretion to remedy misjoinders either by severing claims or dismissing them without prejudice, that discretion, while accorded a wide fairway, ventures into unplayable rough when it prejudices substantial rights." *DirecTV, Inc. v. Leto*, 467 F.3d 842, 844 (3d Cir. 2006) (finding that it "would have been improper for the [district court] to choose dismissal instead [of severance], as this misjoinder remedy would have imposed adverse statute-of-limitations consequences on [plaintiff]").  That is, dismissing a defendant is only an appropriate measure under Rule 21 if it is "just", meaning that "doing so will not prejudice any substantial right." *Id.* (quoting *Sabolsky v. Budzanoski*, 457 F.2d 1245, 1249 (3d Cir. 1972)).

Here, dismissal without prejudice would result in judicial inefficiency, considerable cost to the parties, and a significant delay in resolution of MOSAID's actions against these

Defendants.   A race to the courthouse would ensue, whereupon Defendants would no doubt file declaratory judgment actions in each of their preferred venues, even as MOSAID would simultaneously re-file five new actions in this district.[9]   The parties and the various courts would doubtless be required to wade through oft-duplicative motions to rule on common questions of law and fact affecting the asserted patents, resulting in a waste of time and resources.

Importantly, any dismissal, if ordered, would result in substantial delays, to the extent that cases against all but one Defendant would effectively be re-started.   By the time this motion is fully briefed and ruled on, this Court will have already addressed multiple substantive and procedural issues and have taken substantial steps to move the case forward.   These previous rulings could be rendered moot with respect to any Defendant that is dismissed.   By contrast, severance of the case or denial of the pending motion would not require the parties to start over again, and would allow the cases to proceed without any additional delay to the parties.

The avoidance of undue delay in the process cannot be understated, for dismissal of five lawsuits here would prejudice MOSAID's substantial rights as patent owner.   Patent rights do not last forever, and here, there is a looming expiration of many of the patents-in-suit.[10]   In light of the current briefing schedule, the Court may not issue a ruling on the pending motion until after the expiration of at least three of the five patents-in-suit.   A delay associated with a dismissal would prejudice all of MOSAID's property rights (not just in those patents that are about to expire), to the extent other infringers are less likely to license the patents-in-suit while

---

[9]   As the Court is aware, Juniper Networks has already filed a declaratory judgment action of its own in the Northern District of California.   Judge Hamilton granted MOSAID's motion to transfer the declaratory judgment action to this Court, expressing confidence that the pending motion for leave to file the Second Amended Complaint will be granted due in part to the relatively early stage of these proceedings.   (D.I. No. 89.)

[10]   Pursuant to Manual of Patent Examining Procedure § 2701, U.S. Patent Nos. 5,892,914, 6,205,475 and 6,026,452 expire June 3, 2012, U.S. Patent No. 6,804,706 expires October 7, 2012, and U.S. Patent No. 5,611,049 expires March 11, 2014.

litigation remains unresolved.   Moreover, as the remaining life on each patent dwindles, MOSAID's ability to obtain a fair and reasonable royalty is adversely affected.   *See Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970) (duration of the patent one of the factors used to determine compensation for patent infringement).

The Court should deny Defendants' request for dismissal without prejudice, instead of severance, to avoid imposing an undue burden MOSAID in terms of additional delays in the litigation of its claims.   Severance presents less of a burden to MOSAID's rights, while at the same time promoting judicial efficiency and reducing the risk of potentially conflicting outcomes on the same patents.   Consequently, if the Court decides that the joinder is erroneous in this case, MOSAID submits that the proper remedy is severance of the Defendants after claim construction and discovery conclude.

March 29, 2012

OF COUNSEL:

Steven G. Hill
Douglas R. Kertscher
HILL, KERTSCHER & WHARTON, LLP
3350 Riverwood Parkway, Suite 800
Atlanta, Georgia  30339
770.953.0995

BAYARD, P.A.

 */s/ Stephen B. Brauerman*
Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
(302) 655-5000

*Attorneys for Plaintiff Mosaid
Technologies Inc.*